## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (JTD) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 24-50013 (JTD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMSHAFT CAPITAL FUND, LP, | ) | **Ref. Docket No. 31** |
| CAMSHAFT CAPITAL ADVISORS, LLC, | ) | |
| CAMSHAFT CAPITAL MANAGEMENT, LLC, | ) | |
| RIJU RAVINDRAN, AND INSPILEARN LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF REVISED PROPOSED TRO ORDER

**PLEASE TAKE NOTICE** that, on February 28, 2024, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Motion for Temporary Restraining Order* [Adv. Docket No. 31] (the "TRO Motion"). A proposed form of order approving the TRO Motion was attached to the TRO Motion as Exhibit A (the "Initial Proposed TRO Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtor has revised the Initial Proposed TRO Order (the "Revised Proposed TRO Order"). A copy of the Revised Proposed TRO Order is attached hereto as **Exhibit A**. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed TRO Order against the Initial Proposed TRO Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the TRO Motion will be held on **March 6, 2024 at 3:00 p.m. (ET)** before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th floor, Courtroom No. 5, Wilmington, Delaware 19801.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this chapter 11 case is: 1007 N. Market St. Ste. G20 452, Wilmington, Delaware 19801.

31391652.1

| | |
|---|---|
| Dated: March 6, 2024<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Jared W. Kochenash*<br>Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani (admitted *pro hac vice*)<br>Benjamin Finestone (admitted *pro hac vice*)<br>Daniel Holzman (admitted *pro hac vice*)<br>Jianjian Ye (admitted *pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel.: (212) 849 7000<br>susheelkirpalani@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>danielholzman@quinnemanuel.com<br>jianjianye@quinnemanuel.com<br><br>*Counsel for the Debtor* |

# EXHIBIT A

**Revised TRO Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (JTD) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. Case No. 24-50013 (JTD) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMSHAFT CAPITAL FUND, LP, | ) |
| CAMSHAFT CAPITAL ADVISORS, LLC, | ) |
| CAMSHAFT CAPITAL MANAGEMENT, LLC, | ) |
| RIJU RAVINDRAN, and INSPILEARN LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING
DEBTOR'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Upon consideration of the *Debtor's Motion for Temporary Restraining Order* (the "Motion") filed by BYJU's Alpha, Inc. (the "Debtor"), the debtor and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"); and the Court having reviewed the Motion, the *Debtor's Brief in Support of Motion for Temporary Restraining Order* (the "Brief");[2] and the Court having held a hearing on the Motion on March [ ], 2024 (the "Hearing"); and the Court having consider all evidence and argument presented at the Hearing and all matters of record in the Adversary Proceeding and the above-captioned bankruptcy case; the Court finds and concludes as follows:

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms not otherwise defined in this order shall have the meaning given to them in the Motion.

31367474.2

A.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is core proceeding under 28 U.S.C. § 157(b).

B.  Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

C.  Notice of the Motion was sufficient under the circumstances.

D.  The legal and factual bases set forth in the Motion, the Brief, the evidence in support of the Motion, and at the Hearing establish just cause for the relief granted herein.

Accordingly, and for the reasons stated on the record at the Hearing, it is hereby ORDERED THAT:

1. Defendants Riju Ravindran and Inspilearn LLC ("Inspilearn"), and any of such parties' officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with the foregoing, including Think & Learn Private Limited, its chief executive officer, three board members, and all of its subsidiaries (collectively the "Enjoined Parties"), shall within two (2) business days of entry of this Order cause (i) the funds transferred to a non-U.S. trust on behalf of Inspilearn (the "Inspilearn Trust") on or about February 1, 2024, (ii) the funds that were purportedly subsequently transferred to a "non-US based 100% subsidiary of BYJU'S" (the "Second Postpetition Transfer" to the "Second Postpetition Transferee"), and (ii) any other funds that derive from the approximately $533,000,100.00 in aggregate funds transferred from the Debtor to Camshaft Capital Fund, LP in April and July 2022, along with any associated accrued interest, in each case ((i), (ii), and (iii) collectively, the "Alpha Funds"), to be deposited into the registry of the Court and to remain there pending further Court order. In the event the Alpha Funds have been converted to any securities, the Enjoined Parties shall within two (2) business days of entry of this Order deposit such securities with a nationally-recognized brokerage firm approved by the Debtor and the U.S. Trustee. Timothy Pohl, in his capacity as the Debtor's

31367474.2

2

sole director and officer, shall be given exclusive control over such account, provided that, Mr. Pohl shall not make any transactions from such account absent further order of the Court.

2. Defendants Riju Ravindran and Inspilearn shall provide a copy of this Order with the rest of the Enjoined Parties without delay.

3. On the same day that the Alpha Funds are deposited into the registry of the Court, counsel for each of Ravindran and Inspilearn shall file in the Adversary Proceeding a certification of counsel attesting to the compliance of Ravindran or Inspilearn with Section 1 of this Order.

4. In the event the Enjoined Parties fail to comply with Section 1 of this Order, the Court shall hold a show cause hearing on _____ __, 2024, at __:__ _.m. (Eastern time). Representatives on behalf of all Defendants, including Mr. Ravindran and William Cameron Morton, shall be required to appear in-person.

5. Until further order of the Court, all Defendants and the Enjoined Parties shall be enjoined from taking any steps to transfer, exchange, convert, dissipate, or otherwise move the Alpha Funds, or otherwise modify any rights related to the Alpha Funds.

6. This Order shall promptly be filed in the Clerk's office and entered in the record. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

7. The Court shall hold a hearing on _____ __, 2024, at __:__ _.m. (Eastern time) to consider the entry of a preliminary injunction in connection with the Motion (the "PI Hearing"). Objections to the Motion shall be filed and served no later than three (3) business days prior to the PI Hearing. Replies may be filed by __:__ _.m. (Eastern time) one (1) business day prior to the PI Hearing.

8.      No later than six (6) business days prior to the PI Hearing, Defendants shall produce on a rolling basis all documents and communications in their possession, custody, or control concerning: (i) the March 1, 2023 transfer from the Debtor to Inspilearn, (ii) the February 1, 2024 transfer and subsequent redemption from Inspilearn to the Inspilearn Trust, (iii) the Second Postpetition Transfer, (iv) the assets (whether cash or cash equivalents, securities, loans, derivatives, or otherwise) either transferred to or redeemed by the Inspilearn Trust (whether in cash, in kind, or through liquidating accounts, participation notes, derivative instruments, or similar structures) on or about February 1, 2024 or that were the subject of the Second Postpetition Transfer, (iv) the identity, location, domicile, structure, management, governance, ownership, settlors, trustees, and beneficiaries of the Inspilearn Trust and the Second Postpetition Transferee, (v) the Camshaft Fund valuation policies and procedures applicable to such assets at the time of the transfer and redemption, and (vi) all transactions made by the Inspilearn Trust and the Second Postpetition Transferee on or after February 1, 2024.  Additionally, no later than six (6) business days prior to the PI Hearing, Defendants shall provide a line-item accounting of all assets (whether cash or cash equivalents, securities, loans, derivatives, or otherwise) and associated liabilities and reserves (if any) redeemed by the Inspilearn Trust and the Second Postpetition Transferee on or after February 1, 2024, together with any holdbacks and reductions applicable thereto, and, on an asset-by-asset basis, the valuation ascribed to the assets by the Camshaft Fund, both individually and in the aggregate, as of February 1, 2024, together with the source of such valuation and any adjustments or overrides thereto.  Furthermore, Mr. Ravindran and Mr. William Cameron Morton shall each sit for an in-person deposition no later than three (3) business days prior to the PI Hearing.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# **EXHIBIT B**

**Blackline**

31391652.1

**IN THE UNITED STATES BANKRUPTCY COURT**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (JTD) |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 24-50013 (JTD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMSHAFT CAPITAL FUND, LP, | ) | |
| CAMSHAFT CAPITAL ADVISORS, LLC, | ) | |
| CAMSHAFT CAPITAL MANAGEMENT, LLC, | ) | |
| RIJU RAVINDRAN, and INSPILEARN LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**FOR THE DISTRICT OF DELAWARE**

**ORDER GRANTING**
**DEBTOR'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Upon consideration of the *Debtor's Motion for Temporary Restraining Order* (the "Motion") filed by BYJU's Alpha, Inc. (the "Debtor"), the debtor and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"); and the Court having reviewed the Motion, the *Debtor's Brief in Support of Motion for Temporary Restraining Order* (the "Brief");[2] and the Court having held a hearing on the Motion on March [ ], 2024 (the "Hearing"); and the Court having consider all evidence and argument presented at the Hearing

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms not otherwise defined in this order shall have the meaning given to them in the Motion.

and all matters of record in the Adversary Proceeding and the above-captioned bankruptcy case; the Court finds and concludes as follows:

  A. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is core proceeding under 28 U.S.C. § 157(b).

  B. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

  C. Notice of the Motion was sufficient under the circumstances.

  D. The legal and factual bases set forth in the Motion, the Brief, the evidence in support of the Motion, and at the Hearing establish just cause for the relief granted herein.

Accordingly, and for the reasons stated on the record at the Hearing, it is hereby ORDERED THAT:

  1. Defendants Riju Ravindran and Inspilearn LLC ("Inspilearn"), and any of such parties' officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with the foregoing, including Think & Learn Private Limited, its chief executive officer, three board members, and all of its subsidiaries (collectively the "Enjoined Parties"), shall within two (2) business days of entry of this Order cause (i) the funds transferred to a non-U.S. trust on behalf of Inspilearn (the "Inspilearn Trust") on or about February 1, 2024, (ii) the funds that were purportedly subsequently transferred to a "non-US based 100% subsidiary of BYJU'S" (the "Second Postpetition Transfer" to the "Second Postpetition Transferee"), and (ii) any other funds that derive from the approximately $533,000,100.00 in aggregate funds transferred from the Debtor to Camshaft Capital Fund, LP in April and July 2022, along with any associated accrued interest, in each case ((i), (ii), and (iii) collectively, the "Alpha Funds"), to be deposited into the registry of the Court and to remain there pending further Court order. In the event the ~~Inspilearn Trust holds~~Alpha Funds have been

converted to any securities on account of the $533 million, Mr. Ravindran and Inspilearn, the Enjoined Parties shall within two (2) business days of entry of this Order deposit such securities with a nationally-recognized brokerage firm approved by the Debtor and the U.S. Trustee. Timothy Pohl, in his capacity as the Debtor's sole director and officer, shall be given exclusive control over such account, provided that, Mr. Pohl shall not make any transactions from such account absent further order of the Court.

2. Defendants Riju Ravindran and Inspilearn shall provide a copy of this Order with the rest of the Enjoined Parties without delay.

3. 2. On the same day that the Alpha Funds are deposited into the registry of the Court, counsel for each of Ravindran and Inspilearn shall file in the Adversary Proceeding a certification of counsel attesting to the compliance of Ravindran or Inspilearn with Section 1 of this Order.

4. 3. In the event Ravindran and/or Inspilearn the Enjoined Parties fail to comply with Section 1 of this Order, the Court shall hold a show cause hearing on _____ __, 2024, at __:__ _.m. (Eastern time). Representatives on behalf of all Defendants, including Mr. Ravindran and William Cameron Morton, shall be required to appear in-person.

5. 4. Until further order of the Court, all Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, the Enjoined Parties shall be enjoined from taking any steps to transfer, exchange, convert, dissipate, or otherwise move the Alpha Funds, or otherwise modify any rights related to the Alpha Funds.

6.    ~~5.~~ This Order shall promptly be filed in the Clerk's office and entered in the record. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

7.    ~~6.~~ The Court shall hold a hearing on _____ __, 2024, at __:__ _.m. (Eastern time) to consider the entry of a preliminary injunction in connection with the Motion (the "PI Hearing"). Objections to the Motion shall be filed and served no later than three (3) business days prior to the PI Hearing. Replies may be filed by __:__ _.m. (Eastern time) one (1) business day prior to the PI Hearing.

8.    ~~7.~~ No later than six (6) business days prior to the PI Hearing, Defendants shall produce on a rolling basis all documents and communications in their possession, custody, or control concerning: (i) the March 1, 2023 transfer from the Debtor to Inspilearn, (ii) the February 1, 2024 transfer and subsequent redemption from Inspilearn to the Inspilearn Trust, (iii) the Second Postpetition Transfer, (iv) the assets (whether cash or cash equivalents, securities, loans, derivatives, or otherwise) either transferred to or redeemed by the Inspilearn Trust (whether in cash, in kind, or through liquidating accounts, participation notes, derivative instruments, or similar structures) on or about February 1, 2024 or that were the subject of the Second Postpetition Transfer, (iv) the identity, location, domicile, structure, management, governance, ownership, settlors, trustees, and beneficiaries of the Inspilearn Trust and the Second Postpetition Transferee, (v) the Camshaft Fund valuation policies and procedures applicable to such assets at the time of the transfer and redemption, and (vi) all transactions made by the Inspilearn Trust and the Second Postpetition Transferee on or after February 1, 2024. Additionally, no later than six (6) business days prior to the PI Hearing, Defendants shall provide a line-item accounting of all assets (whether cash or cash equivalents, securities, loans,

derivatives, or otherwise) and associated liabilities and reserves (if any) redeemed by the Inspilearn Trust ~~on or about~~and the Second Postpetition Transferee on or after February 1, 2024, together with any holdbacks and reductions applicable thereto, and, on an asset-by-asset basis, the valuation ascribed to the assets by the Camshaft Fund, both individually and in the aggregate, as of February 1, 2024, together with the source of such valuation and any adjustments or overrides thereto. Furthermore, Mr. Ravindran and Mr. William Cameron Morton shall each sit for an in-person deposition no later than three (3) business days prior to the PI Hearing.

9. ~~8.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.