# EXHIBIT B

# Contempt Order

\\4163-8548-8207 v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Case No. 24-10140 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 24-50013(JTD) |
| | ) | |
| CAMSHAFT CAPITAL FUND, LP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **Re: Adv. D.I. Nos. 7, 22, 28, 46** |

## ORDER ON FINDING OF CONTEMPT

Debtor BYJU's Alpha, Inc. ("Debtor"), was a special purpose financing vehicle formed in September 2021 to borrow $1.2 billion in five-year term loans. Following a series of defaults and disputes with management, the Debtor's lenders took control of the company. With new management in place, the lenders learned that the Debtor's sole asset -- approximately $533 million in cash previously in the Debtor's possession (the "Assets") -- had been transferred to defendant Camshaft Capital Fund, LP, a hedge fund operated by a single individual, William Cameron Morton ("Mr. Morton").

On the same day that Debtor filed their chapter 11 petition for bankruptcy, Debtor commenced this adversary proceeding against Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC (collectively "Camshaft") seeking to avoid the transfers as fraudulent. Shortly thereafter, Debtor filed an Emergency Motion for Limited

Expedited Discovery (Adv. D.I. 7), to which Camshaft objected.  Following a hearing on February 16, 2024, Debtor's motion was granted, and Debtor issued its discovery to Camshaft.

On February 27, 2024, the Court held a status conference, at the urgent request of the Debtor, to discuss deficiencies in Camshaft's discovery responses.  The parties agreed to continue discussions, but the next day Camshaft filed an Emergency Motion for Protective Order, seeking to limit the information it was required to share with the Debtor.  (Adv. D.I. 28).

At a hearing on March 1, 2024, the Court denied Camshaft's motion and ordered Camshaft, through its controlling individual, Mr. Morton, to produce all the information requested by Debtor by the end of the day (the "March 1 Order").  The Court further ordered that if the information was not produced, a hearing would be held on March 4, 2024, to discuss whether an order to show cause would be issued.  Though Mr. Morton was not ordered to appear at the March 4 hearing, the Court directed Camshaft's counsel to advise Mr. Morton that his presence was requested by the Court and that it would be in his best interest to attend.

Camshaft failed to comply with the March 1 Order. Accordingly, on March 4, 2024, yet another hearing was held.  Counsel for Camshaft informed the Court that they advised Mr. Morton to comply with the Court's March 1 Order and produce the information requested by the Debtors but he refused.  Counsel confirmed that the information sought is exclusively in Mr. Morton's possession and that without Mr. Morton's cooperation, the discovery that has been propounded on Camshaft cannot be answered.

In light of the failure of Camshaft, acting by and through its sole officer Mr. Morton, to comply with the Court's March 1 Order, the Court issued an Order to Show Cause ("Show Cause Order")(Adv. D.I. 56), directing Mr. Morton to appear in person on March 14, 2024, at 10:00 a.m. in Courtroom 5 of the United States Bankruptcy Court in Wilmington, Delaware, and show

2

cause why he and Camshaft should not be held in civil contempt of Court for their failure to comply with this Court's order. The Show Cause Order included notice that the Court would consider all possible sanctions against Camshaft and Mr. Morton, including placing Mr. Morton in civil confinement until he purges himself of such contempt.

A show cause hearing was held on March 14, 2024. Mr. Morton failed to appear as ordered and failed to comply with this Court's order to produce the information requested by the Debtor.

Based upon Mr. Morton's repeated and continued inaction, it is clear that he believes he is exempt from compliance with this Court's orders. His non-compliance is interfering with the Debtor's ability to properly administer its bankruptcy estate.

Accordingly, it is therefore **ORDERED, ADJUDGED, and DECREED** that:

1.      Camshaft and Mr. Morton are in contempt of court by refusing to produce the information sought in discovery, as directed in the March 1 Order. As monetary sanctions for their contempt, **Camshaft and Mr. Morton shall each remit to the Clerk of Court the sum of $10,000 for each day they remain in contempt** of the Court's March 1 Order. These monetary sanctions shall begin on this day and shall accrue each day thereafter until: (i) the Debtor confirms receipt of the information Camshaft was ordered to produce; and (ii) all fines which have accrued are paid to the Clerk of the Bankruptcy Court in cash or certified funds.

2.      The Clerk of the Bankruptcy Court shall serve the U.S. Marshals Service with a certified copy of this Order immediately upon it being filed on the docket in this case.

3.      The Court will issue a separate bench warrant for civil confinement.  Mr. Morton may secure his release upon compliance with the March 1 Order.


Dated:  March 14, 2024

JOHN T. DORSEY, U.S.B.J.