# EXHIBIT C

## Preliminary Injunction Order

\\4163-8548-8207 v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (JTD) |
| | ) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. Case No. 24-50013 (JTD) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMSHAFT CAPITAL FUND, LP, | ) |
| CAMSHAFT CAPITAL ADVISORS, LLC, | ) |
| CAMSHAFT CAPITAL MANAGEMENT, LLC, | ) |
| RIJU RAVINDRAN, and INSPILEARN LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING**
**DEBTOR'S MOTION FOR A PRELIMINARY INJUNCTION**

Upon consideration of the *Debtor's Motion for Temporary Restraining Order* (the "Motion") filed by BYJU's Alpha, Inc. (the "Debtor"), the debtor and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"); and the Court having reviewed the Motion, all briefs supporting and opposing the Motion;[2] and the Court having held a hearing on the Motion on March 14, 2024 (the "Hearing"); and the Court having considered all evidence and argument presented at the Hearing; the Court finds and concludes as follows:

A.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is core proceeding under 28 U.S.C. § 157(b).

---

[1]    The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2]    Capitalized terms not otherwise defined in this order shall have the meaning given to them in the Motion.

B.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

C.      Notice of the Motion was sufficient under the circumstances.

For the reasons stated on the record at the Hearing, it is hereby ORDERED THAT:

1.      Defendants Riju Ravindran, Inspilearn LLC ("Inspilearn"), Camshaft Capital Fund LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC; and any of such parties' officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with the foregoing, including, Byju Raveendran and Divya Gokulnath (collectively, the "Enjoined Parties") are immediately enjoined, upon entry of this Order, from taking any steps to spend, transfer, exchange, convert, dissipate, liquidate, or otherwise move or modify any rights related to: (i) the funds that in the approximate amount of $533,000,100.00 transferred from the Debtor to Camshaft Capital Fund, LP in April and July 2022, (ii) the funds (or other assets) transferred to and/or redeemed by a non-U.S. trust on behalf of Inspilearn on or about February 1, 2024, and (iii) the funds (or other assets) that were purportedly subsequently transferred to a "non-US based 100% subsidiary of BYJU'S," along with any associated accrued interest or proceeds, in each case ((i), (ii), and (iii) collectively, the "Alpha Funds").

2.      Defendant Ravindran shall: (i) within one calendar day of this Order, provide a copy of this Order to Byju Raveendran and Divya Gokulnath, and the treasury department of Think & Learn Private Limited; (ii) by 5:00 P.M. E.T. on March 21, 2024, take all necessary steps to determine the location, amount, and composition of the Alpha Funds, including but not limited to (a) the identity, address, and domicile of the entity that is the beneficial owner of the Alpha Funds (whether a "non-US based 100% subsidiary of BYJU'S" or otherwise), (b) the identity, address, and domicile of each bank, institution, or other entity in which the Alpha Funds are deposited,

2

held, or otherwise located, and (c) a line-item breakdown of the assets (whether cash or cash equivalents, securities, loans, derivatives, or otherwise) composing the Alpha Funds; and (iii) by 5:00 P.M. E.T. on March 21, 2024, disclose the information required by Section 2(ii) of this Order to the Debtor and GLAS Trust Company LLC ("GLAS").

3.      By 5:00 P.M. E.T. on March 21, 2024, counsel for Defendant Ravindran shall file in the Adversary Proceeding a certification of counsel attesting to the compliance of Ravindran with Sections 1 and 2 of this Order, and enclosing (under seal, as appropriate) the information disclosed to the Debtor and GLAS.

4.      This Order shall promptly be filed in the Clerk's office and entered in the record. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: March 18th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

3