---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU's ALPHA, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU's ALPHA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL ADVISORS, LLC, CAMSHAFT CAPITAL MANAGEMENT, LLC, RIJU RAVINDRAN, and INSPILEARN LLC,<br><br>    Defendants. | Adv. Pro. Case No. 24-50013 (JTD)<br><br>**Related Docket No. 107** |

**DEFENDANT RIJU RAVINDRAN'S LIMITED OBJECTION TO
MOTION OF DEBTOR FOR SHORTENING TIME REGARDING
MOTION FOR A RULING TO SHOW CAUSE WHY RIJU RAVINDRAN
SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING
THE PRELIMINARY INJUNCTION ORDER**

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

Defendant Ravindran, by and through his undersigned counsel, and in response to the Court's direction of April 2, 2024, hereby submits this limited objection to the Motion of Debtor for Shortening Time Regarding Motion for a Ruling to Show Cause Why Riju Ravindran Should Not be Held in Contempt for Violating the Preliminary Injunction Order, dated March 28, 2024 [D.I. 107] (the "Motion to Shorten"), and respectfully states as follows.

## INTRODUCTION

Prior to filing its Motion to Shorten, the Debtor sought Ravindran's consent to seek expedited relief on its Motion for a Ruling to Show Cause Why Riju Ravindran Should Not be Held in Contempt for Violating the Preliminary Injunction Order [D.I. 105] (the "Contempt Motion"). Ravindran agreed to the request for expedited relief. However, Debtor failed to inform Ravindran that it would be seeking as part of the expedited relief an order to have Ravindran appear before the Court *in person* for the Contempt Motion hearing. The Debtor has given no reason as to why Ravindran's in person appearance is necessary for the Contempt Motion (nor as to why Debtor's counsel was not candid with us in seeking our consent). Therefore, while Ravindran does not object to the expedited procedural aspect of the Motion to Shorten, he does object to appearing in person and respectfully asks for leave to be permitted to appear at the hearing remotely.

As the Court is aware, Ravindran currently resides in Dubai, in the United Arab Emirates. As Ravindran has previously testified at the parties' hearing on March 14, 2024, at his deposition held on March 12, 2024, and in his accompanying sworn declaration ("Ravindran Dec."), Ravindran is the primary caregiver for his elderly and ailing parents, with whom he lives in Dubai. (Ravindran Dec. ¶¶ 4-5.) Given his location and circumstances, the Court has previously allowed Ravindran to provide testimony via videoconference instead of requiring him to make the extensive journey to appear in person. Ravindran respectfully asks the Court to extend him the

same grace by allowing him to appear via videoconference again at the hearing to be scheduled for the Contempt Motion.

## ARGUMENT

Rule 43(a) of the Federal Rules of Civil Procedure provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Rule 9017 of the Federal Rules of Bankruptcy Procedure makes the rule applicable to contested bankruptcy matters. A party may make a showing of good cause and compelling circumstances "when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Guardant Health, Inc. v. Found. Med., Inc.*, 2020 WL 6120186, at *3 (D. Del. Oct. 16, 2020) (quoting Fed. R. Civ. P. 43(a) Advisory Committee's note to 1996 amendment). Further, courts have recognized that live video transmission testimony is useful and effective. *See Fed. Trade Comm'n v. Swedish Match N. A., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000). Ravindran voluntarily appeared in this bankruptcy case and has previously made himself available to testify remotely in this matter at his deposition and in Court, totaling nearly 10 hours on the record.

Good cause exists to permit Ravindran to appear remotely in this case at the Contempt Motion hearing. First, as shown in the Declaration of Riju Ravindran filed on March 21, 2024 (D.I. 91-1-7), and as will be updated in his response to Debtor's meritless Contempt Motion, Ravindran has fully complied and continues to comply with the Preliminary Injunction Order and has done everything within his powers to provide the information at issue. Additionally, Ravindran's status as the primary caregiver for his elderly parents would make it extremely burdensome for him to appear in person. Ravindran's father is currently undergoing cancer treatment while his mother is suffering from dementia. (Ravindran Dec. ¶ 5.) Because of his

responsibilities to his elderly parents, Ravindran has not traveled outside of Dubai in the past three months. (Ravindran Dec. ¶ 6.) Prior to that time, Ravindran generally only traveled when he needed to go to India on business, three hours away from his parents in Dubai. (Ravindran Dec. ¶ 6.) Traveling to Wilmington, Delaware next week for the hearing would require Ravindran to be away from his sick parents for multiple days. He would need to take a 14-hour flight to Washington, DC, then travel to and from Wilmington by train or car, before making the 14-hour flight back to Dubai. (*Id.*) Ravindran respectfully submits that he should not be unduly burdened by appearing in person and being kept from his crucial family duties, where a reasonable alternative exists for him to appear at any hearing by remote means as he has done before at both his March 12, 2024 deposition and the parties' March 14, 2024 hearing.

Further, appearing or testifying via live remote means does not prejudice the Debtor (nor has the Debtor made any showing to the contrary). Ravindran will be present through live video in open court, under oath, the Debtor will have the opportunity to cross examine him if necessary, and the Court will have an opportunity to be able to assess his credibility. *See,e.g. Fed. Trade Comm'n*, 197 F.R.D. at 2.

WHEREFORE, Ravindran respectfully requests that the Court deny the relief sought by the Debtor to have Ravindran appear in person and request the Court grant him leave to appear via contemporaneous video transmission from a remote location.

Dated: April 3, 2024

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ *William E. Chipman, Jr.*

William E. Chipman, Jr. (#3818)
Joseph B. Cicero (#4388)
Ryan M. Lindsay (#6435)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191

-and-

**KASOWITZ BENSON TORRES LLP**
Sheron Korpus
David M. Max
Kenneth Coleman
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Riju Ravindran*