IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BYJU's ALPHA, INC.,[1]<br><br>                  Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,<br><br>                  Plaintiff,<br><br>                  v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC,<br>CAMSHAFT CAPITAL MANAGEMENT, LLC<br>RIJU RAVINDRAN, INSPILEARN LLC, AND<br>THINK AND LEARN PRIVATE LIMITED,<br><br>                  Defendants. | Adv. Pro. Case No. 24-50013 (JTD) |

**CAMSHAFT'S MOTION TO QUASH PLAINTIFF'S NOTICE OF VIDEOTAPED
DEPOSITION UPON ORAL EXAMINATION OF WILLIAM CAMERON MORTON**

Pursuant to Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 7026-1 and 7030-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Defendants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC (collectively "Camshaft") hereby file this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") quashing

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this chapter 11 case is: 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

in its entirety the *Notice of Videotaped Deposition Upon Oral Examination of William Cameron Morton* ("Deposition Notice") served by Plaintiff BYJU's Alpha, Inc. ("Plaintiff") and GLAS Trust Company LLC ("GLAS") on April 19, 2024, setting a deposition for April 29, 2024. In support of the Motion, Camshaft respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware (the "District Court") dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory and legal predicates for the relief requested herein include Rules 26(b), 26(c), 30(b) and 30(d) of the Federal Rules of Civil Procedure (the "Federal Rules"), Bankruptcy Rules 7026 and 7030, and Local Rules 7026-1 and 7030-1.

## BACKGROUND

3. On March 14, 2024, the Court entered the *Order on Finding of Contempt* [Adv. D.I. 80] (the "Contempt Order") in the above-captioned adversary proceeding based on the Court's finding that Camshaft had not fully complied with discovery-related orders.

4. On March 19, 2024, Camshaft filed a *Notice of Appeal* [Adv. D.I. 86] from the Contempt Order. On March 27, 2024, Camshaft and Mr. Morton filed an *Amended Notice of Appeal* [Adv. D.I. 99] from the Contempt Order and a motion to stay pending appeal [Adv. D.I. 100].

5. On April 3, 2024, the Court entered its *Memorandum Opinion* re the Contempt Order at Adv. D.I. 115. On April 17, 2024, Camshaft and Mr. Morton filed a *Notice of Appeal* [Adv. D.I. 137] regarding the Memorandum Opinion.

6. On April 9, 2024, the Court denied the motion for a stay pending appeal. [Adv. D.I. 125] Thereafter, Camshaft filed a motion with the District Court for a stay pending appeal. [Dist. Ct. D.I. 5] That stay motion is not yet fully briefed.

7. On April 19, 2024, Plaintiff and GLAS served the Deposition Notice, a copy of which is attached hereto as **Exhibit B**.[2] The Deposition Notice sets the deposition of Mr. Morton for April 29, 2024.

## RELIEF REQUESTED

8. By this Motion, Camshaft respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, quashing the Deposition Notice in its entirety.

## ARGUMENT

**I.   Mr. Morton's Deposition Should Not Take Place While the Appeal from the Contempt Order Is Pending**

9. In light of the Contempt Order and related opinion that are on appeal and the subject of a stay motion, a deposition of Mr. Morton would needlessly expose him and Camshaft to further contempt citations in connection with the subject matter for which Camshaft has not produced documents or interrogatory responses (such as the identity of the February 2024 transferee of the Alpha Funds). The addition of more contempt citations would serve no purpose.

10. Moreover, the deposition would be incomplete and would impose the unnecessary burden of producing Mr. Morton for a deposition more than once.

---

[2]   In contravention of Local Rule 7026-2, Plaintiff has not yet filed the requisite Notice of Service of the Deposition Notice. Thus, there is currently no corresponding adversary docket entry to refer back to.

\\4145-9407-3423  v3

**II.    A Deposition of Mr. Morton Is Also Premature Because Document and Written Discovery Is Ongoing**

11.    Plaintiff recently served document requests and interrogatories on Defendant Riju Ravidran, as well as a second set of document requests and interrogatories on Camshaft. [Adv. D.I. 154, 155]. Responses to those discovery requests are not due until May 24, 2024.

12.    Typically, depositions do not proceed until document discovery has been completed because the documents will inform the questioning at deposition. Having a deposition while discovery requests are pending (especially document requests directed at the company of the deponent) again raises the specter of another deposition of the same deponent when document discovery is complete. Again, there is no reason to subject Mr. Morton to multiple depositions. It would be far more efficient to have the deposition take place after document discovery.

13.    More generally, Camshaft notes that there has been no discovery conference in this matter pursuant to Local Rule 7016-1, nor a scheduling order (which would provide a schedule for discovery and related matters).[3] The entry of the requisite scheduling order would not only comply with the Local Rules but also help provide an orderly process for discovery.

## COMPLIANCE WITH LOCAL RULE 7026-1(d)

14.    The undersigned counsel certifies that Camshaft has made a reasonable effort to reach an agreement with counsel to the Plaintiff and GLAS regarding the relief requested herein, but no agreement has been reached at this time.

## CONCLUSION

For the foregoing reasons, the Court should quash the Deposition Notice.

---

[3]    Plaintiff failed to schedule a pre-trial conference under Local Rule 7004-2 in the summonses.

\\4145-9407-3423  v3

| | |
|---|---|
| Dated: Wilmington, DE<br>April 26, 2024 | SAUL EWING LLP<br><br>*/s/ Evan T. Miller* |
| HOGAN LOVELLS US LLP<br>Pieter Van Tol, Esq. *(admitted pro hac vice)*<br>Christopher R. Bryant, Esq. *(admitted pro hac vice)*<br>Elizabeth C. Carter, Esq. *(admitted pro hac vice)*<br>390 Madison Avenue<br>New York, NY 10017<br>Tel: (212) 918-3000<br>Email: Pieter.vantol@hoganlovells.com<br>       Chris.bryant@hoganlovells.com<br>       Elizabeth.carter@hoganlovells.com | Evan T. Miller (No. 5364)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Tel: (302) 421-6864<br>Email: Evan.miller@saul.com<br><br>- and - |
| - and -<br><br>HOGAN LOVELLS US LLP<br>David Massey, Esq. *(admitted pro hac vice)*<br>600 Brickell Avenue, Suite 2700<br>Miami, FL 33131<br>Tel: (305) 459-6500<br>Email: David.massey@hoganlovells.com | Turner N. Falk, Esq. *(admitted pro hac vice)*<br>SAUL EWING LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102-2186<br>Tel: (215) 972-7777<br>Email: turner.falk@saul.com |

*Counsel for Camshaft*

\\4145-9407-3423 v3