# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU's ALPHA, INC.,[1]<br><br>                 Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC,<br>CAMSHAFT CAPITAL MANAGEMENT, LLC<br>RIJU RAVINDRAN, INSPILEARN LLC, and<br>THINK AND LEARN PRIVATE LIMITED,<br><br>                 Defendants. | Adv. Pro. Case No. 24-50013 (JTD)<br><br><br><br><br><br><br><br>**Related Adv. D.I.:** 156, 161, 162, 168 |

## EMERGENCY MOTION OF WILLIAM CAMERON MORTON AND CAMSHAFT DEFENDANTS TO RECONSIDER ORDER DENYING MOTION TO QUASH DEPOSITION NOTICE

The undersigned counsel to Mr. Morton and Defendants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC (collectively, the "Movants") hereby move, on an emergency basis and pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, for an order, in the form attached hereto as **Exhibit A**, reconsidering the order entered on May 2, 2024 [Adv. D.I. 168] denying the motion to quash Plaintiff's and GLAS's

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this chapter 11 case is: 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

deposition notice (the "Deposition Order").  In support of this emergency motion (the "Motion"), the Movants state as follows:

## Background

1. The Deposition Order sets Mr. Morton's deposition to take place on or before May 7, 2024 and directs that it will take place in either Miami, Florida or London, England.

2. On May 2, 2024 and before the Deposition Order was issued, the undersigned informed counsel for Plaintiff and GLAS that Mr. Morton could not appear for a deposition in Miami or London because of the arrest warrant component of the contempt order issued by the Court on March 14, 2024 (the "Contempt Order").  Movants suggested a deposition by remote means, but counsel for Plaintiff and GLAS stated that they would only proceed with an in-person deposition.

3. On May 3, 2024, all counsel held a follow-up call to discuss the location of the Mr. Morton's deposition and related matters.  In that call, the undersigned informed counsel for Plaintiff and GLAS that: (a) Movants are willing to produce the discovery that is the subject of the Contempt Order in advance of the deposition; (b) Mr. Morton will appear for an in-person deposition; and (c) the location of deposition would have to be somewhere other than Miami or London to address Mr. Morton's concerns about arrest.  Undersigned counsel suggested Dubai as such as a location.  Under the circumstances and in light of the logistical issues, the undersigned also suggested a brief adjournment of the May 7 deposition date.

4. Counsel for Plaintiff and GLAS completely rejected the offer (including the production of discovery), and stated that Mr. Morton's deposition must be on May 7 in Miami. They refused to entertain a discussion regarding alternative locations or dates.

**Relief Requested**

5.  The Motion presents several facts that were not before the Court when it entered the Deposition Order.  *First*, Mr. Morton has made it clear that he will appear in person, whereas earlier he had suggested remote means.  *Second*, Movants are willing to produce the documents that are the subject of the Contempt Order.  However, because there will not be sufficient time to have the contempt purged before a deposition, Movants have brought this Motion.

6.  Mr. Morton is ready and willing to have his deposition taken, but the locations listed in the Deposition Order will expose him to arrest.

7.  Accordingly, Movants respectfully request that the Court grant the Motion by modifying the Deposition Order to state that the Mr. Morton's deposition will take place no later May 10, 2024 and at a location to be agreed-upon by the parties that sufficiently addresses Mr. Morton's concern that appearing for a deposition in a location where he could face arrest.  Mr. Morton is also amenable to a date earlier than May 10 if the parties can agree.

*[signature page follows]*

\\4164-0172-4496 v3

| | |
|---|---|
| Dated: Wilmington, DE<br>May 3, 2024 | SAUL EWING LLP<br><br>*/s/ Evan T. Miller* |
| HOGAN LOVELLS US LLP<br>Pieter Van Tol, Esq. *(admitted pro hac vice)*<br>Christopher R. Bryant, Esq. *(admitted pro hac vice)*<br>Elizabeth C. Carter, Esq. *(admitted pro hac vice)*<br>390 Madison Avenue<br>New York, NY 10017<br>Tel: (212) 918-3000<br>Email: Pieter.vantol@hoganlovells.com<br>         Chris.bryant@hoganlovells.com<br>         Elizabeth.carter@hoganlovells.com | Evan T. Miller (No. 5364)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Tel: (302) 421-6864<br>Email: Evan.miller@saul.com<br><br>- and - |
| - and - | Turner N. Falk, Esq. (admitted *pro hac vice*)<br>SAUL EWING LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102-2186<br>Tel: (215) 972-7777<br>Email: turner.falk@saul.com |
| HOGAN LOVELLS US LLP<br>David Massey, Esq. *(admitted pro hac vice)*<br>600 Brickell Avenue, Suite 2700<br>Miami, FL 33131<br>Tel: (305) 459-6500<br>Email: David.massey@hoganlovells.com | |

*Counsel for Camshaft Defendants and Mr. Morton*