REDACTED VERSION OF D.I. 186

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (JTD) |
| | ) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. No. 24-50013 (JTD) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMSHAFT CAPITAL FUND, LP, | ) |
| CAMSHAFT CAPITAL ADVISORS, LLC, | ) |
| CAMSHAFT CAPITAL MANAGEMENT, LLC, | ) |
| RIJU RAVINDRAN, INSPILEARN LLC, and | ) |
| THINK AND LEARN PRIVATE LIMITED, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEBTOR'S AND GLAS TRUST COMPANY LLC'S
### MOTION FOR SANCTIONS AGAINST THE CAMSHAFT DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 37 (as made applicable herein by Federal Rule of Bankruptcy Procedure 7026 and 7037), 11 U.S.C. § 105, and the Court's inherent powers, the Debtor-Plaintiff BYJU's Alpha, Inc. (the "Debtor") and Intervenor-Plaintiff GLAS Trust Company LLC ("GLAS") move for sanctions against Camshaft[2] for (i) making materially false statements under oath concerning the transfers of the $533 million Alpha Funds that are central to this Adversary Proceeding; (ii) refusing to comply with the Court's May 2, 2024 *Order Denying Camshaft's Motion to Quash Notice of Videotaped Deposition Upon Oral Examination*

---

[1]   The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 case is:  1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2]   "Camshaft" refers to the three Camshaft Defendants:  Camshaft Capital Fund, LP ("Camshaft Fund"), Camshaft Capital Advisors, LLC ("Camshaft Advisors"), and Camshaft Capital Management, LLC ("Camshaft Management").

*of William Cameron Morton* [Adv. D.I. 168] requiring William Cameron Morton to sit for a deposition by May 7, 2024; and (iii) their ongoing non-compliance with the Court's March 1, 2024 *Order Granting Debtor's Emergency Motion for Limited Discovery* [Adv. D.I. 22]. Given the pervasiveness and severity of Camshaft's discovery misconduct and misrepresentations, the Debtor and GLAS respectfully request sanctions in the form of (i) a default judgment against Camshaft and (ii) reasonable fees and costs associated with their preparation for Morton's deposition and the instant Motion, along with (iii) any other relief the Court deems just and proper.

## PRELIMINARY STATEMENT

1.      Camshaft brazenly and repeatedly misrepresented under oath what happened to the Alpha Funds. Despite Camshaft's best efforts, on April 29, 2024, the Debtor received a document production from Apex, Camshaft's former fund administrator. What the Debtor and GLAS have learned from Apex's production of 431 documents—including key documents Camshaft failed to produce, for which it has been held in contempt— ███████████████████████ ███████████████████████████████████████. Those misrepresentations along with Camshaft's ongoing refusal to participate in discovery warrant default judgment being entered against them.

2.      This case is about at least four fraudulent transfers of the Alpha Funds, the second of which is the Debtor's transfer of its limited partnership interest in Camshaft Fund to Inspilearn in exchange for what all parties concede to be no consideration whatsoever. Four times in its answers to the Debtor's Interrogatories, Camshaft swore under penalty of perjury that this transfer occurred on March 1, 2023. For instance, when asked for the "details of each and every transfer of the Alpha Funds," Camshaft answered: "On March 1, 2023, a 100% transfer was processed from the Camshaft Capital Fund Capital Account of the Debtor to Inspilearn LLC, a U.S. entity and 100% Think and Learn subsidiary."

3.      The notion that the transfer occurred on March 1 would have meant that BYJU's had preempted the Lenders' exercise of remedies.  On March 3, 2023, GLAS, acting at the Lenders' direction following conceded defaults, removed Riju Ravindran and replaced him with Timothy Pohl, an experienced restructuring professional, as the Debtor's sole director.  Forty-eight hours appeared to be the difference between the Debtor's new independent manager controlling the Alpha Funds or not.

4.      The purported timing of the transfer was troubling but unsurprising given Defendants' overarching fraudulent intent.  Defendants were proud of having hid the money before a faithful corporate governor could assume control.  Indeed, prepetition, Camshaft sued the Debtor in Florida, alleging that the Debtor made this transfer *prior to* Pohl's appointment on March 3rd:

> In the first quarter of 2023, and **prior to Mr. Pohl's appointment as a director of BYJU's**, BYJU's transferred one hundred percent of its interest in Camshaft to a third party pursuant to the terms of the LPA.  (Emphasis added.)

5.      ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

6.      ████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████



7. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ (pictured below). ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

(Emphasis added.) ████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

8. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████   With Camshaft's help, BYJU's stole the Alpha Funds.

9.      Camshaft's misrepresentations alone provide sufficient grounds warranting sanctions.  But there is unfortunately more.  After refusing to answer interrogatories and produce documents, Morton refused to sit for a deposition by May 7, 2024, a (twice) Court-ordered deadline.  Taking Morton's deposition was important.  There is no substitute for a deposition, especially in a case involving fraud, as a deposition is arguably "the most important discovery tool." *Wabote v. Ude*, 2022 WL 684844, at *6 (E.D. Pa. Mar. 8, 2022).  The Debtor and GLAS have been deprived of this tool.  They could not examine Morton about the Petition Date fraudulent transfer, including the identity of the offshore trust that Morton helped receive the Alpha Funds.  They could not test Camshaft's defenses, *e.g.*, whether Camshaft acted in "good faith" under 11 U.S.C. § 548(c) (it did not) or was a "mere conduit" (it was not).  They could not examine Morton on what value Camshaft assigned to the initial $533 million "investment," or ███████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████. Nor could they examine Morton about the overall legitimacy of his business and his recent conduct.

10.      Finally, Camshaft and Morton continue to refuse to comply with the Debtor's outstanding expedited discovery requests.  As this Court is well aware, Camshaft, acting at Morton's direction, willfully violated this Court's March 1, 2024 discovery order, then Morton absconded the country, leading to the Court's Contempt Order on March 14.  Sixty days, $1.2 million in cumulative sanctions, and an arrest warrant later have not changed Camshaft's and Morton's behavior.  The Debtor still has not received highly-material discovery.

11.     As set forth in this Motion, the Court has broad discretion to impose sanctions, including entering default judgment, under the Federal Rules of Civil Procedure, 11 U.S.C. § 105, and its own inherent authority.  The severity of the sanctions requested are appropriate.  It is time to put an end once and for all to Camshaft's obfuscation, gamesmanship, and deception, which have imposed great cost and harm to the Debtor and its estate.  And, it has become readily apparent that Camshaft's goal is not to prevail in litigation but to simply delay.  Thus, "any sanction short of a judgment . . . will only serve to reward defendants for their misconduct as the resolution of this matter is further delayed."  *U.S. ex rel. Constr. Hardware, Inc. v. Patterson*, 2014 WL 2611178, at *6 (E.D. Pa. June 10, 2014).  Default judgment is justified.

## FACTUAL BACKGROUND

12.     This case arises from the multiple fraudulent transfers of $533 million of estate property, as laid out in the Second Amended Complaint [Adv. D.I. 151].  *First*, in mid-2022, that money was transferred to Camshaft Fund, which was paid millions of dollars in fees due to its obscurity and pliability (the "First Fraudulent Transfer").  In exchange, the Debtor received a limited partnership interest in Camshaft Fund (the "Camshaft LP Interest").  *Second*, on March 1, 2023, the Debtor transferred its Camshaft LP Interest to a non-guarantor affiliate, Inspilearn, for no consideration (the "Second Fraudulent Transfer").  *Third*, on the February 1, 2024 Petition Date, Inspilearn, with the required consent of Camshaft, transferred the Camshaft LP Interest to an offshore trust (the "Third Fraudulent Transfer") and purportedly fully redeemed it from Camshaft Fund.  *Finally*, after the Petition Date, Inspilearn moved the resulting funds to an unidentified non-U.S. T&L subsidiary (the "Fourth Fraudulent Transfer").  It is unknown whether additional transfers have been made since that time.

13.     The circumstances of every one of these fraudulent transfers have been concealed by Defendants.  As a result, the Debtor and its stakeholders remain unable to discover what has happened to the $533 million, how much remains, and where the money is today.

14.     This Motion focuses on Camshaft's disturbing conduct in concealing that information.  Beyond their persistent efforts to refuse and block legitimate discovery as ordered by the Court, *see* Factual Background §§ B-D, *infra*, the Debtor and GLAS recently learned that Camshaft, through Morton, misrepresented under oath that the Second Fraudulent Transfer was "processed March 1, 2023," as laid out above.  *See also id.* § A, *infra*.  Given the severity of the sanctions sought, the Debtor and GLAS detail their discovery findings and the history of Camshaft's discovery abuses and misrepresentations.

**A.     Camshaft misrepresented when the Second Fraudulent Transfer occurred.**

**1.     Camshaft swore under oath that the Second Fraudulent Transfer occurred on March 1, 2023.**

15.     On February 16, 2024, this Court granted the Debtor's motion for expedited discovery, requiring Camshaft to answer the Debtor's Interrogatories and produce a core set of documents about the fraudulent transfers at issue.  *Order Granting Debtor's Emergency Mot. for Limited Disc.* [Adv. D.I. 22] at 2.  On February 23, 2024, Camshaft answered the Debtor's interrogatories "in writing under oath," in accordance with Federal Rule of Civil Procedure 30(b)(3).  *See* Ex. 2, Camshaft's Resp. & Obj. to Debtor's First Set of Interrog.

16.     In Interrogatory No. 1, the Debtor requested the "details of each and every transfer of the Alpha Funds."  *Id.* at 4, Interrog. No. 4.  In its sworn answer, Camshaft disclosed a "100% transfer" of the Debtor's interest in Camshaft Fund "processed" on "**<u>March 1, 2023</u>**," as quoted above.  *Id.* at 4, Answer to Interrog. No. 1 (emphasis added).

17.     Camshaft then swore to the March 1, 2023 date three more times.  When asked for the "details of each and every transfer of the Camshaft LP Interest," Camshaft disclosed that, "[o]n **March 1, 2023**, a $539,790,047.44 transfer to Inspilearn LLC was processed."  *Id.* at 4-5, Answer to Interrog. No. 2 (emphasis added).  Similarly, when asked to "[i]dentify the exact date(s) (by month, day, and year) on which the Debtor 'transferred all of its investment interest as a limited partner in Camshaft Fund to a third party' . . . as referenced in Paragraph 1 of the Camshaft Corrected Complaint," Camshaft answered that it had "accepted the Debtor's request to transfer the foregoing funds to Inspilearn LLC, which was processed **March 1, 2023**."  *Id.* at 6-7, Answer to Interrog. No. 5 (emphasis added); *see also id.* at 7, Answer to Interrog. 6 (the transfer "was processed **March 1, 2023**") (emphasis added).

18.     On behalf of Camshaft, Morton verified the responses, declaring under penalty of perjury that Camshaft's answers were "true and correct," "based on information obtained from the books and records of Camshaft and/or on my personal knowledge."  *Id.* at 11.

19.     The Debtor's Interrogatories referenced a "Camshaft Corrected Complaint."  In December 2023, Camshaft had sought a declaration that it had no obligation to produce books and records to the Debtor, as the Debtor was a *former* limited partner.  *See Camshaft Cap. Fund, LP v. BYJU's Alpha, Inc.*, Case No. 2023-027523-CA-01 (Fla. 11th Cir. Ct.).  In its Complaint, and consistent with its later Answer to Interrogatory No. 1, Camshaft alleged that the Debtor "transferred" 100% of the Camshaft LP interest in "the first quarter of 2023," *i.e.*, January to March 2023, and, importantly, "prior to Mr. Pohl's appointment as a director of BYJU's [Alpha]" on March 3, 2023.  Ex. 3, Camshaft Compl. ¶ 25.

**2.** ███████████████████████████████████

20.    If Camshaft were to be believed, the Alpha Funds were already moved by March 3, 2023. ████████████████████████████████

███████████████████████.

21.    As noted, Pohl was appointed on March 3, 2023, a Friday. █████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████ Ex. 4 (APEXFUND_00002967 at -2972) (emphasis added). █

██████████████████████████. *Id.*

22.    ███████████████████████████████████

██████████████████████████████████████

██. *See, e.g.*, *id.* (APEXFUND_00002967 at -2967-71) ███████████

██████████████████████).

23.    Finally, on ████████████████████████████

██████████████████████████████████████

█████████████████████████████" Ex. 5, █

███████████ (APEXFUND_00002711). ███████████████

██████████████████████████. *See, e.g.*, *id.* § 1

(APEXFUND_00002711 at -2711) ████████████████████

██████████████████████████████████████

████████). ████████████████████████████

---

[3] ████████████████████████████████
*Id.*, Recitals (APEXFUND_00002711 at -2711).

██████████████████████████████████████████████

████████████████████████ *Id.* §§ 1-2 (APEXFUND_00002711 at -2711). ████████

██████████████████████████████████████████████

████████████████████████████████████████ *Id.* §§ 3(A)-

(B)  (APEXFUND_00002711  at  -2712). ████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████ *Id.*

§ 3(B) (APEXFUND_00002711 at -2712).

███ ░░ ████████████████████████████████████

███████████████████████████████ *Id.* at 6 (APEXFUND_00002711

at -2716). ██████████████████████████████

████ *Id.* ████████████████████████████████

████████████████████████████████ *Id.* § 4(A)

(APEXFUND_00002711 at -2712). █████████████████



25. 

Ex. 6, at 43 (APEXFUND_00002717 at -2759).



26. ██████████████████████████████████████████████

████████████████████████████████████████████████

██████ Ex. 7 (APEXFUND_00002606); Ex. 8 (APEXFUND_00002611).

27. ██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ an internal date

hedge funds assign to investor transactions for recordkeeping purposes, and which is used to

allocate profits and losses before and after a transfer—████████████.    Ex. 9

(APEXFUND_00002616 at -2616). ████████████████████████████

███████████████████████████████████████

████████████████████████████████████  *Id.*

(APEXFUND_00002616 at -2620-30). ████████████████████████

████████████████████████  *Id.* (APEXFUND_00002616 at -2616). ██

███████████████████████████████████████

████████████████████████████  Ex. 11 (APEXFUND_00002070)

(emphasis added), ████████████████████████████████

████████████████████

████████████████████████████████████████████

**B.      Morton refused to sit for a deposition by the Court-ordered deadline.**

28.      On April 19, 2024, the Debtor and GLAS properly noticed Morton's deposition for April 29, 2024. *See Notice of Service of Disc.* [Adv. D.I. 158].  In accordance will all applicable rules, the deposition was scheduled to occur in Miami, where Camshaft is headquartered.  After two rounds of motion practice by Camshaft, *see* Factual Background § C, *infra*, the deposition ultimately was reset to May 7, 2024 at 9:00 AM E.T.  Ex. 11.

---

[4] ████████████████████████████████████████████

29.     Despite two Court orders, Morton never sat for the deposition.  Rather, following the Court's denial of Camshaft's motion for reconsideration, Camshaft's counsel emailed all counsel of record on May 6, 2024, stating that Morton was not sitting for a deposition.  Ex. 12.  And, on May 7, the Debtor, with a court reporter present, put on the record that Morton had not appeared for his lawfully-noticed deposition.  Ex. 13, May 7, 2024 W. Morton Dep. Tr.; Ex. 14, Certificate of Non-Appearance.

**C.     Camshaft has made every effort to block legitimate discovery.**

30.     Preliminary discovery in this case should have been a straightforward, expedited exchange of information.  But Camshaft went scorched earth to conceal the truth about the transfers and its related conduct.  In the first 100 days of this case, Camshaft filed an onslaught of discovery motions—at least nine to date, and counting—commenced three lawsuits, and filed two appeals of three orders.  This Court itself has held seven hearings during which discovery issues have been addressed.[5]  The amount of paper Camshaft has filed to create delay is staggering:

31.     <u>Camshaft refused to comply with the Debtor's expedited discovery requests</u>.

- During the first day hearing on February 5, 2024, the Court stated "[t]here really is no reason the [Debtor], at this point, shouldn't know where that money is," and directed Camshaft to meet and confer with the Debtor about expedited discovery.  Feb. 5, 2024 Hr'g Tr. 48:8-12, 51:10-12.  Camshaft refused to comply.

- On February 9, 2024, the Debtor filed an *Emergency Motion for Limited Expedited Discovery* [Adv. D.I. 7], appending to its Motion targeted interrogatories and document requests directed at Camshaft.  One week later, on February 16, the Court granted the Debtor's motion [Adv. D.I. 22] over Camshaft's objections [Adv. D.I. 9-10, 17].

- On February 27, 2024, the Court held a status conference to "discuss deficiencies in Camshaft's discovery responses," including its failure to name the recipient of the Third Fraudulent Transfer.  *Order on Finding of Contempt* [Adv. D.I. 80] (the "<u>Contempt Order</u>") at 2.  Rather than disclose that name, on February 28, 2024, Camshaft filed an *Emergency Motion for a Protective Order* [Adv. D.I. 28].  On March

---

[5]     Those hearings occurred on: February 16, February 27, March 1, March 4, March 6, March 14, and April 30, 2024.

1, 2024, the Court denied that motion and ordered Camshaft to produce all previously-requested expedited discovery by end of day.  [Adv. D.I. 46.]  Camshaft refused.

- These discovery violations led to the Court's Contempt Order issued on March 14, 2024.

32.  <u>Camshaft improperly moved to quash the Debtor's Subpoenas to Apex</u>.

- On April 4, 2024, the Debtor gave notice of its intent to serve subpoenas on Apex Fund Services.  *See Debtor's Notice of Subpoena to Apex Fund Services to Produc. Docs.* [Adv. D.I. 116].

- The very next day, Camshaft commenced litigation in the Southern District of New York to quash the subpoenas.  *See In re Subpoena Served on Apex Fund Servs.*, Case No. 24-mc-171 (S.D.N.Y.) (the "<u>New York Action</u>") [D.I. 1].

- Three days later, on April 8, Camshaft commenced parallel litigation in the Bankruptcy Court for the Southern District of Indiana.  *See Camshaft Cap. Mgmt., LLC v. BYJU's Alpha, Inc.*, Case No. 24-cv-56003 (Bankr. S.D. Ind.) (the "<u>Indiana Action</u>") [D.I. 1].

- Further, on April 24, 2024, Camshaft moved each of the Indiana and New York courts for a protective order barring Apex from producing documents pending the disposition of Camshaft's motions to quash.  *See* Indiana Action [D.I. 21]; New York Action [D.I. 20].

- On April 25, 2024, the Indiana Bankruptcy Court held oral argument and denied Camshaft's *Motion to Quash Non-Party Subpoenas*, with slight modifications to four of the Debtor's thirteen requests.  Indiana Action [D.I. 24].

- The next day, April 26, Camshaft appealed the Indiana Bankruptcy Court's ruling. Indiana Action [D.I. 26].

- Also on April 26, 2024, the New York District Court entered an *Order Denying Motion to Quash Non-Party Subpoena* [D.I. 22] "in light of the Indiana Bankruptcy Court's April 25, 2024 decision denying the Motion to Quash."

- Camshaft's appeal was docketed with the Indiana District Court on April 29, 2024.  *See Camshaft Cap. Fund, LP v. BYJU's Alpha, Inc.*, Case No. 24-cv-733 (S.D. Ind.) [D.I. 1].  The next day, Camshaft filed an *Emergency Motion for a Stay Pending Appeal from Order on Motion to Quash Subpoenas* [D.I. 3].  That motion remains pending.

33.  <u>Camshaft improperly sued Apex to deter it from producing documents</u>.

Specifically, on the morning of April 25, 2024, Camshaft Management sued Apex, seeking to

enjoin it from producing documents in response to the Debtor's subpoenas, among other relief.

*See Camshaft Cap. Mgmt., LLC v. Apex Fund Servs. (Ind.), Inc.*, Case No. 24-cv-713 (S.D. Ind.)

[D.I. 1].  On the same day, Camshaft Management filed an *Emergency Motion for a Temporary*

*Restraining Order* [D.I. 2] seeking to bar Apex from producing documents. A telephone hearing was held that afternoon. The Indiana District Court then entered an *Entry on Jurisdiction* [D.I. 9] dismissing without prejudice Camshaft Management's lawsuit for failure to adequately plead diversity jurisdiction, denying the TRO, and criticizing Camshaft for its "shotgun approach" towards litigation, which "has its problems." The next day, Camshaft Management voluntarily dismissed its lawsuit [D.I. 14]—fewer than 48 hours after it was filed.

34.    <u>Camshaft refused to present Morton for a deposition</u>.

- As noted, on April 19, 2024, the Debtor and GLAS noticed Morton's deposition for April 29, 2024. *Notice of Service of Disc.* [Adv. D.I. 158].

- However, on April 26, 2024, Camshaft moved to quash [Adv. D.I. 156]. On April 30, 2024, the Court heard argument on, and denied, Camshaft's motion. *See Order Denying Camshaft's Mot. to Quash Notice of Videotaped Dep. Upon Oral Examination of William Cameron Morton* [Adv. D.I. 168].

- On May 3, 2024, Camshaft and Morton sought reconsideration of the Court's deposition order [Adv. D.I. 170]. The Court denied that motion too [Adv. D.I. 175].

**D.    Camshaft still refuses to produce highly-material discovery.**

35.    On March 14, 2024, the Court entered its *Order on Finding of Contempt*, ordering monetary sanctions in the amount of $10,000 per day against each of Camshaft and Morton and also issuing a bench warrant for Morton's arrest until he and Camshaft fully complied with the Debtor's outstanding discovery requests. *See generally* Contempt Order. Sixty days and $1.2 million in sanctions later, Camshaft and Morton still refuse to provide required discovery. To this day, Camshaft has not identified the recipient of the Third Fraudulent Transfer. And, since producing a paltry 32 documents on March 6, 2024, Camshaft has not produced a single additional document. Making matters worse, Camshaft refused to log those unproduced responsive documents. Accordingly, the Debtor and GLAS do not know the magnitude of documents improperly shielded from discovery—though, based on Apex's production, they do know many responsive documents exist that are material. Moreover, despite representing to the Court on

May 3, 2024 that it was "willing to produce the documents that are the subject of the Contempt Order," Motion to Reconsider ¶ 5, Camshaft never produced the promised documents.

## REQUESTED RELIEF

36.     By this Motion, the Debtor and GLAS respectfully request that the Court (i) enter a default judgment against Camshaft, with a hearing to be later scheduled to determine damages, (ii) award reasonable attorneys' fees and costs associated with preparing for Morton's deposition and prosecuting this Motion, and (iii) award any further relief that the Court deems just and appropriate.  A proposed Order is enclosed as **Exhibit 1**.

## LEGAL STANDARD

37.     "The choice of [the] appropriate sanction generally is committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974).  Here, there are three separate grounds for levying sanctions against Camshaft.  *First*, pursuant to Rule 26(e) and, alternatively, its inherent powers, the Court can issue sanctions when a party gives false testimony under oath, as here.  *See* Fed. R. Civ. P. 26(e) (requiring a party answering interrogatories to correct its disclosure in a timely manner if it learns that the disclosure is materially incorrect); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46 (1991) ("the power to punish for contempts is inherent in all courts," which "inherent power extends to a full range of litigation abuses") (cleaned-up); *see United States v. Mandujano*, 425 U.S. 564, 576 (1976) ("Perjured testimony is an obvious and flagrant affront to the basic concepts of judicial proceedings.").  *Second*, the Court is empowered to order sanctions when "a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition," as here.  Fed. R. Civ. P. 37(d)(1)(A)(i); *see also Haraway v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 213 F.R.D. 161, 165 (D. Del. 2003) ("Sanctions for failing to appear at a properly noticed deposition are clearly provided for under the Federal Rules of Civil

Procedure."). *Third*, under 11 U.S.C. § 105, the Court has the power to hold parties in civil

contempt for violating its discovery orders. *Mem. Op.* [Adv. D.I. 115] (the "P.I. Opinion") at 8-9.

### BASIS FOR REQUESTED RELIEF

38. Given Camshaft's disavowal of the Federal Rules of Civil Procedure and the

resulting prejudice to the Debtor and its estate, the Court should enter a default judgment against

all three Camshaft Defendants. In this Circuit, courts consider the six *Poulis* factors when deciding

if default judgment is an appropriate sanction:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice*
> to the adversary caused by the failure to meet scheduling orders and
> respond to discovery; (3) a *history* of dilatoriness; (4) whether the
> conduct of the party or the attorney was *willful* or in *bad faith*;
> (5) the effectiveness of sanctions other than dismissal, which entails
> an analysis of *alternative sanctions*; and (6) the *meritoriousness* of
> the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original); *see*

*also Bortex Indus. Co. v. Fiber Optic Designs, Inc.*, 296 F.R.D. 373, 384 (E.D. Pa. 2013) (awarding

dispositive sanctions based on the *Poulis* factors against a party whose corporate representative

committed perjury at his deposition).

39. No single *Poulis* factor is dispositive, and the Court "need not find all *Poulis* factors

weigh in favor" of default judgment. *Huertas v. City of Phila.*, 2005 WL 226149, at *6 (E.D. Pa.

Jan. 26, 2005); *see generally Poulis*, 747 F.2d at 868-70 (affirming dismissal when only two of six

factors were satisfied). Here, under all six *Poulis* factors, default judgment is plainly warranted

based on Morton's material misrepresentations under oath, his refusal to sit for a Court-ordered

deposition, and Camshaft's ongoing refusal to answer interrogatories and produce documents.

**A.    Factor #1:  Camshaft is personally responsible for its discovery misconduct.**

40. The first factor requires the Court to "consider the extent to which the party itself

is responsible for the misconduct," as opposed to its counsel. *Bortex*, 296 F.R.D. at 384.

41.     Here, Camshaft, through its founder and controller Morton,[6] cannot hide behind its

legal counsel for its discovery violations:

- Morton refused to sit for a deposition. *See Patterson*, 2014 WL 2611178, at *4 (finding the first factor met because "Defendants themselves failed to personally appear for two scheduled depositions despite an order compelling their attendance").

- Morton verified Camshaft's false interrogatory answers, swearing that the Second Fraudulent Transfer was "processed March 1, 2023," while ████████████████████ ███████████████████████████████████████████████████████ ████████████████████. *See* Factual Background § A.2, *supra*.

- Morton refused advice of counsel when he decided not to produce documents. *See, e.g.*, Mar. 4, 2024 Hr'g Tr. 4:15-18 (Camshaft's counsel: "As to the . . . documents, as officers of the Court, we advised Mr. Morton that he should produce the documents, he should produce the information, he declined.").

- Morton fled the country to avoid arrest. *See Chanel, Inc. v. Gordashevsky*, 2006 WL 8457203, at *2 (D.N.J. Oct. 11, 2006) ("The fact that Defendant, allegedly, has left the country suggests that Defendant is responsible for the delay in defiance of this Court's Order.").

- Morton chose not to pay sanctions. *See Northstar Fin. Cos. v. Nocerino*, 2013 WL 6061349, at *7 (E.D. Pa. Nov. 18, 2013) (finding the failure to pay sanctions to "reflect[] a personal decision to defy court Orders").

42.     Accordingly, Camshaft is indisputably responsible for its misconduct. *See Bortex*, 296 F.R.D. at 384-85, 388 (finding the first factor "weighs heavily in favor of dismissal," and was "particularly persua[sive]," when a party's corporate representative committed perjury during his deposition as evidenced by emails directly contradicting his deposition statements). The first factor weighs heavily in support of a default judgment.

**B.     Factor #2: Camshaft's ongoing discovery non-compliance has prejudiced the Debtor and its stakeholders.**

43.     Under the second factor, "[c]ourts look for evidence of extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible

---

[6]    As Morton is an officer of Camshaft, "his refusal to cooperate [with discovery] can be imputed" onto Camshaft. *Coastal Mart, Inc. v. Johnson Auto Repair, Inc.*, 196 F.R.D. 30, 33 (E.D. Pa. 2000).

party." *Huertas*, 2005 WL 226149, at *3. "Irremediable harm" is not required. *Patterson*, 2014 WL 2611178, at *4 (cleaned-up). Courts also consider "conduct that hinders a party's ability to conduct discovery, develop the factual record, and reach a speedy and fair resolution to the litigation." *Northstar*, 2013 WL 6061349, at *7 (cleaned-up).

44.    Significant harm and burden have occurred here. As laid out in the Factual Background § C, *supra*, the Debtor and GLAS already have "expended significant time and money filing . . . motions in response to Defendants' noncompliance, and preparing for and attending multiple hearings to obtain information that is clearly discoverable." *Northstar*, 2013 WL 6061349, at *7. But Camshaft is firmly determined to hide the truth at great expense to the estate.

45.    Relatedly, as this Court itself has recognized, Morton's "non-compliance is interfering with the Debtor's ability to properly administer its bankruptcy estate." Contempt Order at 3. The Debtor still does not know what happened to its most valuable asset—the $533 million Alpha Funds. And while misrepresenting what actually happened, Camshaft simultaneously has been frustrating the Debtor's efforts to uncover the truth and identify leads, such as ██████████ ████████████████████████████████████████████████████████

46.    Most recently, by refusing to sit for a deposition, Morton deprived the Debtor and GLAS of their ability to use arguably "the most important discovery tool." *Wabote*, 2022 WL 684844, at *6. There is no substitute for witness testimony, especially in a case involving fraud. Absent Morton's testimony, the Debtor and GLAS may be "unable to obtain the information necessary to support [their] allegations" and certainly will be unable to fully develop the factual record. *Chanel*, 2006 WL 8457203, at *2. As Camshaft's founder and sole controller, Morton has unique information about the fraudulent transfers, which cannot be gleaned from documents and other witnesses.

47.     All told, the harm to the Debtor's estate has been tangible and grave.  On the Petition Date, the funds were still apparently in the United States and, even when moved offshore, were still within the control of a Delaware LLC (Inspilearn) undoubtedly subject to this Court's jurisdiction.  But Camshaft did not disclose Inspilearn's identity until February 23, 2024, giving Inspilearn time to move the funds again at great cost to the estate.  The second factor often "weighs strongly" in favor of default judgment, and does so here.  *Patterson*, 2014 WL 2611178, at *5; *see also Northstar*, 2013 WL 6061349, at *7 ("Evidence of prejudice to an adversary bears substantial weight in support of a dismissal or default judgment.") (cleaned-up).

**C.     Factor #3:  Camshaft has a history of dilatoriness.**

48.     The third factor cannot be in doubt.  Courts have found a history of dilatoriness when, as here, defendants were given "multiple opportunities to satisfy their discovery obligations, but failed to do so despite . . . clear and unambiguous Orders."  *Id.*; *see also Huertas*, 2005 WL 226149 at *3 (failure to attend properly noticed depositions "demonstrate[d] a history of dilatoriness").  That is this case.  The Court held Camshaft and Morton in contempt on March 14, 2024 based, in part, on "Morton's repeated and continued inaction[.]"  Contempt Order at 3. Nothing has changed since then.   Rather than finally produce documents, Camshaft (unsuccessfully) sought to block third-party discovery.  And, in addition to his previous violations of Federal Rules of Civil Procedure 33 and 34, Morton now has violated Rule 30 by refusing to sit for a deposition by the twice-Court-ordered deadline.

**D.     Factor #4:  Camshaft's conduct has been willful and in bad faith.**

49.     A party's conduct is willful or in bad faith when it involves "intentional or self-serving behavior."  *Northstar*, 2013 WL 6061349 at *7.  Even before Morton refused to sit for a deposition, "[t]he record in this adversary proceeding [was] replete with examples of Camshaft deliberately stonewalling any attempt to ascertain the location of the funds—Camshaft refused to

provide this information to the Debtor, and it again refused to provide this information when [this Court] ordered it to do so." P.I. Opinion at 23 (emphasis added). Far from complying with this Court's March 1, 2024 order "to produce all the information requested by the Debtor[,]" Contempt Order at 2, Camshaft frustrated legitimate third-party discovery that ultimately uncovered Camshaft's misrepresentations. Moreover, Camshaft's and Morton's "consistent failure to produce requested documents and obey this Court's orders, at the very least, render their actions willful[.]" *Northstar*, 2013 WL 6061349, at *8. The fourth factor warrants default judgment.

E.      **Factor #5:  Alternative sanctions have proven to be, and would be, ineffective.**

50.     Camshaft and Morton already have been sanctioned for their misconduct. But nothing changed, and they have shown no remorse, continuing to disregard the rules of discovery, as reflected by Morton's recent refusal to sit for a deposition. This misbehavior has "persisted for numerous months," and there is "no reason to expect a change in [] conduct moving forward" from the imposition of further sanctions short of default judgment. *Garcia v. S&F Logistics*, 2022 WL 14228982, at *5 (E.D. Pa. Oct. 24, 2022); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1370 (3d Cir. 1992) (dismissal of a complaint is an "entirely appropriate" sanction "where the district court judge has properly determined that no other sanction would adequately ensure future compliance"); *Northstar*, 2013 WL 6061349, at *8 (finding default judgment "the only appropriate means of redressing Defendants' willful disregard" where the court had already issued three orders regarding "production of the same materials" and "imposed two monetary sanctions, one of which Defendant refuses to honor"). The fifth factor warrants default judgment.

F.      **Factor #6:  The Debtor's and GLAS's fraudulent transfer claims against the Camshaft Defendants are meritorious.**

51.     Under the final factor, meritoriousness, "the appropriate standard is whether the allegations of the pleadings, if established at trial, would support recovery by the plaintiff[.]"

*Chanel*, 2006 WL 8457203, at *3 (cleaned-up).  Courts generally apply a Rule 12(b)(6) standard to determine meritoriousness of a claim.  *Bortex*, 296 F.R.D. at 388.  Though courts in this Circuit are not required to "balance both parties' claims and defenses" when assessing merit, *Chanel*, 2006 WL 8457203, at *3 (cleaned-up), Camshaft's "persistent refusal to produce the documents requested places the meritoriousness of their defenses in serious doubt."  *Northstar*, 2013 WL 6061349, at *8.  Further, the Court already has found following an evidentiary hearing and under a more demanding standard than Rule 12(b)(6) that "[t]he Debtor has shown that it has a reasonable probability of success on its fraudulent transfer claims."  P.I. Opinion at 18.  The Debtor's and GLAS's claims against Camshaft are meritorious, and the final factor warrants default judgment.

*     *     *     *     *

52.     Under the totality of circumstances, default judgment is warranted.  Indeed, in *Poulis*, the Third Circuit affirmed dismissal of claims on a far less compelling record, with only two of six factors satisfied.  There, a plaintiff had failed to answer interrogatories and filed its pretrial statement late, but unlike here, had <u>not</u> engaged in "contumacious behavior."  747 F.2d at 868-70.[7]  Ultimately, the Debtor and GLAS cannot effectively litigate their claims blindfolded, against an adversary willfully refusing to cooperate with discovery and acting in bad faith.  As Camshaft's and Morton's response to the Court's Contempt Order has shown, "there are no alternative sanctions the court could effectively impose" to change their behavior.  *Thorpe*, 262 F.R.D. at 424.  Default judgment is the only appropriate remedy remaining.

---

[7]     *See also, e.g.*, *Bortex*, 296 F.R.D. at 384-85, 387-88 (granting default judgment when the defendant's representative "lied during his deposition about an issue central to this case," among other discovery misconduct); *Thorpe v. Wilmington Hous. Auth.*, 262 F.R.D. 421, 423-24 (D. Del. 2009) (dismissing claims based on a party's failure to respond to discovery and sit for a deposition).

## **LOCAL RULE 7026–1(d) CERTIFICATION OF COUNSEL**

53.    The undersigned counsel certifies that the Debtor and GLAS have made a reasonable effort to meet and confer with counsel to Camshaft regarding this Motion, including a meet and confer on May 13, 2024, but no resolution was reached.  The Debtor and GLAS submit that no further attempts to meet and confer would be productive or should be mandated.

## **NOTICE**

54.    Notice of this Motion will be given to:  (a) the Office of the United States Trustee for the District of Delaware; (b) all Defendants in this Adversary Proceeding, (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) all the non-Debtor Loan Parties. The Debtor submits that, under the circumstances, no other or further notice is required.

## **CONCLUSION**

55.    For all of these reasons, the Motion should be granted.

Dated: Wilmington, Delaware
May 13, 2024

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert S. Brady*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani (admitted pro hac vice)
Benjamin Finestone (admitted pro hac vice)
Daniel Holzman (admitted pro hac vice)
Jianjian Ye (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

*Counsel for Debtor, BYJU's Alpha, Inc.*

*/s/ Laura Davis Jones*

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Email:         ljones@pszjlaw.com
              pkeane@pszjlaw.com

**REED SMITH LLP**
David A. Pisciotta (admitted *pro hac vice*)
Nicholas B. Vislocky (admitted *pro hac vice*)
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Telephone:    (212) 521-5400
Facsimile:    (212) 521-5450
Email:         dpisciotta@reedsmith.com
              nvislocky@reedsmith.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
Richard U.S. Howell, P.C. (admitted *pro hac vice*)
Ravi Subramanian Shankar (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         patrick.nash@kirkland.com
              rhowell@kirkland.com
              ravi.shankar@kirkland.com

-and-

Brian Schartz, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         brian.schartz@kirkland.com

*Counsel to GLAS Trust Company LLC*

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (JTD) |
| | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 24-50013 (JTD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMSHAFT CAPITAL FUND, LP, | ) | |
| CAMSHAFT CAPITAL ADVISORS, LLC, and | ) | |
| CAMSHAFT CAPITAL MANAGEMENT, LLC, | ) | |
| RIJU RAVINDRAN, INSPILEARN LLC, and | ) | |
| THINK & LEARN PRIVATE LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING THE DEBTOR'S AND GLAS TRUST COMPANY LLC'S
MOTION FOR SANCTIONS AGAINST THE CAMSHAFT DEFENDANTS**

Upon consideration of the Plaintiff-Debtor BYJU's Alpha's (the "Debtor") and the

Plaintiff-Intervenor GLAS Trust Company LLC's ("GLAS") *Motion for Sanctions* (the "Motion")

against Camshaft Capital Fund, LP ("Camshaft Fund"), Camshaft Capital Advisors, LLC

("Camshaft Advisors"), and Camshaft Capital Management, LLC ("Camshaft Management")

(collectively, the "Camshaft Defendants"), along with the exhibits thereto, and any responses or

replies filed or argument heard in connection therewith; and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. § 1334 and that venue is proper in this district pursuant to 28 U.S.C.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 16192 Coastal Highway, Lewes, Delaware 19958.

§§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; the Court hereby **ORDERS** that the Motion is **GRANTED** as set forth below:

1.      Default Judgment as to liability is hereby entered in favor of the Debtor and GLAS against the Camshaft Defendants.  Specifically, default judgment as to liability is hereby entered against Camshaft Fund on Count I, Camshaft Fund on Count II, Camshaft Advisors and Camshaft Management on Count III, the Camshaft Defendants on Count VIII, and the Camshaft Defendants on Count XI of the Second Amended Complaint [Adv. D.I. 151].

2.      Any award of the requested relief against the Camshaft Defendants on Counts I, II, III, and XI of the Second Amended Complaint, including monetary damages, will be addressed by the Court at a later date pursuant to a separate scheduling order and evidentiary hearing, if necessary.  If not otherwise raised by the Court, upon the further application of the Debtor and GLAS, the Court will separately issue a scheduling order regarding proceeding on the issue of damages, including under Federal Rule of Civil Procedure 55(b)(2), as made applicable herein by Federal Rule of Bankruptcy Procedure 7055.

3.      Pursuant to Count VIII of the Second Amended Complaint, the Court hereby declares as to the Camshaft Defendants that the Debtor's prepetition transfer of its limited partnership interest in Camshaft Fund to Defendant Inspilearn LLC was *ultra vires*, void *ab initio*, and otherwise without force and legal effect, and that such limited partnership interest and the assets on account of such interest are property of the Debtor's estate under 11 U.S.C. § 541.

4.      Any motions filed by the Camshaft Defendants currently pending before this Court in the above-captioned adversary proceeding, including the *Motion to Dismiss Adversary Proceeding* [Adv. D.I. 180], are hereby **DENIED** as moot.

5.      The Camshaft Defendants shall pay the Debtor's and GLAS's attorneys' fees, costs, and expenses associated with: (i) bringing and prosecuting the Motion; and (ii) the deposition of William Cameron Morton scheduled for May 7, 2024.  The Debtor and GLAS shall submit their invoices for such fees, costs, and expenses within fourteen (14) days of the entry of this Order. Any objection to the fees, costs, and expenses sought by the Debtor and GLAS shall be filed by Camshaft within seven (7) days thereafter.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____


_____
Hon. John T. Dorsey
United States Bankruptcy Judge

# EXHIBIT 2

ATTORNEYS' EYES ONLY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU's ALPHA, INC., [1]<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC, and<br>CAMSHAFT CAPITAL MANAGEMENT, LLC<br><br>　　　　　　　Defendants. | Adv. Pro. Case No. 24-50013 (JTD) |

### CAMSHAFT'S RESPONSES AND OBJECTIONS
### TO DEBTOR'S FIRST SET OF INTERROGATORIES

Defendants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC (collectively, "Camshaft"), by and through their undersigned attorneys, serve the following responses and objections to the First Set of Interrogatories (the "Interrogatories") by Debtor and Plaintiff BYJU's Alpha Inc. (the "Debtor"), which were served on February 16, 2024.

---

[1]　　The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market St. Ste. G20 452, Wilmington, Delaware 19801.

ATTORNEYS' EYES ONLY

## PRELIMINARY STATEMENT

Camshaft's responses below are without prejudice to its position that the claims asserted in the above adversary proceeding are deficient as a matter of law and should be dismissed, which would render any discovery requests in that proceeding moot. Camshaft's responses below are similarly without prejudice to its position that the main case also should be dismissed because it constitutes a bad-faith filing of a petition for bankruptcy.

Camshaft has not completed its investigation of the relevant facts or law. Accordingly, these responses are provided without prejudice to Camshaft's right to amend, correct or supplement the responses, and are subject to Camshaft's right to produce evidence of any subsequently discovered facts, or additional facts, information or documents that may exist whose relevance, significance or applicability has not yet been determined by Camshaft. These responses are provided in good faith based on documents and information presently available and known.

Nothing in these responses shall be construed as an admission regarding the admissibility or relevance of any matter contained in or produced pursuant to these responses, or the admissibility or relevance of documents or information requested in any other discovery requests. This preliminary statement is hereby incorporated by reference into each response to the specific interrogatories set forth below.

## GENERAL OBJECTIONS

1.      Camshaft objects to the Interrogatories to the extent that they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint-defense privilege, or any other applicable privilege, protection, doctrine, exemption or immunity under the law. None of Camshaft's specific objections or responses shall be construed to mean that Camshaft intends to provide privileged or otherwise protected information. Inadvertent

ATTORNEYS' EYES ONLY

production of any information protected by an applicable privilege, protection, or doctrine will not constitute a waiver under the law as to information or subject matter. Camshaft does not and cannot waive the privileges or exemptions of others.

2.      Camshaft objects to the Interrogatories to the extent that they violate the relevance and proportionality limits set forth in Federal Rule of Civil Procedure 26(b)(1), which is incorporated by Federal Rule of Bankruptcy Procedure 7026.

3.      Camshaft objects to the Interrogatories to the extent they purport to require Camshaft to search files, provide information, or review documents in the possession, custody or control of the Debtor or any other third parties, or otherwise require Camshaft to produce information from files other than its own, on the grounds that such information is outside the scope of permissible discovery and such Interrogatories are unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and/or is not relevant to the claims or defenses of either party. Camshaft responds to these Interrogatories only on its own behalf and does not respond on behalf of the Debtor or any other entity.

4.      Camshaft objects to the Interrogatories to the extent they seek confidential, proprietary, trade secret or competitively-sensitive information. Camshaft understands that the responses below will be subject to an appropriate protective order and, until such time as a protective order has been entered, all parties will treat the responses below as confidential and file them under seal.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Camshaft object to the definition of "Debtor" because it is overly broad and encompasses persons and entities that may be unknown to Camshaft.

2.      Camshaft objects to the Instructions to the extent they seek to impose obligations on Camshaft that are broader than those imposed by Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1**:

Identify the details of each and every transfer of the Alpha Funds, including, but not limited to, the transferor and transferee and the date and exact amount of funds transferred.

**Response to Interrogatory No. 1**:

Camshaft objects to this Interrogatory as overly broad, unduly burdensome and not relevant to the claims against Camshaft to the extent it refers to "each and every transfer of the Alpha Funds" or seeks information that is already in Debtor's possession.

Subject to and without waiver of the foregoing objections and the General Objections, Camshaft states as follows:

On March 1, 2023, a 100% transfer was processed from the Camshaft Capital Fund Capital Account of the Debtor to Inspilearn LLC, a U.S. entity and 100% Think and Learn subsidiary. This transfer process started in October 2022. On February 1, 2024, there was a 100% transfer processed from the Camshaft Capital Fund Capital Account to a non-US trust on behalf of Inspilearn LLC, a 100% Think and Learn subsidiary. This transfer process started in November 2023. For clarity, Camshaft does not custody this trust, or any Alpha Funds.

**Interrogatory No. 2**:

Identify the details of each and every transfer of the Camshaft LP Interest or any other interest (whether equity or debt) that the Debtor holds or ever held in Camshaft Capital Fund, including,

but not limited to, the transferor and transferee, the date and exact amount or value of the limited partnership interests (or the equivalent) in Camshaft Capital Fund transferred.

**Response to Interrogatory No. 2**:

Camshaft objects to this Interrogatory as overly broad, unduly burdensome and not relevant to the claims against Camshaft to the extent it refers to any other interest that Debtor holds or ever held in the Camshaft Capital Fund or seeks information that is already in Debtor's possession. The claims against Camshaft relate to the Alpha Funds and not any other transfers or interests.

Subject to and without waiver of the foregoing objections and the General Objections, Camshaft states as follows:

In October 2022, the Debtor expressly began instructing Camshaft to transfer the Camshaft LP interest to Inspilearn LLC. On March 1, 2023 a $539,790,047.44 transfer to Inspilearn LLC was processed. Additionally, the transferee (Inspilearn LLC) made another subscription to Camshaft (with funds unrelated to any monies under the $1.2 billion Term Loan to the Debtor) processed on March 31, 2023; from that date and through June 15, 2023, Inspilearn LLC had a separate Camshaft LP interest that was significant in nature.

**Interrogatory No. 3**:

Identify all Persons that currently beneficially own the Camshaft LP interest.

**Response to Interrogatory No. 3**:

Camshaft objects to this Interrogatory to the extent it is overly broad, unduly burdensome and not relevant to the claims against Camshaft.

Subject to and without waiver of the foregoing objections and the General Objections, Camshaft states as follows:

After Inspilearn LLC represented to Camshaft that it had the right to transfer the Alpha Funds, Camshaft, at the behest of Inspilearn LLC, transferred the funds out of Camshaft's custody

ATTORNEYS' EYES ONLY

to a non-US trust on behalf of Inspilearn LLC, a 100% Think and Learn subsidiary. The representations and warrants that Inspilearn LLC provided are robust and comparable to an opinion letter. For clarity, Camshaft no longer has custody of the Alpha Funds.

**Interrogatory No. 4**:

For each Person identified in response to Interrogatory No. 3, identify the exact amount or value of limited partnership interests (or the equivalent) in Camshaft Capital Fund arising from the Camshaft LP Interest that each such Person currently beneficially owns.

**Response to Interrogatory No. 4**:

Camshaft objects to this Interrogatory as overly broad, unduly burdensome and not relevant to the claims against Camshaft to the extent it seeks information that is not in Camshaft's possession, custody or control.

Subject to and without waiver of the foregoing objections and the General Objections, Camshaft states as follows:

As stated above, Camshaft is no longer the custodian of the Camshaft LP interest following the transfer from Inspilearn LLC to a non-US trust on behalf of Inspilearn LLC, a 100% Think and Learn subsidiary. This transfer was at the behest of Inspilearn LLC and only after the representations and warrants it provided. Camshaft, therefore, cannot value the Camshaft LP interest transferred, as Camshaft does not custody the transferee. The transferee's interests obtained in exchange for transferring the Camshaft LP Interest to it were subsequently and immediately redeemed upon the transfer of the Camshaft LP Interest.

**Interrogatory No. 5**:

Identify the exact date(s) (by month, day, and year) on which the Debtor "transferred all of its investment interest as a limited partner in Camshaft Capital Fund to a third party" (and any affiliated Persons thereof), as referenced in Paragraph 1 of the Camshaft Corrected Complaint.

ATTORNEYS' EYES ONLY

**Response to Interrogatory No. 5**:

Camshaft objects to this Interrogatory as duplicative of Interrogatory No. 2 above. Camshaft incorporates below, by reference, the objections made to Interrogatory No. 2.

Subject to and without waiver of the foregoing objection and the General Objections, Camshaft states as follows:

The Debtor provided express representations and warrants to Camshaft that the Debtor had the right to transfer its $539,790,047.44 investment interest to Inspilearn LLC. In light of these representations and warrants, Camshaft accepted the Debtor's request to transfer the foregoing funds to Inspilearn LLC, which was processed March 1, 2023.

**Interrogatory No. 6**:

Identify the name of the "third party" (and any affiliated Persons thereof) referenced in Paragraph 1 of the Camshaft Corrected Complaint.

**Response to Interrogatory No. 6**:

Camshaft objects to this Interrogatory as duplicative of Interrogatory No. 2 above. Camshaft incorporates below, by reference, the objections made to Interrogatory No. 2.

Subject to and without waiver of the foregoing objection and the General Objections, Camshaft states as follows:

The Debtor provided express representations and warrants to Camshaft that the Debtor had the right to transfer $539,790,047.44 of its investment interest to Inspilearn LLC. In light of these representations and warrants, Camshaft accepted the Debtor's request to transfer the foregoing funds to Inspilearn LLC, which was processed March 1, 2023.

ATTORNEYS' EYES ONLY

**Interrogatory No. 7**:

Identify all Persons with knowledge of the Debtor having "transferred all of its investment interest as a limited partner in Camshaft Capital Fund to a third party[,]" as referenced in Paragraph 1 of the Camshaft Corrected Complaint, and describe each such Person's knowledge.

**Response to Interrogatory No. 7**:



**Interrogatory No. 8**:

Identify the exact fund(s), and any additional or subsequent funds, if the investment was transferred, redeemed, or otherwise exchanged, in which the Alpha Funds were invested and its current risk profile.

**Response to Interrogatory No. 8**:

Camshaft objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to the claims against Camshaft to the extent the investment of the Alpha Funds is not at issue in this action.  Camshaft also objects to this Interrogatory on the same grounds to the extent it seeks information regarding the investment of the Alpha Funds after they were no longer in Camshaft's custody.

Subject to and without waiver of the foregoing objections and the General Objections, Camshaft states as follows:

ATTORNEYS' EYES ONLY

During the period in which Camshaft was a custodian of the Alpha Funds, the investment was in a fixed income portfolio that Debtor felt was a safe risk profile.  In keeping with that risk profile, there was a consistent and small appreciation of the Debtor's capital account at Camshaft. Also, during Camshaft's custody of the Alpha Funds and in accordance with Camshaft's valuation policy and US GAAP, Camshaft's administrator, Apex Fund Services, and Camshaft's auditor, Deloitte and Touche LLP, held the aforementioned Alpha Funds investment at par.

ATTORNEYS' EYES ONLY

As to Objections:

Dated: February 23, 2024
     Wilmington, DE

SAUL EWING LLP

*/s/ Evan T. Miller*

HOGAN LOVELLS US LLP
Pieter Van Tol (admitted *pro hac vice*)
Christopher R. Bryant (admitted *pro hac vice*)
Elizabeth Carter (admitted *pro hac vice*)
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Email: pieter.vantol@hoganlovells.com
     chris.bryant@hoganlovells.com
     elizabeth.carter@hoganlovells.com

Evan T. Miller (No. 5364)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Tel: (302) 421-6864
Email: evan.miller@saul.com

and

and

HOGAN LOVELLS US LLP
David Massey (*admitted pro hac vice*)
600 Brickell Avenue
Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Email: david.massey@hoganlovells.com

SAUL EWING LLP
Turner N. Falk (*pro hac vice*
forthcoming)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Tel: (215) 972-7777
Email: turner.falk@saul.com

*Counsel for Camshaft*

ATTORNEYS' EYES ONLY

## **<u>VERIFICATION</u>**

I, William Morton, hereby state that the facts in the foregoing Camshaft's Responses and Objections to the Debtor's First Set of Interrogatories are based on information obtained from the books and records of Camshaft and/or on my personal knowledge.  I hereby declare under penalty of perjury that the foregoing facts in response to the Interrogatories are true and correct to the best of my knowledge, information, and belief.

February 23, 2024                                   _____

                                                                    William Morton

# EXHIBIT 3

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL MANAGEMENT, LLC, and CAMSHAFT CAPITAL ADVISORS, LLC,

      *Plaintiffs*,

v.

BYJU's Alpha, Inc.,

      *Defendant.*

**COMPLEX BUSINESS LITIGATION DIVISION**

CASE NO.  2023-027523-CA-01

## **CORRECTED COMPLAINT[1]**

Plaintiffs Camshaft Capital Fund, LP ("Camshaft Capital Fund"), Camshaft Capital Management, LLC ("Camshaft Capital Management"), and Camshaft Capital Advisors, LLC ("Camshaft Capital Advisors" and, together with Camshaft Capital Fund and Camshaft Capital Management, collectively "Camshaft") bring the following action (the "Complaint") against Defendant BYJU's Alpha, Inc. ("BYJU's" or "Defendant") and allege as follows:

## **INTRODUCTION**

1.    This is an action for declaratory relief arising out of (i) the status of BYJU's as a former limited partner of Camshaft Capital Fund as of the first quarter of 2023, at which time BYJU's transferred all of its investment interest as a limited partner in Camshaft Capital Fund to a third party; (ii) the appointment of Mr. Timothy R. Pohl ("Mr. Pohl") as the sole director and officer of BYJU's; and (iii) Mr. Pohl's November 20, 2023, demand that Camshaft provide certain very broad categories of books and records of Camshaft, despite the fact that BYJU's is no longer

---

[1]     Camshaft submits this Corrected Complaint to revise a scrivener's error regarding the state of incorporation for Defendant and three typographical errors in paragraphs 3, 10, and 66.  The remainder of the Corrected Complaint remains unchanged from the initial Complaint filed on December 4, 2023 (Dkt. No. 2).

a limited partner of Camshaft Capital Fund.

2.      Camshaft is in doubt as to the existence or non-existence of its rights under contract, as well as Camshaft's absence of any statutory obligations with respect to BYJU's demand for books and records under Delaware law.

3.      More specifically, Camshaft is in doubt as to the absence of any statutory obligations it may have to disclose books and records information to BYJU's, a former limited partner of Camshaft Capital Fund, because BYJU's has transferred all of its investment interest to another entity, resulting in BYJU's having a zero-balance capital account in Camshaft Capital Fund, thereby terminating its relationship with Camshaft. *See Greenhouse v. Polychain Fund I LP*, No. CV 2018-0214-JRS, 2019 WL 2290245, at \*4-5 (Del. Ch. May 29, 2019) (holding that the plaintiff had no standing to seek books and records under 6 Del. C. § 17-305 because the plaintiff was no longer a limited partner and the statute "affords . . . no right to former limited partners to inspect a partnership's books and records.").

4.      Likewise, Camshaft is in doubt as to any contractual (or statutory) rights it may have to refuse to disclose books and records to BYJU's as a former limited partner of Camshaft Capital Fund.

5.      Camshaft is entitled to have such doubt removed.

6.      BYJU's takes the position that it is entitled to control and access of the Camshaft books and records that it seeks.

7.      BYJU's has stated in writing that if it does not receive such books and records, despite being a former limited partner, it will "seek appropriate relief to the fullest extent permitted under law" against Camshaft. Demand Letter from Timothy R. Pohl to Camshaft dated November 20, 2023, at 3 (hereinafter the "Demand Letter") (attached as Exhibit "A").

8.      BYJU's position is clear: despite the lack of any statutory or contractual rights as a former limited partner, it intends to file a lawsuit in a misguided attempt to vindicate purported rights that do not exist.

9.      This is not a new dispute. Mr. Pohl is the hand-selected agent of GLAS, which previously brought a suit to achieve a similar goal: to obtain third-party Camshaft records without a proper basis.  Camshaft has resisted these improper methods to attempt to obtain records of a third party when BYJU's has not been held to have made a fraudulent transfer under the terms of the Credit Agreement.  As the Court will recall, GLAS, sought similar relief that Mr. Pohl is now seeking.  GLAS and Mr. Pohl's objectives have not changed but merely are now wrapped in a different tactic.  Attempting to access this information through BYJU's, a former limited partner of Camshaft Capital Fund, that has no right to Camshaft's records.

## <u>THE PARTIES</u>

10.      Plaintiff Camshaft Capital Fund is a Pooled Investment Vehicle operating as a hedge fund.  Camshaft Capital Fund is a limited partnership organized and existing under the laws of the State of Delaware (File No. 3441752) with its principal place of business at 16850 Collins Avenue, #112408, Sunny Isles Beach, Florida 33160.

11.      Plaintiff Camshaft Capital Management is the General Partner for Camshaft Capital Fund.  Camshaft Capital Management is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 16850 Collins Avenue, #112408, Sunny Isles Beach, Florida 33160.

12.      Plaintiff Camshaft Capital Advisors is an investment management firm that services institutional clients.  Camshaft Capital Advisors is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 16850

Collins Avenue, #112408, Sunny Isles Beach, Florida 33160.

13.    Defendant BYJU's is a special-purpose financing vehicle in the business of designing and developing education software solutions.  BYJU's is a corporation organized and existing under the laws of the State of Delaware.

14.    BYJU's is a former limited partner of Camshaft Capital Fund.

15.    BYJU's was never a limited partner or member of Camshaft Capital Management or Camshaft Capital Advisors.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this action under Florida Statute Section 86.011, as this Court has jurisdiction to enter declaratory judgments.

17.    This is an action in which the amount in controversy exceeds seven hundred and fifty thousand dollars ($750,000.00), exclusive of interest and costs to which Camshaft would be entitled, and is otherwise within the subject matter jurisdiction of this Court.

18.    This Court has personal jurisdiction over BYJU's because BYJU's negotiated and entered into a partnership relationship in Florida and with Florida-based entities.

19.    Venue is proper in Miami-Dade County, Florida, because, among other things, Section 11.03 of the Second Amended and Restated Limited Partnership Agreement (Revised) of Camshaft Capital Fund, LP (hereinafter the "LPA") that is implicated in this lawsuit provides: "Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement may be brought against any of the parties in the courts of the ***State of Florida*** . . . ." (emphasis added).

## FACTUAL ALLEGATIONS

**I.**     ***BYJU's Former Partnership Relationship with Camshaft Capital Fund***

20.     In April and July 2022, BYJU's made certain investments in Camshaft Capital Fund totaling $533 million (the "Investment").

21.     As a result, BYJU's became a limited partner in Camshaft Capital Fund.

22.     While BYJU's was a limited partner of Camshaft Capital Fund, BYJU's rights and obligations as to the Investment were governed by the LPA, as well as the Delaware Statutes, including the Delaware Revised Uniform Limited Partnership Act, 6 Del. C. § 17-101 *et seq*.

23.     Further, the LPA is governed by Delaware law, but the jurisdictional provision of the LPA provides that actions pertaining to enforcement of any provisions or rights under the agreement must be brought in the courts of the State of Florida.

24.     BYJU's is no longer a partner of Camshaft Capital Fund and, therefore, BYJU's has no rights to inspect Camshaft's books and record.

**II.**     ***BYJU's Transfers All of Its Interest in Camshaft Capital Fund to a Third Party***

25.     In the first quarter of 2023, and prior to Mr. Pohl's appointment as a director of BYJU's, BYJU's transferred one hundred percent of its interest in Camshaft to a third party pursuant to the terms of the LPA.

26.     As of the date of the transfer, BYJU's has a zero-balance capital account, thus terminating its Investment and making it a ***former*** limited partner of Camshaft Capital Fund.

**III.**     ***BYJU's Demand For Camshaft's Books and Records
and Camshaft's Refusal to Comply with the Request***

27.      On November 20, 2023, approximately three quarters ***after*** the transfer of all of BYJU's interest in Camshaft Capital Fund to a third party, Mr. Pohl, representing himself as the sole director, chief executive officer, and secretary of BYJU's, sent a Demand Letter to Camshaft

asserting **fifteen** very broad document requests and demanding that a wide array of Camshaft's books and records be provided to BYJU's within five (5) business days. Ex. A at 1–3. These requests are similar to those submitted to this Court by GLAS.

28.     Mr. Pohl, as representative of BYJU's, states in the Demand Letter that BYJU's is entitled to access and control of Camshaft's books and records regarding the Investment under "contractual and legal rights, including Section 17-305 of the Delaware [L]imited [P]artnership [A]ct." Ex. A at 1. That is Mr. Pohl's sole statutory basis for demanding books and records from Camshaft.

29.     Subsequently, on December 4, 2023, Camshaft, through undersigned counsel, sent a response letter to BYJU's counsel and Mr. Pohl (the "Response Letter") (attached here to as Exhibit "B"), notifying BYJU's that as a former limited partner of Camshaft Capital Fund, it has no contractual or statutory right to access Camshaft's books and records.

30.     BYJU's Demand Letter is clear that in the event Camshaft "does not respond or provide the requested information," BYJU's will "seek appropriate relief to the fullest extent permitted under the law," Ex. A at 3, which undoubtedly threatens the filing of a lawsuit.

**IV.    *An Actual Controversy Exists Between Camshaft and BYJU's***

31.     As such, there exists an actual controversy between the parties as to whether BYJU's, as a former limited partner of Camshaft Capital Fund, has the right to access books and records. And likewise, whether Camshaft has an obligation to disclose those books and records to a **former** limited partner in Camshaft Capital Fund demanding they be turned over.

32.     Although a present controversy is not required under Florida law, the issuance of a judgment by this Court would resolve the existing controversy between the parties relating to the dispute described above (and as further described below) and resolve Camshaft's doubt as to

whether it has any obligation to respond to BYJU's demand as a consequence of BYJU's status as a former limited partner of Camshaft Capital Fund. That is, this action will declare the rights and obligations of Camshaft under the LPA and the relevant Delaware law.

33.     This Complaint clearly satisfies the elements of the Declaratory Judgment Act, which are:

a.      A bona fide, actual, present practical need for the declaration;

b.      That the declaration should deal with a present, ascertained, or ascertainable state of facts **OR** a present controversy as to a state of facts;

c.      That some immunity, power, privilege, or right of the complaining party is dependent upon the facts or the law applicable to the facts;

d.      That there is some person or persons who have, or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law; and

e.      That the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

*May v. Holley*, 59 So.2d 636, 639 (Fla.1952).

34.     Accordingly, declaratory relief is warranted because a justiciable controversy exists as to whether Camshaft has the right to refuse to disclose its books and records to a former limited partner, which has no statutory or contractual rights to inspect such records.

## COUNT I
### (Declaratory Judgment That Camshaft Owes No Duty or Obligation to Disclose Books and Records to BYJU's Pursuant to 6 Del. C. § 17-305)

35.    The allegations in paragraphs 1 through 34 above are incorporated by reference as though fully set forth herein.

36.    This is an action against BYJU's for a declaratory judgment under the Florida Declaratory Judgment Act, § 86.011 *et seq.*, Florida Statutes.

37.    As of the first quarter of 2023, BYJU's was no longer a partner of Camshaft Capital Fund because BYJU's had transferred all of its interest in Camshaft Capital Fund, including but not limited to the entirety of its interest in the Investment to a third party, resulting in BYJU's having a zero-balance capital account.

38.    On November 20, 2023, BYJU's representative, Mr. Pohl, sent a Demand Letter to Camshaft asserting that, among other things, pursuant to "Section 17-305 of the Delaware [L]imited [P]artnership [A]ct" BYJU's is entitled to access and control over certain Camshaft books and records pertaining to the Investment.  Ex. A at 1.

39.    Section 17-305(a) of the Delaware Revised Uniform Limited Partnership Act provides that:

> (a) Each ***limited partner***, in person or by attorney or other agent, has the right, subject to such reasonable standards (including standards governing what information (including books, records and other documents) is to be furnished, at what time and location and at whose expense) as may be set forth in the partnership agreement or otherwise established by the general partners, to obtain from the general partners from time to time upon reasonable demand for any purpose ***reasonably related to the limited partner's interest as a limited partner***:
>
> (1) True and full information regarding the status of the business and financial condition of the limited partnership;
>
> (2) Promptly after becoming available, a copy of the limited partnership's federal, state and local income tax returns for each year;
>
> (3) A current list of the name and last known business, residence or mailing address of each partner;

(4) A copy of any written partnership agreement and certificate of limited partnership and all amendments thereto, together with executed copies of any written powers of attorney pursuant to which the partnership agreement and any certificate and all amendments thereto have been executed;

(5) True and full information regarding the amount of cash and a description and statement of the agreed value of any other property or services contributed by each partner and which each partner has agreed to contribute in the future, and the date on which each became a partner; and

(6) Other information regarding the affairs of the limited partnership as is just and reasonable.

6 Del. C. § 17-305(a)(1)-(6) (emphasis added).

40.     BYJU's is not a limited partner of any Camshaft entity and, thus, this statute does not apply to it, and it has no statutory right to request books and records under Section 17-305 of the Delaware Revised Uniform Limited Partnership Act. *Greenhouse v. Polychain Fund I LP*, No. CV 2018-0214-JRS, 2019 WL 2290245, at \*4-5 (Del. Ch. May 29, 2019) (holding that the plaintiff had no standing to seek books and records under 6 Del. C. § 17-305 because the plaintiff was no longer a limited partner and the statute "affords . . . no right to former limited partners to inspect a partnership's books and records.").

41.     On December 4, 2023, Camshaft responded to BYJU's Demand Letter and notified BYJU's that it had no statutory standing to request books and records, and rejected BYJU's request for the disclosure of the requested books and records. *See generally* Ex. B.

42.     There is a bona fide, actual, present practical need for the declaration because BYJU's has demanded Camshaft provide numerous very broad categories of books and records pertaining to the Investment, despite the fact that BYJU's is a former limited partner of Camshaft Capital Fund with a zero-balance capital account.

43.     BYJU's was never a limited partner of any other Camshaft entity.

44.     As a result of the Demand Letter and its threat of legal action, Camshaft is in doubt as to what its rights and obligations are to BYJU's under the Delaware Revised Uniform Limited

Partnership Act, particularly Section 17-305, and, as such, whether Camshaft properly rejected BYJU's demand for books and records as a former limited partner.

45.     Camshaft's declaratory judgment action relates to a present, ascertained, or ascertainable state of facts or controversy because BYJU's has expressly stated in writing that in the event of non-compliance with providing the requested information, it will "seek appropriate relief to the fullest extent permitted under law" against Camshaft, which is which is a clear threat to file a lawsuit.  Ex. A at 3.

46.     Camshaft, as the complaining party, must be assured of its right to refuse to disclose confidential and trade secret books and records to BYJU's, a former limited partner of Camshaft Capital Fund.

47.     BYJU's reasonably has an actual, present, adverse, and antagonistic interest in Camshaft's requested declaratory relief.

48.     All the antagonistic and adverse interests are all before the Court because this is a question of the rights or obligations of BYJU's and Camshaft pursuant to BYJU's demand for Camshaft's books and records.

49.     The relief sought by Camshaft is not an attempt to obtain advisory legal advice from this Court, or the answer to questions propounded from curiosity.

**WHEREFORE**,  Camshaft respectfully requests that this Court enter judgment against BYJU's declaring that Camshaft has no statutory obligation, including under Section 17-305 of the Delaware Revised Uniform Limited Partnership Act, to disclose any of its books and records to BYJU's.

## COUNT II
### (Declaratory Judgment That Camshaft Owes No Duty to Disclose Books and Records to BYJU's Pursuant to the LPA)

50.     The allegations in paragraphs 1 through 34 above are incorporated by reference as though fully set forth herein.

51.     This is an action against BYJU's for a declaratory judgment under the Florida Declaratory Judgment Act, § 86.011 *et seq.*, Florida Statutes.

52.     As of the first quarter of 2023, BYJU's was no longer a partner of Camshaft Capital Fund because BYJU's had transferred all of its interest in Camshaft Capital Fund, including but not limited to its interest in the Investment to a third party, resulting in BYJU's having a zero-balance capital account.

53.     On November 20, 2023, BYJU's representative, Mr. Pohl, sent a Demand Letter asserting that, among other things, pursuant to "contractual . . . rights" BYJU's entitled to access to very broad categories of Camshaft's books and records.  Ex. A at 1.

54.     During the time BYJU's was a limited partner of Camshaft Capital Fund, its rights were governed by the LPA.

55.     Section 7.02 of the LPA provides:

7.02    Books and Records.  The General Partner [Camshaft Capital Management] shall keep or cause to be kept, at the Partnership's [Camshaft Capital Fund's] expense, full, complete and accurate books of account and other records showing the assets, liabilities, costs, expenditures, receipts, Net Profits and Net Losses of the Partnership [Camshaft Capital Fund], the respective Capital Accounts of the Partners and such other matters required by the Act.  Such books of account shall be the property of the Partnership [Camshaft Capital Fund], shall be kept in accordance with sound accounting principles and procedures consistently applied, and shall be open to the reasonable inspection and examination of the Partners or their duly authorized representatives upon notice to the General Partner [Camshaft Capital Management].  The books of account shall be maintained at the principal office of the General Partner [Camshaft Capital Management] or at the office of the Partnership's [Camshaft Capital Fund's] accounting or administrative firm, as determined by the General Partner [Camshaft Capital Management] in its sole

discretion.    Notwithstanding the foregoing, however, the General Partner [Camshaft Capital Management] is not obligated to show any Partners records detailing the actual Securities trades placed by the Partnership [Camshaft Capital Fund].  Information regarding the Partnership's [Camshaft Capital Fund's] trading and specific investments is proprietary.

56.    The LPA is the only contractual basis by which BYJU's claims any right to demand Camshaft's books and records.

57.    BYJU's is a former limited partner of Camshaft Capital Fund and, thus, has no contractual right under the LPA to inspect Camshaft's books and records.

58.    BYJU's was not a limited partner of any other Camshaft entity.

59.    On December 4, 2023, Camshaft responded to BYJU's Demand Letter and notified BYJU's that it had no contractual right to demand books and records because BYJU's is not a limited partner of Camshaft Capital Fund.  *See generally* Ex. B.

60.    There is a bona fide, actual, present practical need for the declaration because BYJU's has demanded Camshaft to provide very broad categories of books and records, but BYJU's is no longer a partner of Camshaft Capital Fund by virtue of BYJU's transfer of all its interest in Camshaft Capital Fund to a third party.

61.    As a result of the Demand Letter and its threat of legal action, Camshaft is in doubt as to its contractual rights under the LPA and, as such, whether Camshaft must comply with BYJU's demand for the production of documents when BYJU's is a former limited partner of Camshaft Capital Fund and has no right to inspect any of Camshaft's books and records.

62.    Camshaft's declaratory judgment action relates to a present, ascertained, or ascertainable state of facts or controversy because BYJU's has expressly stated in writing that in the event of non-compliance with providing the requested information, it will "seek appropriate

relief to the fullest extent permitted under law" against Camshaft, which is a clear threat to file a lawsuit. Ex. A at 3.

63.     Camshaft, as the complaining party, must be assured of its right to refuse to disclose confidential and trade secret books and records to BYJU's, a former limited partner of Camshaft Capital Fund.

64.     BYJU's reasonably has an actual, present, adverse, and antagonistic interest in Camshaft's requested declaratory relief.

65.     All the antagonistic and adverse interests are all before the Court because this is a question of the rights or obligations of BYJU's and Camshaft pursuant to BYJU's demand for Camshaft's books and records.

66.     The relief sought by Camshaft does not seek advisory legal advice from this Court, or the answer to questions propounded from curiosity.

**WHEREFORE**, Camshaft respectfully requests that this Court enter judgment against BYJU's declaring that Camshaft has no contractual obligation under the LPA to disclose any of its books and records to BYJU's.

## PRAYER FOR RELIEF

**WHEREFORE**, Camshaft respectfully requests that this Court enter judgment against BYJU's:

a.      Declaring that Camshaft has no statutory obligation to disclose any of its books and records to BYJU's.

b.      Declaring that Camshaft has no contractual obligation under the LPA to disclose any of its books and records to BYJU's.

c.      Granting Camshaft any further relief the Court deems just and appropriate.

Dated: December 15, 2023.

Respectfully submitted,

**HOGAN LOVELLS US LLP**
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Tel: 305-459-6500
Fax: 305-459-6550

By:/s/ *David B. Massey*
David B. Massey
Florida Bar No. 86129
Marty Steinberg
Florida Bar No. 187293
david.massey@hoganlovells.com
marty.steinberg@hoganlovells.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of December, 2023, a true and correct copy of

the foregoing document was electronically filed, which will serve a Notice of Filing on all counsel

of record, via the Court's e-service system.

By:/s/  *David Massey*__
David B. Massey

14

# EXHIBIT 4

# DOCUMENT FILED UNDER SEAL

# EXHIBIT 5

## DOCUMENT FILED UNDER SEAL

# Exhibit 6

## DOCUMENT FILED UNDER SEAL

# EXHIBIT 7

## DOCUMENT FILED UNDER SEAL

# EXHIBIT 8

## DOCUMENT FILED UNDER SEAL

# EXHIBIT 9

## DOCUMENT FILED UNDER SEAL

# EXHIBIT 10



17 May 2023

**Byjus Alpha, Inc.**

Att: Riju Ravindran
3160 DE LA CRUZ BLVD STE 204,
SANTA CLARA CA 95054
United States

# Camshaft Capital Fund, LP

| PARTIAL WITHDRAWAL CONFIRMATION | |
| --- | --- |
| We hereby confirm your PARTIAL WITHDRAWAL from Camshaft Capital Fund, LP | |
| Amount | **USD 539,790,047.44** |
| Dealing date | **01 March 2023** |
| Reference | **3427203** |

Transfer to Inspilearn LLC as of Mar  1 2023.

Please contact Apex Fund Services (Canada) Ltd at +1 416 361 5049 should you require further information.

Registered Office: c/o Business Filings, Inc., 108 West 13th Street, Wilmington, Delaware 19801-3204
Administration Office: Apex Fund Services (Canada) Ltd, 350 Bay Street, Suite 1200, Toronto, ON, M5H 2S6, Canada
www.apexfundservices.com

Page 1 of 1

ATTORNEYS' EYES ONLY - CONFIDENTIAL

APEXFUND_00002070



17 May 2023

**Inspilearn LLC**

Att: Riju Ravindran
16192 Coastal Highway
Lewes Delaware 19958
United States

# Camshaft Capital Fund, LP

| **CONTRIBUTION CONFIRMATION** | |
|---|---|
| We hereby confirm your CONTRIBUTION to Camshaft Capital Fund, LP | |
| Amount | **USD 539,790,047.44** |
| Dealing date | **01 March 2023** |
| Reference | **3427204** |

Transfer from Byjus Alpha, Inc as of Mar 1 2023.

Please contact Apex Fund Services (Canada) Ltd at +1 416 361 5049 should you require further information.

Registered Office: c/o Business Filings, Inc., 108 West 13th Street, Wilmington, Delaware 19801-3204
Administration Office: Apex Fund Services (Canada) Ltd, 350 Bay Street, Suite 1200, Toronto, ON, M5H 2S6, Canada
www.apexfundservices.com

ATTORNEYS' EYES ONLY - CONFIDENTIAL

APEXFUND_00002071

# EXHIBIT 11

| | |
|---|---|
| **From:** | *benjaminfinestone@quinnemanuel.com |
| **To:** | Van Tol, Pieter |
| **Cc:** | Jianjian Ye; Fei Lu; Carter, Elizabeth C; Miller, Evan T.; Massey, David B; Susheel Kirpalani; Christine Botvinnik; Jordan Nakdimon; Enos, Kenneth; Schartz, Brian; Howell, Richard U. S.; Shankar, Ravi Subramanian; Peter J. Keane; *ljones@pszjlaw.com; *skorpus@kasowitz.com; *DMax@kasowitz.com; Sondra D. Grigsby; Kenneth Coleman; William Chipman; Michelle Dero; Joseph Cicero; rbrady@ycst.com |
| **Subject:** | RE: BYJU"s Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton |
| **Date:** | Friday, May 3, 2024 9:39:04 AM |

---

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

In view of (i) your lack of response by 9:00 am ET this morning and (ii) your position this morning that Mr. Morton will not appear in London on May 7 in any event, the Deposition will commence on May 7 at 9:00 am ET at Quinn Emanuel's offices in Miami. 2601 South Bayshore Dr, Suite 1550, Miami, FL 33133.

Ben Finestone
212-849-7341 Office
917-846-3228 Mobile

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Friday, May 3, 2024 8:55 AM
**To:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>
**Cc:** Jianjian Ye <jianjianye@quinnemanuel.com>; Fei Lu <jingfeilu@quinnemanuel.com>; Carter, Elizabeth C <elizabeth.carter@hoganlovells.com>; Miller, Evan T. <evan.miller@saul.com>; Massey, David B <david.massey@hoganlovells.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Christine Botvinnik <christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon <jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Peter J. Keane <pkeane@pszjlaw.com>; Laura Davis Jones <ljones@pszjlaw.com>; Sheron Korpus <SKorpus@kasowitz.com>; David M. Max <DMax@kasowitz.com>; Sondra D. Grigsby <SGrigsby@kasowitz.com>; Kenneth Coleman <KColeman@kasowitz.com>; William Chipman <Chipman@chipmanbrown.com>; Michelle Dero <Dero@chipmanbrown.com>; Joseph Cicero <Cicero@chipmanbrown.com>; rbrady@ycst.com
**Subject:** Re: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton

---

[EXTERNAL EMAIL from pieter.vantol@hoganlovells.com]

---

10:15 works.  Can someone circulate a zoom invite?

On May 3, 2024, at 8:08 AM, Van Tol, Pieter <pieter.vantol@hoganlovells.com> wrote:

Checking availability on our side now

> On May 3, 2024, at 7:46 AM, Benjamin Finestone <benjaminfinestone@quinnemanuel.com> wrote:
>
> **[EXTERNAL]**
> I can talk at 1015 to hear what you think warrants discussion, but the Debtor's position is unchanged.  Maybe you will tell us where our funds are?
>
> Ben Finestone
> (917) 846 3228
>
> ---
>
> **From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
> **Sent:** Friday, May 3, 2024 6:53 AM
> **To:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>
> **Cc:** Jianjian Ye <jianjianye@quinnemanuel.com>; Fei Lu <jingfeilu@quinnemanuel.com>; Carter, Elizabeth C <elizabeth.carter@hoganlovells.com>; Miller, Evan T. <evan.miller@saul.com>; Massey, David B <david.massey@hoganlovells.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Christine Botvinnik <christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon <jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Peter J. Keane <pkeane@pszjlaw.com>; Laura Davis Jones <ljones@pszjlaw.com>; Sheron Korpus <SKorpus@kasowitz.com>; David M. Max <DMax@kasowitz.com>; Sondra D. Grigsby <SGrigsby@kasowitz.com>; Kenneth Coleman <KColeman@kasowitz.com>; William Chipman <Chipman@chipmanbrown.com>; Michelle Dero <Dero@chipmanbrown.com>; Joseph Cicero <Cicero@chipmanbrown.com>; rbrady@ycst.com
> **Subject:** Re: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton
>
> **[EXTERNAL EMAIL from pieter.vantol@hoganlovells.com]**
>
> ---

Ben —

Can we schedule a call this morning to discuss?

Regards,

Pieter

On May 2, 2024, at 5:33 PM, Benjamin Finestone
<benjaminfinestone@quinnemanuel.com> wrote:

**[EXTERNAL]**
As noted, very reasonably, the Debtor is affording Mr
Morton his choice of London or Miami for his deposition.
But if we do not hear from you by 9 am tomorrow
confirming his attendance and making said election of
location, consider the deposition noticed to occur in Miami
at QEs office.

Ben I. Finestone
917 846-3228

**From:** Jianjian Ye <jianjianye@quinnemanuel.com>
**Sent:** Thursday, May 2, 2024 2:59:36 PM
**To:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Cc:** Benjamin Finestone
<benjaminfinestone@quinnemanuel.com>; Fei Lu
<jingfeilu@quinnemanuel.com>; Carter, Elizabeth C
<elizabeth.carter@hoganlovells.com>; Miller, Evan T.
<evan.miller@saul.com>; Massey, David B
<david.massey@hoganlovells.com>; Susheel Kirpalani
<susheelkirpalani@quinnemanuel.com>; Christine Botvinnik
<christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon
<jordannakdimon@quinnemanuel.com>; Enos, Kenneth
<kenos@ycst.com>; rbrady@ycst.com <rbrady@ycst.com>;
Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U.
S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian
<ravi.shankar@kirkland.com>; Peter J. Keane
<pkeane@pszjlaw.com>; Laura Davis Jones
<ljones@pszjlaw.com>; Sheron Korpus
<SKorpus@kasowitz.com>; David M. Max
<DMax@kasowitz.com>; Sondra D. Grigsby

<[SGrigsby@kasowitz.com](mailto:SGrigsby@kasowitz.com)>; Kenneth Coleman
<[KColeman@kasowitz.com](mailto:KColeman@kasowitz.com)>; William Chipman
<[Chipman@chipmanbrown.com](mailto:Chipman@chipmanbrown.com)>; Michelle Dero
<[Dero@chipmanbrown.com](mailto:Dero@chipmanbrown.com)>; Joseph Cicero
<[Cicero@chipmanbrown.com](mailto:Cicero@chipmanbrown.com)>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton

Pieter,

Pursuant to the Court's order at D.I. 168, we intend on taking Mr. Morton's deposition at QE's London or Miami offices on 5/7.  Please let us know by 9:00 am ET tomorrow morning which location Mr. Morton will sit for his deposition.  All parties need to make travel and logistics arrangements.

Regards,

**Jianjian Ye**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7573 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
[jianjianye@quinnemanuel.com](mailto:jianjianye@quinnemanuel.com)
[www.quinnemanuel.com](http://www.quinnemanuel.com)

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jianjian Ye
**Sent:** Wednesday, May 1, 2024 9:11 PM
**To:** Van Tol, Pieter <[pieter.vantol@hoganlovells.com](mailto:pieter.vantol@hoganlovells.com)>
**Cc:** Benjamin Finestone

<benjaminfinestone@quinnemanuel.com>; Fei Lu
<jingfeilu@quinnemanuel.com>; Carter, Elizabeth C
<elizabeth.carter@hoganlovells.com>; Miller, Evan T.
<evan.miller@saul.com>; Massey, David B
<david.massey@hoganlovells.com>; Susheel Kirpalani
<susheelkirpalani@quinnemanuel.com>; Christine Botvinnik
<christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon
<jordannakdimon@quinnemanuel.com>; Enos, Kenneth
<kenos@ycst.com>, <rbrady@ycst.com>; Schartz, Brian
<bschartz@kirkland.com>; Howell, Richard U. S.
<rhowell@kirkland.com>; Shankar, Ravi Subramanian
<ravi.shankar@kirkland.com>; Peter J. Keane
<pkeane@pszjlaw.com>; Laura Davis Jones
<ljones@pszjlaw.com>; Sheron Korpus
<SKorpus@kasowitz.com>; David M. Max
<DMax@kasowitz.com>; Sondra D. Grigsby
<SGrigsby@kasowitz.com>; Kenneth Coleman
<KColeman@kasowitz.com>; William Chipman
<Chipman@chipmanbrown.com>; Michelle Dero
<Dero@chipmanbrown.com>; Joseph Cicero
<Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv.
Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William
Morton


Pieter,


At minute 45 second 29 of the recording for the status
conference (Dkt. No. 182), Judge Dorsey said—


> I'll leave it to the Debtors whether they want to, um,
> do that deposition live in Miami or go overseas to
> take the deposition or do it virtually, that's up to
> them.


Given Judge Dorsey's clear instruction, we reject your edits
which are inconsistent with his ruling.

We are available to meet and confer with you tomorrow morning at 10 A.M. as a final attempt to reach consensus. We will send a dial in.


Best,


**Jianjian Ye**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7573 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
jianjianye@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Wednesday, May 1, 2024 6:57 PM
**To:** Jianjian Ye <jianjianye@quinnemanuel.com>
**Cc:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Fei Lu <jingfeilu@quinnemanuel.com>; Carter, Elizabeth C <elizabeth.carter@hoganlovells.com>; Miller, Evan T. <evan.miller@saul.com>; Massey, David B <david.massey@hoganlovells.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Christine Botvinnik <christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon <jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>; <rbrady@ycst.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Peter J. Keane <pkeane@pszjlaw.com>; Laura Davis Jones <ljones@pszjlaw.com>; Sheron Korpus <SKorpus@kasowitz.com>; David M. Max <DMax@kasowitz.com>; Sondra D. Grigsby

<SGrigsby@kasowitz.com>; Kenneth Coleman
<KColeman@kasowitz.com>; William Chipman
<Chipman@chipmanbrown.com>; Michelle Dero
<Dero@chipmanbrown.com>; Joseph Cicero
<Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv.
Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William
Morton
**Importance:** High


**[EXTERNAL EMAIL from pieter.vantol@hoganlovells.com]**


JJ —


We have the attached edits to the draft order, which reflects
what the Court ordered.  The Court did not direct the place
of the deposition or how it would be conducted.  The Court
said that it could be in Miami, overseas or by remote means.
In that vein, we note that the deposition notice served by
the Debtor and GLAS on April 19, 2024 (which was the
subject of the motion to quash) states as follows:


"If Morton is outside of the United States, the Debtor and
GLAS are willing to discuss in good faith taking his deposition
abroad or, alternatively, by remote means."


We reserve all rights with respect to Mr. Morton's
deposition and we are providing the attached comments
because the Court directed the parties to confer on the form
of an order.


Regards,

Pieter

---

**From:** Van Tol, Pieter
**Sent:** Wednesday, May 1, 2024 4:22 PM
**To:** 'Jianjian Ye' <jianjianye@quinnemanuel.com>
**Cc:** Benjamin Finestone
<benjaminfinestone@quinnemanuel.com>; Fei Lu
<jingfeilu@quinnemanuel.com>; Carter, Elizabeth C
<elizabeth.carter@hoganlovells.com>; Miller, Evan T.
<evan.miller@saul.com>; Massey, David B
<david.massey@hoganlovells.com>; Susheel Kirpalani
<susheelkirpalani@quinnemanuel.com>; Christine Botvinnik
<christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon
<jordannakdimon@quinnemanuel.com>; Enos, Kenneth
<kenos@ycst.com>, <rbrady@ycst.com>; Schartz, Brian
<bschartz@kirkland.com>; Howell, Richard U. S.
<rhowell@kirkland.com>; Shankar, Ravi Subramanian
<ravi.shankar@kirkland.com>; Peter J. Keane
<pkeane@pszjlaw.com>; Laura Davis Jones
<ljones@pszjlaw.com>; Sheron Korpus
<SKorpus@kasowitz.com>; David M. Max
<DMax@kasowitz.com>; Sondra D. Grigsby
<SGrigsby@kasowitz.com>; Kenneth Coleman
<KColeman@kasowitz.com>; William Chipman
<Chipman@chipmanbrown.com>; Michelle Dero
<Dero@chipmanbrown.com>; Joseph Cicero
<Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv.
Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William
Morton

Thank you.  We will have comments for you later today in
the hopes we can avoid competing orders.

---

**From:** Jianjian Ye <jianjianye@quinnemanuel.com>
**Sent:** Wednesday, May 1, 2024 4:00 PM
**To:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Cc:** Benjamin Finestone
<benjaminfinestone@quinnemanuel.com>; Fei Lu

<jingfeilu@quinnemanuel.com>; Carter, Elizabeth C
<elizabeth.carter@hoganlovells.com>; Miller, Evan T.
<evan.miller@saul.com>; Massey, David B
<david.massey@hoganlovells.com>; Susheel Kirpalani
<susheelkirpalani@quinnemanuel.com>; Christine Botvinnik
<christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon
<jordannakdimon@quinnemanuel.com>; Enos, Kenneth
<kenos@ycst.com>; rbrady@ycst.com; Schartz, Brian
<bschartz@kirkland.com>; Howell, Richard U. S.
<rhowell@kirkland.com>; Shankar, Ravi Subramanian
<ravi.shankar@kirkland.com>; Peter J. Keane
<pkeane@pszjlaw.com>; Laura Davis Jones
<ljones@pszjlaw.com>; Sheron Korpus
<SKorpus@kasowitz.com>; David M. Max
<DMax@kasowitz.com>; Sondra D. Grigsby
<SGrigsby@kasowitz.com>; Kenneth Coleman
<KColeman@kasowitz.com>; William Chipman
<Chipman@chipmanbrown.com>; Michelle Dero
<Dero@chipmanbrown.com>; Joseph Cicero
<Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv.
Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William
Morton


[EXTERNAL]

Pieter,


Thanks.  Given the Court's clear instruction regarding the
content of the form of order, we do not think any further
delay is warranted.  Assuming we do not agree on a form of
order this afternoon, we will file our proposed order at 10
AM tomorrow morning.  And you can file your competing
order.


Best,


**Jianjian Ye**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor

New York, NY 10010
212-849-7573 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
jianjianye@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Wednesday, May 1, 2024 2:26 PM
**To:** Jianjian Ye <jianjianye@quinnemanuel.com>
**Cc:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Fei Lu <jingfeilu@quinnemanuel.com>; Carter, Elizabeth C <elizabeth.carter@hoganlovells.com>; Miller, Evan T. <evan.miller@saul.com>; Massey, David B <david.massey@hoganlovells.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Christine Botvinnik <christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon <jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>, <rbrady@ycst.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Peter J. Keane <pkeane@pszjlaw.com>; Laura Davis Jones <ljones@pszjlaw.com>; Sheron Korpus <SKorpus@kasowitz.com>; David M. Max <DMax@kasowitz.com>; Sondra D. Grigsby <SGrigsby@kasowitz.com>; Kenneth Coleman <KColeman@kasowitz.com>; William Chipman <Chipman@chipmanbrown.com>; Michelle Dero <Dero@chipmanbrown.com>; Joseph Cicero <Cicero@chipmanbrown.com>
**Subject:** Re: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton

[EXTERNAL EMAIL from pieter.vantol@hoganlovells.com]

Thank you.  We are still considering our position and will let you know as soon as we can.


Regards,


Pieter


On May 1, 2024, at 2:14 PM, Jianjian Ye <jianjianye@quinnemanuel.com> wrote:


**[EXTERNAL]**

Pieter,


Following up on the form of order.  Please let us know if you have any comments or are good with this.  Thank you.


Best,


**Jianjian Ye**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7573 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
jianjianye@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have

received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jianjian Ye
**Sent:** Tuesday, April 30, 2024 8:58:58 PM
**To:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>; Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Fei Lu <jingfeilu@quinnemanuel.com>; Carter, Elizabeth C <elizabeth.carter@hoganlovells.com>; Miller, Evan T. <evan.miller@saul.com>; Massey, David B <david.massey@hoganlovells.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Christine Botvinnik <christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon <jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>; rbrady@ycst.com <rbrady@ycst.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Peter J. Keane <pkeane@pszjlaw.com>; Laura Davis Jones <ljones@pszjlaw.com>; Sheron Korpus <SKorpus@kasowitz.com>; David M. Max <DMax@kasowitz.com>; Sondra D. Grigsby <SGrigsby@kasowitz.com>; Kenneth Coleman <KColeman@kasowitz.com>; William Chipman <Chipman@chipmanbrown.com>; Michelle Dero <Dero@chipmanbrown.com>; Joseph Cicero <Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton

Pieter,

Pursuant to the Court's instruction at the

conference today, attached please find a draft proposed order denying Camshaft's motion to quash.  Please let us know if you have any comments/edits or if we can affix your signature and file.  Thanks.


Best,


**Jianjian Ye**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7573 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
jianjianye@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Jianjian Ye
**Sent:** Tuesday, April 30, 2024 4:29 PM
**To:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>; Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Fei Lu <jingfeilu@quinnemanuel.com>; Carter, Elizabeth C <elizabeth.carter@hoganlovells.com>; Miller, Evan T. <evan.miller@saul.com>; Massey, David B <david.massey@hoganlovells.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Christine Botvinnik <christinebotvinnik@quinnemanuel.com>; Jordan Nakdimon

<jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>; rbrady@ycst.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Peter J. Keane <pkeane@pszjlaw.com>; Laura Davis Jones <ljones@pszjlaw.com>; Sheron Korpus <SKorpus@kasowitz.com>; David M. Max <DMax@kasowitz.com>; Sondra D. Grigsby <SGrigsby@kasowitz.com>; Kenneth Coleman <KColeman@kasowitz.com>; William Chipman <Chipman@chipmanbrown.com>; Michelle Dero <Dero@chipmanbrown.com>; Joseph Cicero <Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton

Pieter,

Pursuant to the Court's order at the conference today, we write to schedule Mr. Morton's deposition for May 7, 2024 starting at 9 A.M. ET in Miami.  If Mr. Morton remains overseas, we are amenable to holding the deposition in London.  Please let us know by May 2 whether Mr. Morton intends to appear for the deposition so that we have time to arrange logistics and schedule court reporter.

Best,

**Jianjian Ye**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7573 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
jianjianye@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Van Tol, Pieter <[pieter.vantol@hoganlovells.com](mailto:pieter.vantol@hoganlovells.com)>
**Sent:** Friday, April 26, 2024 9:27 AM
**To:** Benjamin Finestone <[benjaminfinestone@quinnemanuel.com](mailto:benjaminfinestone@quinnemanuel.com)>; Fei Lu <[jingfeilu@quinnemanuel.com](mailto:jingfeilu@quinnemanuel.com)>; Carter, Elizabeth C <[elizabeth.carter@hoganlovells.com](mailto:elizabeth.carter@hoganlovells.com)>; Miller, Evan T. <[evan.miller@saul.com](mailto:evan.miller@saul.com)>; Massey, David B <[david.massey@hoganlovells.com](mailto:david.massey@hoganlovells.com)>
**Cc:** Susheel Kirpalani <[susheelkirpalani@quinnemanuel.com](mailto:susheelkirpalani@quinnemanuel.com)>; Jianjian Ye <[jianjianye@quinnemanuel.com](mailto:jianjianye@quinnemanuel.com)>; Christine Botvinnik <[christinebotvinnik@quinnemanuel.com](mailto:christinebotvinnik@quinnemanuel.com)>; Jordan Nakdimon <[jordannakdimon@quinnemanuel.com](mailto:jordannakdimon@quinnemanuel.com)>; Enos, Kenneth <[kenos@ycst.com](mailto:kenos@ycst.com)>; [rbrady@ycst.com](mailto:rbrady@ycst.com); Schartz, Brian <[bschartz@kirkland.com](mailto:bschartz@kirkland.com)>; Howell, Richard U. S. <[rhowell@kirkland.com](mailto:rhowell@kirkland.com)>; Shankar, Ravi Subramanian <[ravi.shankar@kirkland.com](mailto:ravi.shankar@kirkland.com)>; Peter J. Keane <[pkeane@pszjlaw.com](mailto:pkeane@pszjlaw.com)>; Laura Davis Jones <[ljones@pszjlaw.com](mailto:ljones@pszjlaw.com)>; Sheron Korpus <[SKorpus@kasowitz.com](mailto:SKorpus@kasowitz.com)>; David M. Max <[DMax@kasowitz.com](mailto:DMax@kasowitz.com)>; Sondra D. Grigsby <[SGrigsby@kasowitz.com](mailto:SGrigsby@kasowitz.com)>; Kenneth Coleman <[KColeman@kasowitz.com](mailto:KColeman@kasowitz.com)>; William Chipman <[Chipman@chipmanbrown.com](mailto:Chipman@chipmanbrown.com)>; Michelle Dero <[Dero@chipmanbrown.com](mailto:Dero@chipmanbrown.com)>; Joseph Cicero <[Cicero@chipmanbrown.com](mailto:Cicero@chipmanbrown.com)>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft Capital Fund (Adv. Pro. Case No. 24-50013 (JTD)) - Deposition Notice of William Morton

**[EXTERNAL EMAIL from
pieter.vantol@hoganlovells.com]**

---

Thanks Ben.  We agree that we have exhausted the discussion on this topic.

Regards,

Pieter

---

**From:** Benjamin Finestone
<benjaminfinestone@quinnemanuel.com>
**Sent:** Thursday, April 25, 2024 3:19 PM
**To:** Van Tol, Pieter
<pieter.vantol@hoganlovells.com>; Fei Lu
<jingfeilu@quinnemanuel.com>; Carter,
Elizabeth C
<elizabeth.carter@hoganlovells.com>; Miller,
Evan T. <evan.miller@saul.com>; Massey,
David B <david.massey@hoganlovells.com>
**Cc:** Susheel Kirpalani
<susheelkirpalani@quinnemanuel.com>;
Jianjian Ye <jianjianye@quinnemanuel.com>;
Christine Botvinnik
<christinebotvinnik@quinnemanuel.com>;
Jordan Nakdimon
<jordannakdimon@quinnemanuel.com>; Enos,
Kenneth <kenos@ycst.com>;
rbrady@ycst.com; Schartz, Brian
<bschartz@kirkland.com>; Howell, Richard U.
S. <rhowell@kirkland.com>; Shankar, Ravi
Subramanian <ravi.shankar@kirkland.com>;
Peter J. Keane <pkeane@pszjlaw.com>; Laura
Davis Jones <ljones@pszjlaw.com>; Sheron
Korpus <SKorpus@kasowitz.com>; David M.

Max <DMax@kasowitz.com>; Sondra D.
Grigsby <SGrigsby@kasowitz.com>; Kenneth
Coleman <KColeman@kasowitz.com>; William
Chipman <Chipman@chipmanbrown.com>;
Michelle Dero <Dero@chipmanbrown.com>;
Joseph Cicero <Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft
Capital Fund (Adv. Pro. Case No. 24-50013
(JTD)) - Deposition Notice of William Morton

**[EXTERNAL]**

While it is certainly true that Camshaft's
discovery productions have been far, far short
of sufficient, it is the Debtor's case to prosecute
and we have determined we are prepared to
depose Mr. Morton without further delay.  As
with everything in this case, the passage of
time and delay increases the risk of further
(fraudulent) asset concealment, transfer,
and/or dissipation.  Pieter, if you think further
meet and confer could be fruitful
(supplementary to our Tuesday meet and
confer and email correspondence on the
subject), we are available tomorrow at 10 am, 1
pm or 2 pm.  If you think the parties have
exhausted the discussion, I for one agree, and
we will not hold your declining to further meet
and confer against you.  Just let us know.

Ben Finestone
212-849-7341 Office
917-846-3228 Mobile

---

**From:** Van Tol, Pieter
<pieter.vantol@hoganlovells.com>
**Sent:** Wednesday, April 24, 2024 8:08 PM
**To:** Fei Lu <jingfeilu@quinnemanuel.com>;
Carter, Elizabeth C
<elizabeth.carter@hoganlovells.com>; Miller,
Evan T. <evan.miller@saul.com>; Massey,

David B <david.massey@hoganlovells.com>
**Cc:** Susheel Kirpalani
<susheelkirpalani@quinnemanuel.com>;
Benjamin Finestone
<benjaminfinestone@quinnemanuel.com>;
Jianjian Ye <jianjianye@quinnemanuel.com>;
Christine Botvinnik
<christinebotvinnik@quinnemanuel.com>;
Jordan Nakdimon
<jordannakdimon@quinnemanuel.com>; Enos,
Kenneth <kenos@ycst.com>;
rbrady@ycst.com; Schartz, Brian
<bschartz@kirkland.com>; Howell, Richard U.
S. <rhowell@kirkland.com>; Shankar, Ravi
Subramanian <ravi.shankar@kirkland.com>;
Peter J. Keane <pkeane@pszjlaw.com>; Laura
Davis Jones <ljones@pszjlaw.com>; Sheron
Korpus <SKorpus@kasowitz.com>; David M.
Max <DMax@kasowitz.com>; Sondra D.
Grigsby <SGrigsby@kasowitz.com>; Kenneth
Coleman <KColeman@kasowitz.com>; William
Chipman <Chipman@chipmanbrown.com>;
Michelle Dero <Dero@chipmanbrown.com>;
Joseph Cicero <Cicero@chipmanbrown.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Camshaft
Capital Fund (Adv. Pro. Case No. 24-50013
(JTD)) - Deposition Notice of William Morton

**[EXTERNAL EMAIL from
pieter.vantol@hoganlovells.com]**

Dear Counsel –

In response to the notice of deposition you
recently served, we do not intend to produce
Mr. Morton for a deposition on April 29, 2024.
*First*, given that issues regarding Camshaft's

document production are involved in the pending appeal from the Contempt Order, it does not make sense for Mr. Morton's deposition to go forward until those issues are resolved. *Second*, other parties have not produced documents in this case and, typically, depositions are not conducted until document productions are complete.

Regards,

Pieter

---

**From:** Fei Lu <[jingfeilu@quinnemanuel.com](mailto:jingfeilu@quinnemanuel.com)>
**Sent:** Friday, April 19, 2024 10:30 PM
**To:** Van Tol, Pieter <[pieter.vantol@hoganlovells.com](mailto:pieter.vantol@hoganlovells.com)>; Bryant, Chris <[chris.bryant@hoganlovells.com](mailto:chris.bryant@hoganlovells.com)>; Carter, Elizabeth C <[elizabeth.carter@hoganlovells.com](mailto:elizabeth.carter@hoganlovells.com)>; Miller, Evan T. <[evan.miller@saul.com](mailto:evan.miller@saul.com)>; Massey, David B <[david.massey@hoganlovells.com](mailto:david.massey@hoganlovells.com)>
**Cc:** Susheel Kirpalani <[susheelkirpalani@quinnemanuel.com](mailto:susheelkirpalani@quinnemanuel.com)>; Benjamin Finestone <[benjaminfinestone@quinnemanuel.com](mailto:benjaminfinestone@quinnemanuel.com)>; Jianjian Ye <[jianjianye@quinnemanuel.com](mailto:jianjianye@quinnemanuel.com)>; Christine Botvinnik <[christinebotvinnik@quinnemanuel.com](mailto:christinebotvinnik@quinnemanuel.com)>; Jordan Nakdimon <[jordannakdimon@quinnemanuel.com](mailto:jordannakdimon@quinnemanuel.com)>; Enos, Kenneth <[kenos@ycst.com](mailto:kenos@ycst.com)>; [rbrady@ycst.com](mailto:rbrady@ycst.com); Schartz, Brian <[bschartz@kirkland.com](mailto:bschartz@kirkland.com)>; Howell, Richard U. S. <[rhowell@kirkland.com](mailto:rhowell@kirkland.com)>; Shankar, Ravi Subramanian <[ravi.shankar@kirkland.com](mailto:ravi.shankar@kirkland.com)>; Peter J. Keane <[pkeane@pszjlaw.com](mailto:pkeane@pszjlaw.com)>; Laura Davis Jones <[ljones@pszjlaw.com](mailto:ljones@pszjlaw.com)>; Sheron Korpus <[SKorpus@kasowitz.com](mailto:SKorpus@kasowitz.com)>; David M. Max <[DMax@kasowitz.com](mailto:DMax@kasowitz.com)>; Sondra D.

Grigsby <[SGrigsby@kasowitz.com](mailto:SGrigsby@kasowitz.com)>; Kenneth
Coleman <[KColeman@kasowitz.com](mailto:KColeman@kasowitz.com)>; William
Chipman <[Chipman@chipmanbrown.com](mailto:Chipman@chipmanbrown.com)>;
Michelle Dero <[Dero@chipmanbrown.com](mailto:Dero@chipmanbrown.com)>;
Joseph Cicero <[Cicero@chipmanbrown.com](mailto:Cicero@chipmanbrown.com)>
**Subject:** BYJU's Alpha, Inc. v. Camshaft Capital
Fund (Adv. Pro. Case No. 24-50013 (JTD)) -
Deposition Notice of William Morton

**[EXTERNAL]**

Counsel,

Please find attached the notice of deposition of
Mr. William Morton for Monday, April 29.

Regards,

**Jingfei (Fei) Lu**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7109 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
[jingfeilu@quinnemanuel.com](mailto:jingfeilu@quinnemanuel.com)
[www.quinnemanuel.com](http://www.quinnemanuel.com)

NOTICE: The information contained in this e-mail message is
intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-
client communication and/or work product and as such is
privileged and confidential. If the reader of this message is not
the intended recipient or agent responsible for delivering it to
the intended recipient, you are hereby notified that you have
received this document in error and that any review,
dissemination, distribution, or copying of this message is strictly
prohibited. If you have received this communication in error,
please notify us immediately by e-mail, and delete the original
message.

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that
includes Hogan Lovells US LLP and Hogan Lovells

International LLP. For more information, see
[www.hoganlovells.com](www.hoganlovells.com).

CONFIDENTIALITY. This email and any attachments are
confidential, except where the email states it can be
disclosed; it may also be privileged. If received in error,
please do not disclose the contents to anyone, but notify
the sender by return email and delete this email (and any
attachments) from your system.

<~WRD3794.jpg>

# EXHIBIT 12

| From: | Van Tol, Pieter |
|---|---|
| To: | *benjaminfinestone@quinnemanuel.com; Shankar, Ravi Subramanian; Jianjian, Ye; Fei Lu; Christine Botvinnik; Howell, Richard U. S.; Kirpalani, Susheel; *danielholzman@quinnemanuel.com; Schartz, Brian; cicero@chipmanbrown.com; *skorpus@kasowitz.com; *DMax@kasowitz.com |
| Cc: | Massey, David B; Carter, Elizabeth C; evan.miller@saul.com |
| Subject: | Deposition Tomorrow |
| Date: | Monday, May 6, 2024 12:17:02 PM |
| Importance: | High |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Dear Counsel –

In light of the Court's just-issued order, we wanted to let you know that Mr. Morton will not be appearing tomorrow in Miami for a deposition for the reasons we have set forth in various filings and in Court hearings.  We will not rehash those reasons here.

If I have left any pertinent counsel off this email, please forward to them.

Regards,

**Pieter Van Tol**
Partner

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Tel:     +1 212 918 3000
Direct:  +1 212 909 0661
Email:   pieter.vantol@hoganlovells.com
         www.hoganlovells.com

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

# EXHIBIT 13

Page 1

1           IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF DELAWARE
2

   In re:                        Chapter 11
3   BYJU'S ALPHA, INC.,           Case No. 24-10140(JTD)
4       Debtor,
   _____/
5   BYJU'S ALPHA, INC.,
                                 Adv. Pro. Case No.
6                                24-50013 (JTD)
       Plaintiff,
7
    -vs-
8
   CAMSHAFT CAPITAL FUND, LP,
9   CAMSHAFT CAPITAL ADVISORS, LLC,
   CAMSHAFT CAPITAL MANAGEMENT,
10  LLC, RIJU RAVINDRAN, INSPILEARN
   LLC, AND THINK AND LEARN
11  PRIVATE LIMITED,
12      Defendants.
   _____/
13
14
15
                        2601 Bayshore Drive
16                      Miami, Florida
                        May 7, 2024
17                      9:00 a.m. - 9:17 a.m.
18
19              STATEMENT ON THE RECORD
20
21          Taken before Lilly Villaverde, RPR and Notary
22    Public in and for the State of Florida at Large.
23
24
25

Page 2

```
1  APPEARANCES:
2
     JORDAN NAKDIMON, ESQUIRE
3    jordannakdimon@quinnemanuel.com
     Quinn Emmanuel Urquhart &
4    Sullivan, LLP
     51 Madison Avenue
5    22nd Floor
     New York, NY 10010
6    on behalf of the Debtor
7
8
9  ALSO PRESENT:
10 ALEX MONTALVO, VIDEOGRAPHER
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
1       REPORTER'S CERTIFICATE
2  STATE OF FLORIDA
   COUNTY OF BROWARD
3
4
5      I, LILLY VILLAVERDE, certify that I was
6  authorized to and did stenographically report the
7  foregoing proceedings and that the transcript is a true
8  and complete record of my stenographic notes.
9
10     Dated this 7th day of May, 2024.
11
12
13
                Lilly Villaverde
14     _____
15     LILLY VILLAVERDE
       Registered Professional Reporter
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
1       MR. NAKDIMON:  Okay.  This is Jordan Nakdimon
2  from Quinn Emmanuel for the debtor Byju's Alpha.  We
3  are at Quinn Emmanuel's Miami office to take the
4  deposition of William Cameron Morton pursuant to the
5  Delaware bankruptcy court's order on May 2, 2024,
6  that is docket entry 168.
7       Counsel is here ready, willing and able to take
8  the deposition.
9       At 1:17 p.m. yesterday, counsel for Mr. Morton
10 informed counsel for the debtor that Morton will not
11 be appearing.
12      We will leave the record open for 15 minutes
13 and after 15 minutes, it will be deemed that
14 Mr. Morton is a no show.
15      (Off the record.)
16      MR. NAKDIMON:  Okay.  It's been 15 minutes and
17 Mr. Morton has not appeared and will not be appearing
18 today.  Counsel for the debtor was prepared to take a
19 deposition and that will not be happening today.
20      (The proceedings were concluded at
21 approximately 9:17 a.m.)
22
23
24
25
```

2 (Pages 2 - 4)

| & |
| --- |
| **&**   2:3 |

| 1 |
| --- |
| **10010**   2:5 |
| **11**   1:2 |
| **15**   3:12,13,16 |
| **168**   3:6 |
| **1:17**   3:9 |

| 2 |
| --- |
| **2**   3:5 |
| **2024**   1:16 3:5 |
|    4:10 |
| **22nd**   2:5 |
| **24-10140**   1:3 |
| **24-50013**   1:6 |
| **2601**   1:15 |

| 3 |
| --- |
| **3309**   4:13 |

| 5 |
| --- |
| **51**   2:4 |

| 7 |
| --- |
| **7**   1:16 |
| **7th**   4:10 |

| 9 |
| --- |
| **9:00**   1:17 |
| **9:17**   1:17 3:21 |

| a |
| --- |
| **a.m.**   1:17,17 |
|    3:21 |
| **able**   3:7 |
| **adv**   1:5 |

**advisors**   1:9
**alex**   2:10
**alpha**   1:3,5 3:2
**appearances**
   2:1
**appeared**   3:17
**appearing**   3:11
   3:17
**approximately**
   3:21
**authorized**   4:6
**avenue**   2:4

| b |
| --- |
| **bankruptcy**   1:1 |
|    3:5 |
| **bayshore**   1:15 |
| **behalf**   2:6 |
| **broward**   4:2 |
| **byju's**   1:3,5 3:2 |

| c |
| --- |
| **cameron**   3:4 |
| **camshaft**   1:8,9 |
|    1:9 |
| **capital**   1:8,9,9 |
| **case**   1:3,5 |
| **certificate**   4:1 |
| **certify**   4:5 |
| **chapter**   1:2 |
| **complete**   4:8 |
| **concluded**   3:20 |
| **counsel**   3:7,9 |
|    3:10,18 |
| **county**   4:2 |

**court**   1:1
**court's**   3:5

| d |
| --- |
| **dated**   4:10 |
| **day**   4:10 |
| **debtor**   1:4 2:6 |
|    3:2,10,18 |
| **deemed**   3:13 |
| **defendants** |
|    1:12 |
| **delaware**   1:1 |
|    3:5 |
| **deposition**   3:4 |
|    3:8,19 |
| **district**   1:1 |
| **docket**   3:6 |
| **drive**   1:15 |

| e |
| --- |
| **emmanuel**   2:3 |
|    3:2 |
| **emmanuel's** |
|    3:3 |
| **entry**   3:6 |
| **esquire**   2:2 |

| f |
| --- |
| **floor**   2:5 |
| **florida**   1:16,22 |
|    4:2 |
| **foregoing**   4:7 |
| **fund**   1:8 |

| h |
| --- |
| **happening**   3:19 |

| i |
| --- |
| **informed**   3:10 |
| **inspilearn**   1:10 |

| j |
| --- |
| **jordan**   2:2 3:1 |
| **jordannakdi...** |
|    2:3 |
| **jtd**   1:3,6 |

| l |
| --- |
| **large**   1:22 |
| **learn**   1:10 |
| **leave**   3:12 |
| **lilly**   1:21 4:5,15 |
| **limited**   1:11 |
| **llc**   1:9,10,10 |
| **llp**   2:4 |
| **lp**   1:8 |

| m |
| --- |
| **madison**   2:4 |
| **management** |
|    1:9 |
| **miami**   1:16 3:3 |
| **minutes**   3:12 |
|    3:13,16 |
| **montalvo**   2:10 |
| **morton**   3:4,9 |
|    3:10,14,17 |

| n |
| --- |
| **nakdimon**   2:2 |
|    3:1,1,16 |
| **new**   2:5 |
| **notary**   1:21 |

**[notes - york]**                                                                      Page 2

| | | |
|---|---|---|
| **notes**  4:8 | **riju**  1:10 | **y** |
| **ny**  2:5 | **rpr**  1:21 | **yesterday**  3:9 |
| **o** | **s** | **york**  2:5 |
| **office**  3:3 | **show**  3:14 | |
| **okay**  3:1,16 | **signature**  4:13 | |
| **open**  3:12 | **state**  1:22 4:2 | |
| **order**  3:5 | **statement**  1:19 | |
| **p** | **states**  1:1 | |
| **p.m.**  3:9 | **stenographic** | |
| **plaintiff**  1:6 | 4:8 | |
| **prepared**  3:18 | **stenographic...** | |
| **present**  2:9 | 4:6 | |
| **private**  1:11 | **sullivan**  2:4 | |
| **pro**  1:5 | **t** | |
| **proceedings** | **take**  3:3,7,18 | |
| 3:20 4:7 | **taken**  1:21 | |
| **professional** | **think**  1:10 | |
| 4:15 | **today**  3:18,19 | |
| **public**  1:22 | **transcript**  4:7 | |
| **pursuant**  3:4 | **true**  4:7 | |
| **q** | **u** | |
| **quinn**  2:3 3:2,3 | **united**  1:1 | |
| **quinnemanue...** | **urquhart**  2:3 | |
| 2:3 | **v** | |
| **r** | **videographer** | |
| **ravindran**  1:10 | 2:10 | |
| **ready**  3:7 | **villaverde**  1:21 | |
| **record**  1:19 | 4:5,15 | |
| 3:12,15 4:8 | **vs**  1:7 | |
| **registered**  4:15 | **w** | |
| **report**  4:6 | **william**  3:4 | |
| **reporter**  4:15 | **willing**  3:7 | |
| **reporter's**  4:1 | | |

# EXHIBIT 14

Page 1

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE
 2
      In re:                      Chapter 11
 3    BYJU'S ALPHA, INC.,         Case No. 24-10140(JTD)
 4        Debtor,
      _____/
 5    BYJU'S ALPHA, INC.,
                                  Adv. Pro. Case No.
 6                                24-50013 (JTD)
          Plaintiff,
 7
       -vs-
 8
      CAMSHAFT CAPITAL FUND, LP,
 9    CAMSHAFT CAPITAL ADVISORS, LLC,
      CAMSHAFT CAPITAL MANAGEMENT,
10    LLC, RIJU RAVINDRAN, INSPILEARN
      LLC, AND THINK AND LEARN
11    PRIVATE LIMITED,
12        Defendants.
      _____/
13
                   CERTIFICATE OF NON-APPEARANCE
14
      STATE OF FLORIDA  :
15    COUNTY OF MIAMI-DADE  :
16        I, Lilly Villaverde, Florida Professional Reporter
      and Notary Public in and for the State of Florida at
17    Large, do herby certify that I was present at 2601
      Bayshore Drive, 15th Floor, Miami, Florida, on the 7th
18    of May, 2024, at 9:15 a.m., for the purpose of reporting
      the deposition of WILLIAM CAMERON MORTON, scheduled to
19    begin at 9:00 a.m., and that the deponent did not
      appear.
20        Under penalties of perjury, I declare that I have
      read the foregoing certificate and that the facts stated
21    in it are true.
              Dated this 7th day of May, 2024.
22
23
24
      _____
25        Lilly Villaverde, Court Reporter
```

**[11 - william]**

| **1** |
| --- |
| **11** 1:2 |
| **15th** 1:17 |

| **2** |
| --- |
| **2024** 1:18,21 |
| **24-10140** 1:3 |
| **24-50013** 1:6 |
| **2601** 1:17 |

| **3** |
| --- |
| **3309** 1:24 |

| **7** |
| --- |
| **7th** 1:17,21 |

| **9** |
| --- |
| **9:00** 1:19 |
| **9:15** 1:18 |

| **a** |
| --- |
| **a.m.** 1:18,19 |
| **adv** 1:5 |
| **advisors** 1:9 |
| **alpha** 1:3,5 |
| **appear** 1:19 |
| **appearance** 1:13 |

| **b** |
| --- |
| **bankruptcy** 1:1 |
| **bayshore** 1:17 |
| **byju's** 1:3,5 |

| **c** |
| --- |
| **cameron** 1:18 |
| **camshaft** 1:8,9 1:9 |

| **capital** 1:8,9,9 |
| --- |
| **case** 1:3,5 |
| **certificate** 1:13 1:20 |
| **certify** 1:17 |
| **chapter** 1:2 |
| **county** 1:15 |
| **court** 1:1,25 |

| **d** |
| --- |
| **dade** 1:15 |
| **dated** 1:21 |
| **day** 1:21 |
| **debtor** 1:4 |
| **declare** 1:20 |
| **defendants** 1:12 |
| **delaware** 1:1 |
| **deponent** 1:19 |
| **deposition** 1:18 |
| **district** 1:1 |
| **drive** 1:17 |

| **f** |
| --- |
| **facts** 1:20 |
| **floor** 1:17 |
| **florida** 1:14,16 1:16,17 |
| **foregoing** 1:20 |
| **fund** 1:8 |

| **h** |
| --- |
| **herby** 1:17 |

| **i** |
| --- |
| **inspilearn** 1:10 |

| **j** |
| --- |
| **jtd** 1:3,6 |

| **l** |
| --- |
| **large** 1:17 |
| **learn** 1:10 |
| **lilly** 1:16,25 |
| **limited** 1:11 |
| **llc** 1:9,10,10 |
| **lp** 1:8 |

| **m** |
| --- |
| **management** 1:9 |
| **miami** 1:15,17 |
| **morton** 1:18 |

| **n** |
| --- |
| **non** 1:13 |
| **notary** 1:16 |

| **p** |
| --- |
| **penalties** 1:20 |
| **perjury** 1:20 |
| **plaintiff** 1:6 |
| **present** 1:17 |
| **private** 1:11 |
| **pro** 1:5 |
| **professional** 1:16 |
| **public** 1:16 |
| **purpose** 1:18 |

| **r** |
| --- |
| **ravindran** 1:10 |
| **read** 1:20 |
| **reporter** 1:16 1:25 |

| **reporting** 1:18 |
| --- |
| **riju** 1:10 |

| **s** |
| --- |
| **scheduled** 1:18 |
| **signature** 1:24 |
| **state** 1:14,16 |
| **stated** 1:20 |
| **states** 1:1 |

| **t** |
| --- |
| **think** 1:10 |
| **true** 1:21 |

| **u** |
| --- |
| **under** 1:20 |
| **united** 1:1 |

| **v** |
| --- |
| **villaverde** 1:16 1:25 |
| **vs** 1:7 |

| **w** |
| --- |
| **william** 1:18 |