**CHIPMAN BROWN CICERO & COLE**

DELAWARE | NEW YORK

CHIPMAN BROWN CICERO & COLE, LLP
HERCULES PLAZA
1313 NORTH MARKET STREET, SUITE 5400
WILMINGTON, DELAWARE 19801
WWW.CHIPMANBROWN.COM

JOSEPH B. CICERO
(302) 468-4592
CICERO@CHIPMANBROWN.COM

May 30, 2024

Honorable John T. Dorsey
United States Bankruptcy Court
District of Delaware
824 North Market Street
5th Floor, Courtroom 5
Wilmington, Delaware 19801

      Re:    *In re Byju's Alpha Inc.*, No. 24-10140 (JTD); *Byju's Alpha Inc. v. Camshaft Capital Fund LP, et al.*, Adv. Pro. Case No. 24-50013 (JTD)

Dear Judge Dorsey:

     We submit this letter-brief on behalf of Defendant Riju Ravindran, pursuant to the Court's instruction during the May 21, 2024, hearing (the "**May 21 Hearing**") on Debtor's motion by order to show cause seeking sanctions against Mr. Ravindran. During the May 21 Hearing, the Court directed the parties to submit "letter briefs, no more than three pages, as to whether the financial penalty should be a fine paid to the Court or the costs associated – the cost to the debtors of having to bring the motion and pursue the litigation against Mr. Ravindran, and what that would entail." (May 21 Hearing Tr., 138:17-22).

     We respectfully submit that the Court's order of an extraordinary sanction – issue preclusion as to the key issue of whether the transfers at issue in the fraudulent transfer claims were made in good faith, thereby effectively guaranteeing a judgment in the amount of over $500 million – already more than amply serves the purposes of any sanctions against Mr. Ravindran.[1] We therefore request that the Court should limit any financial penalty – whatever its nature – to a nominal sum.

     In its Order entered May 28, 2024 [Adv. Docket No. 204], the Court ordered (at ¶ 5) that "Mr. Ravindran is precluded from asserting in this Adversary Proceeding that the Alpha Funds [] were transferred from the Debtor to Camshaft Capital Fund LP and, subsequently, from Camshaft Capital Fund LP to Inspilearn LLC, for a proper purpose." As the Court noted at the May 21 Hearing, this order will effectively guarantee that the Debtor wins judgment on its fraudulent transfer claims against Mr. Ravindran. (*See* May 21 Hearing Tr. at 111:13-13 ("Basically, it's

---

[1] Ravindran's arguments in this letter are being made without prejudice to Ravindran's appeal of the contempt Order entered by the Court following the May 21 Hearing. Ravindran is filing a notice of appeal of that Order contemporaneously herewith.

going to result in a judgment against Mr. Ravindran because he can't argue that they were done for a proper purpose.")).

Sanctions of issue preclusion or adverse inference, especially where, as here, they effectively constitute the grant of judgment to the other side, are among the most drastic remedies a court can grant, and are only justified in the most extreme of circumstances. *See In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 192 (S.D.N.Y. 2007), *aff'd sub nom. Gordon Partners v. Blumenthal*, No. 02 CIV 7377 LAK, 2007 WL 1518632 (S.D.N.Y. May 17, 2007) ("An adverse inference instruction is a severe sanction that often has the effect of ending litigation because 'it is too difficult a hurdle for the spoliator to overcome' ... Accordingly, this sanction 'should not be given lightly.'" (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 219-20 (S.D.N.Y. 2003)); *Luellen v. Hodge*, No. 11-CV-6144P, 2014 WL 1315317, at *8 (W.D.N.Y. Mar. 28, 2014) ("Adverse inference and preclusion sanctions are severe sanctions that should be reserved for egregious conduct or for situations in which the loss of the relevant evidence has so prejudiced the moving party that preclusion or an adverse inference is necessary to restore the moving party to its pre-loss position").

"The purpose of contempt sanctions is to "compel obedience to a lawful court order or to provide compensation to a complaining party." *S.E.C. v. Oxford Cap. Sec., Inc.*, 794 F. Supp. 104, 109 n.4 (S.D.N.Y. 1992) (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989)).

Here, the Court has ordered a drastic sanction that, as the Court has noted, has the effect of almost guaranteeing judgment for over half a billion dollars. That sanction must be more than sufficient to meet the two purposes of contempt sanctions. For that reason, courts have been highly reluctant to award both monetary and inference/preclusion sanctions. *See e.g.*, *Nutrition Distribution LLC v. PEP Rsch., LLC*, 2018 WL 6323082, at *6 (S.D. Cal. Dec. 4, 2018) (granting request for adverse inference instruction, but denying additional request for monetary sanctions); *Mack v. Wal-Mart Stores, Inc.*, 2008 WL 11389191, at *2 (D. Nev. July 15, 2008) (same); *Christoffersen v. Malhi*, 2017 WL 2653055, at *5-6 (D. Ariz. June 20, 2017) (same); *Doe v. Norwalk Cmty. Coll.*, 248 F.R.D. 372, 382-83 (D. Conn. 2007) (allowing adverse inference, but denying request for related monetary sanctions); *Bruno v. Bozzuto's, Inc.*, 127 F. Supp. 3d 275, 277-78 (M.D. Pa. 2015) (noting the court's denial of monetary sanctions award in addition to an adverse inference sanction).

Accordingly, we respectfully request that the Court limit any monetary sanctions to a nominal amount.

Respectfully submitted,

**CHIPMAN BROWN CICERO & COLE, LLP**

BY: */s/ Joseph B. Cicero*
Joseph B. Cicero (#4388)
William E. Chipman, Jr. (#3818)
Ryan M. Lindsay (#6435)

cc: Robert S. Brady, Esquire
Kenneth J. Enos, Esquire
Susheel Kirpalani, Esquire
Benjamin Finestone, Esquire
Daniel Holzman, Esquire
Jianjian Ye, Esquire
Evan T. Miller, Esquire
Turner Falk, Esquire
Pieter Van Tol, Esquire
Christopher R. Bryant, Esquire
Elizabeth Carter, Esquire
David Massey, Esquire
Laura Davis Jones, Esquire
Peter J. Keane, Esquire
Patrick J. Nash Jr., Esquire
Richard U.S. Howell, Esquire
Ravi Subramanian Shankar, Esquire
Brian Schartz, Esquire
David A. Pisciotta, Esquire
Nicholas B. Vislocky, Esquire