IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BYJU's ALPHA, INC.,[1]<br>        Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,<br>        Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC,<br>CAMSHAFT CAPITAL MANAGEMENT, LLC,<br>RIJU RAVINDRAN, INSPILEARN LLC, and<br>THINK AND LEARN PRIVATE LIMITED,<br>        Defendants. | Adv. Pro. Case No. 24-50013 (JTD)<br><br>**Related Adv. D.I**.: 80, 256, 261 |

## DECLARATION OF WILLIAM C. MORTON

William Cameron Morton, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the founder and CEO of Defendant Camshaft Capital Advisors, LLC ("Camshaft Advisors"). Camshaft Advisors is the sole investment manager of Defendant Camshaft Capital Fund, LP ("Camshaft Fund") and Defendant Camshaft Management, LLC ("Camshaft Management") is the sole general partner of Camshaft Fund. I am the only member of the Camshaft Management limited liability company. I will refer to Camshaft Advisors, Camshaft Fund and Camshaft Management collectively as the "Camshaft Defendants."

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market St. Ste. G20 452, Wilmington, Delaware 19801.

1

2. I submit this declaration in connection the Court's order of June 11, 2024 (the "June 11 Order"), which states as follows:

> The monetary sanctions imposed by the Court's Order on Finding of Contempt (Adv. D.I. 80) will be paused as of the date of this Order until June 18, 2024, pending Contemnors' completion of responses to the outstanding discovery requests that are the subject of the Contempt Order. Contemnors must submit a declaration confirming all responsive non-privileged documents have been provided, and produce a privilege log of all withheld documents by 4:00 p.m. on June 18, 2024.

(Adv. D.I. 256, ¶ 2.)[2]

3. The June 11 Order refers to the discovery requests that are the subject of the Contempt Order, which, in turn relates to the first set of requests for the production of documents (the "First Document Requests") and first set of interrogatories (the "First Interrogatories") (collectively, the "First Discovery Requests") that Plaintiff BYJU's Alpha, Inc. ("Plaintiff") in this proceeding served on February 16, 2024. However, to ensure full compliance with the June 11 Order and given the overlap with the First Discovery Requests, the Camshaft Defendants have also provided complete responses and objections to the second set of requests for the production of documents (the "Second Document Requests") and second set of interrogatories (the "Second Interrogatories") that Plaintiff served on April 24, 2024 (collectively, the "Second Discovery Requests"). I will refer to the First Discovery Requests and Second Discovery Requests collectively as the "Discovery Requests."

4. As set forth below, the Camshaft Defendants have fully complied with the Discovery Requests. If, however, Plaintiff or Plaintiff-Intervenor GLAS Trust Company, LLC

---

[2] On June 18, 2024, the Court entered a separate order that, among other things, extended the Camshaft Defendants' deadline for compliance to June 19, 2024 at 11:59 pm. (*See* Adv. D.I. 261.)

\\4144-4635-7328  v2

("GLAS") believes that any information or documents are missing, the Camshaft Defendants will continue to work in good faith to resolve any such issues.

## I. Compliance Prior to June 11 Order

5. The facts relating to the Camshaft Defendants' compliance with the Discovery Requests as June 10, 2024 is set forth in the Declaration of Pieter Van Tol dated June 2, 2024 (Adv. D.I. 231) and the Declaration of Pieter Van Tol dated June 10, 2024 (the "June 10 Van Tol Declaration") (Adv. D.I. 246), and I will not repeat them here.

6. In summary, as of June 10, the Camshaft Defendants had (a) provided responses and objections to the First Interrogatories and Second Interrogatories; (b) produced hard copies (in PDF form) of documents requested in the First Document Requests and Second Document Requests (including documents in response to follow-up requests by Plaintiff and GLAS); (c) retrieved approximately 20,000 electronic documents (emails and attachments) from the relevant servers; and (d) run agreed-upon search terms against the approximately 20,000 electronic documents, which yielded 11,389 hits. The Camshaft Defendants informed counsel for Plaintiff and GLAS on June 7, 2024 about the results from the search terms and that the Camshaft Defendants would be reviewing the native files for responsive documents to be produced.

## II. Compliance Since June 11 Order

7. After removing emails that could be electronically identified as duplicates, my counsel and I reviewed over 9,000 native files to find responsive, non-privileged documents.

8. Those documents and others have been produced on a rolling basis in four batches, as follows:

(a) On June 15, 2024, the Camshaft Defendants produced 795 documents with the Bates numbers CAMSHAFT0004331- CAMSHAFT0009917;

\\4144-4635-7328  v2

    (b)    On June 16, 2024, the Camshaft Defendants produced 2,217 documents with the Bates numbers CAMSHAFT0009918- CAMSHAFT0024229;

    (c)    On June 17, 2024, the Camshaft Defendants produced 1,142 documents with the Bates numbers CAMSHAFT0024230- CAMSHAFT0031650; and

    (d)    On June 19, 2024, the Camshaft Defendants produced 1,443 documents with the Bates numbers CAMSHAFT0031651- CAMSHAFT0041510.

In all, the Camshaft Defendants have produced 5,597 documents since the June 11 Order and their total production in response to the First and Second Document Requests consists of 5,968 documents.

9.    I understand from counsel that the Camshaft Defendants will be serving a privilege log on Plaintiff and GLAS later today in relation to their document production.

10.    The Camshaft Defendants will also be serving later today amended responses and objections to the Second Discovery Requests to reflect the post-June 11 document production and provide additional information.

11.    I will appear at my deposition, which is currently scheduled for June 27, 2024 in New York, New York.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 19, 2024

DocuSigned by:<br>
*William Morton*<br>
100E0A38ED8D4CB...<br>
<br>
William C. Morton

\\4144-4635-7328 v2