IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Bankr. Case No. 24-10140 (JTD) |
| | ) | |
| Debtor. | ) | Adv. No. 24-50013 (JTD) |
| | ) | |
| CAMSHAFT CAPITAL FUND, LP, *et al.*, | ) | |
| | ) | |
| Defendant-Appellants, | ) | |
| v. | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | C.A. No. 24-358 (MN) |
| | ) | (Consolidated) |
| Plaintiff-Appellee, | ) | C.A. No. 24-389 (MN) |
| | ) | C.A. No. 24-492 (MN) |
| GLAS TRUST COMPANY LLC, | ) | C.A. No. 24-642 (MN) |
| | ) | |
| Intervenor-Appellee. | ) | |
| | ) | |

**ORDER**

At Wilmington, this 5th day of December 2024;

WHEREAS, on March 19, 2024, appellants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC (collectively, "the Camshaft Parties") appealed the Bankruptcy Court's (i) March 14, 2024 *Order on Finding of Contempt* (Adv. D.I. 80) ("First Contempt Order") and (ii) March 18, 2024 *Order Granting Debtor's Motion for a Preliminary Injunction* (Adv. D.I. 84) ("PI Order") (C.A. No. 24-358-MN, D.I. 1);

WHEREAS, on March 26, 2024, appellant Riju Ravindran appealed the PI Order (C.A. No. 24-389-MN, D.I. 1);

WHEREAS, on April 17, 2024, the Camshaft Parties appealed the Bankruptcy Court's April 3, 2024 *Memorandum Opinion* (Adv. D.I. 115) to the extent that it "alters or supplants" the

First Contempt Order or otherwise does not comport with Bankr. Del. L.R. 8003-2 (C.A. No. 24-492-MN, D.I. 1);

WHEREAS, on May 30, 2024, Mr. Ravindran appealed the Bankruptcy Court's May 28, 2024 *Order on Finding of Contempt* (Adv. D.I. 204) ("Second Contempt Order") (C.A. No. 24-642, D.I. 1);

WHEREAS, on June 7, 2024, at the request of the parties, the Court issued an order (i) consolidating the above four appeals to be administered under lead case C.A. No. 24-358 (MN) and (ii) setting a briefing schedule requiring, among other things, that Mr. Ravindran file an opening brief in support of his appeals of the PI Order and Second Contempt Order no later than July 8, 2024;

WHEREAS, on July 5, 2024, the parties jointly stipulated to extend the deadline for Mr. Ravindran and the Camshaft Parties to file opening briefs to July 22, 2024, which this Court approved on July 8, 2024;

WHEREAS, on July 18, 2024, Mr. Ravindran's counsel sought leave to withdraw from representing Mr. Ravindran in this appeal based on Mr. Ravindran's "fail[ure] to fully cooperate" and to avoid incurring an "unreasonable financial burden" (*see* D.I. 28) ("Motion to Withdraw");

WHEREAS, to enable Mr. Ravindran to retain new counsel, the parties stipulated to a second extension (D.I. 29), which this Court approved on July 22, 2024 (D.I. 33), and which also provided that Mr. Ravindran file an opening brief in support of his appeals no later than 30 days following the disposition of his counsel's Motion to Withdraw;

WHEREAS, this Court granted the Motion to Withdraw on August 8, 2024 (D.I. 44), and therefore pursuant to the terms of the second stipulated extension, the deadline for Mr. Ravindran to file an opening brief in support of his appeals was extended to September 9, 2024;

WHEREAS, on September 5, 2024, Mr. Ravindran moved for an additional 30-day extension – his third extension (D.I. 47) – and on September 6, 2024, this Court granted Mr. Ravindran's motion, extending his deadline to file an opening brief in support of his appeals through October 30, 2024 (D.I. 48);

WHEREAS, Mr. Ravindran did not comply with the October 30, 2024 deadline by filing his opening brief (*pro se* or otherwise), and no attorney has entered an appearance on his behalf;

WHEREAS, on October 31, 2024, appellees BYJU's Alpha Inc. and GLAS Trust Company LLC filed a motion to dismiss "Appellant Riju Ravindran's appeal for failure to timely file an opening brief" (D.I. 54) ("Motion to Dismiss") pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4);

WHEREAS, the Motion to Dismiss was served on Mr. Ravindran by electronic mail on November 4, 2024 (D.I. 56);

WHEREAS, the docket reflects that no opposition or other response to the Motion to Dismiss has been filed by Mr. Ravindran to date; and

WHEREAS, this Court finds that Mr. Ravindran's failure to timely file an opening brief in support of his appeals, despite three orders extending his deadline for an additional seven months, and his failure to oppose the Motion to Dismiss is cause to dismiss the appeals.

THEREFORE, IT IS HEREBY ORDERED that:

1.    Mr. Ravindran's appeals (C.A. No. 24-389-MN and C.A. No. 24-642-MN) are hereby DISMISSED WITH PREJUDICE and are no longer part of the consolidated appeal.

3

2.      For the avoidance of doubt, the Camshaft Parties' appeals (C.A. No. 24-358-MN and C.A. No. 24-492-MN) remain part of the consolidated appeal and are unaffected by this Order.

_____
The Honorable Maryellen Noreika
United States District Judge

4