# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Subpoenas Served on Bank of America, N.A., Barclays Bank PLC, Bank of New York Mellon, Citibank, N.A., Commerzbank AG, Deutsche Bank Trust Company Americas, HSBC Bank USA, N.A., JP Morgan Chase, N.A., PNC Bank, N.A., Standard Chartered PLC, UBS AG, Stamford Branch, U.S. Bank, and Wells Fargo Bank, N.A.:<br><br>CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL ADVISORS, LLC, CAMSHAFT CAPITAL MANAGEMENT, LLC, and RIJU RAVINDRAN,<br><br>        Applicants/Defendants,<br><br>v.<br><br>BYJU'S ALPHA, INC.,<br><br>        Respondent/Plaintiff. | Case No.<br><br>(Arising from Case Nos. 24-10140 (BLS) and 24-50013 (JTD) in the United States Bankruptcy Court for the District of Delaware) |

## DECLARATION OF PIETER VAN TOL

Pieter Van Tol, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of Van Tol Law PLLC, and counsel to Applicants/Defendants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC (collectively, "Camshaft") and Riju Ravindran ("Ravindran," and, together with Camshaft, the "Applicants"), in the above action. I am admitted to the bar of the State of New York and to this Court.

1

2. I respectfully submit this declaration to provide documents and information for the Court's consideration in connection with Applicants' motion for a protective order quashing subpoenas served on thirteen financial institutions.

**I. Documents**

3. Attached hereto as **Exhibit A** is a true and correct copy of the Memorandum Opinion (the "PSJ Opinion") entered by the Bankruptcy Court in *BYJU's Alpha, Inc. et al. v. Camshaft Capital Fund, LP. et al.*, Adv. Pro. No. 24-50013 (BLS) (Bankr. D. Del.) (the "Adversary Proceeding") on February 27, 2025 (Adv. Dkt. No. 383).

4. Attached hereto as **Exhibit B** is a true and correct copy of the Notice of Appeal from the PSJ Opinion filed on March 13, 2025 (Adv. Dkt. No. 385).

5. Attached hereto as **Exhibit C** is a true and correct copy of the Appellants' Designation of Items To Be Included in the Record on Appeal and Statement of Issues filed on March 27, 2025 (Adv. Dkt. No. 396).

6. Attached hereto as **Exhibit D** is a true and correct copy of a March 14, 2025 judgment entered in the Adversary Proceeding (Adv. Dkt. No. 388).

7. Attached hereto as **Exhibit E** is a true and correct copy of Defendants' Corrected Memorandum of Law in Support of Motion to Reconsider and Amend Judgment filed on March 25, 2025 (Adv. Dkt. No. 395).

8. Attached hereto as **Exhibit F** is a true and correct copy (with redactions) of a Notice of Subpoenas served by BYJU's Alpha, Inc. ("Respondent") in the Adversary Proceeding on March 21, 2025 regarding subpoenas to be served on twelve financial institutions (the "Subpoenas").

9. Attached hereto as **Exhibit G** is a true and correct copy of an email "meet and confer" exchange between counsel for Applicants and Respondent's counsel regarding the Subpoenas.

10. Attached hereto as **Exhibit H** is a true and correct copy of Debtor/Judgment Creditor's Discovery Requests to Camshaft, dated April 2, 2025.

11. Attached hereto as **Exhibit I** is a true and correct copy of Debtor/Judgment Creditor's Discovery Requests to Ravindran, dated April 2, 2025.

12. Attached hereto as **Exhibit J** is a true and correct copy (without attachments) of a Notice of Subpoenas served by Respondent in the Adversary Proceeding on April 2, 2025 regarding another twenty-five subpoenas to be served (the "April 2, 2025 Notice").

13. Attached hereto as **Exhibit K** is a true and correct copy (with redactions) of five of the subpoenas attached to the April 2, 2025 Notice.

14. Attached hereto as **Exhibit L** is a true and correct copy (without attachments) of a Notice of Subpoenas served by Respondent in the Adversary Proceeding on April 4, 2025 regarding another sixteen subpoenas to be served.

15. Attached hereto as **Exhibit M** is a true and correct copy (without attachments) of a Notice of Subpoenas served by Respondent in the Adversary Proceeding on April 8, 2025 regarding another seven subpoenas to be served.

**II.  Information**

16. I acted as counsel for Camshaft and William Morton in the Adversary Proceeding prior to the entry of the PSJ Opinion, and I participated in the discovery process.

17. Camshaft produced full and detailed bank records to Respondent in that process, including records from Texas Capital Bank, and other financial information. Mr. Morton also sat

for a deposition at which he was asked extensive questions about the financial affairs of Camshaft as well as Mr. Morton's personal finances.

18. I am informed by Mr. Morton that process servers have been using aggressive tactics in their attempts to serve his family members with subpoenas, including one server who hid in the bushes near the driveway of Mr. Morton's father.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2025 in Brooklyn, New York.

*/s/ Pieter Van Tol*

Pieter Van Tol