# Exhibit H

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br><br>Debtor,<br>_____<br><br>BYJU'S ALPHA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC,<br>CAMSHAFT CAPITAL MANAGEMENT,<br>LLC, RIJU RAVINDRAN, INSPILEARN<br>LLC, AND THINK AND LEARN PRIVATE<br>LIMITED,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>) Chapter 11<br>)<br>) Case No.  24-10140 (BLS)<br>)<br>)<br>) Adv. Pro. Case No. 24-50013 (BLS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**NOTICE OF SUBPOENAS**</u>

**PLEASE TAKE NOTICE THAT,** pursuant to Federal Rules of Civil Procedure 26, 45,

and 69, as made applicable by Federal Rules of Bankruptcy Procedure 7026, 9016, and 7069,

BYJU's Alpha, Inc., by and through its attorneys, will serve the attached subpoenas on William

Cameron Morton, Apple, Inc., Gemini Trust Company, LLC, Payward Interactive, Inc., BAM

Trading Services, Inc, Robinhood, Inc, Digital Currency Group, Inc., Foris DAX, Inc., eToro NY,

LLC, Bitstamp USA, Inc., Krypton Fund Services, Inc., American Express Company, Barclays

Bank PLC, Bank of America, N.A., Capital One Financial Corporation, IIFL Capital, Inc., HSBC

---

[1]     The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

Bank USA, N.A., Interactive Brokers, LLC, JP Morgan Chase, N.A., Marcellus Investment Managers, The Northern Trust Company, First Citizens Bank, N.A., Stone X Financial, Inc., TD Bank, N.A., and U.S. Bank, N.A. requesting the production of the documents specified therein.

Dated: Wilmington, Delaware
April 2, 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert S. Brady*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (pro hac vice granted)
Benjamin Finestone (pro hac vice granted)
Kate Scherling (pro hac vice granted)
Jianjian Ye (pro hac vice granted)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.:  (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
katescherling@quinnemanuel.com
jianjianye@quinnemanuel.com

*Counsel for Debtor, BYJU's Alpha, Inc.*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____   District of   DELAWARE _____

In re ___ BYJU'S ALPHA, INC. _____

Debtor

*(Complete if issued in an adversary proceeding)*

BYJU'S ALPHA, INC.,
_____

Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____

Defendant

Case No. 24-10140 (BLS) _____

Chapter 11 _____

Adv. Proc. No. 24-50013 (BLS) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ American Express Company _____

*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___ 4/2/2025 _____

CLERK OF COURT

OR

_____          ___/s/ Kate Scherling____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.   "**Action**" means the above-captioned case.

2.   "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.   "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.   "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.   "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.   "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.   internal or external websites and other shared spaces;

    c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

    e.   archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     **"Relevant Time Period"** means the time period between April 1, 2021, and the date that you respond to these Requests.

14.     **"You"** and **"Your"** means American Express Company, and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the FRCP, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms **"all**," **"any**," and **"each"** shall each be construed as encompassing any and all.

2.     The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.     You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody

or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or

alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

    a.    The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.    The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the

specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with FRCP 45.

16.    In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.    All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.    In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.    Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.    All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

    a)    All Account-opening Documents and all signature cards associated with the Account;

    b)    All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

    c)    All transaction history and monthly account statements for all Accounts identified.

3.    Documents sufficient to show the current balance of all active Accounts.

4.    All Account-closure Documents for all closed accounts, including but not limited to:

    a)    All Documents evidencing the date the Account closure was initiated;

    b)    All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

    c)    All Documents evidencing the balance of the Account at the time of the closure; and

    d)    All Documents related to the transfer of the Account's balance at the time of the closure.

5.    All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service,

relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or

Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the

Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other

Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors,

Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of

assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|:---:|
| ████████8963 |
| ████████0963 |
| ████████2533 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of __DELAWARE_____

In re ___BYJU'S ALPHA, INC._____

**Debtor**

Case No. __24-10140 (BLS)_____

*(Complete if issued in an adversary proceeding)*

Chapter __11_____

___BYJU'S ALPHA, INC.,_____

**Plaintiff**

v.

CAMSHAFT CAPITAL FUND, LP, et al.

**Defendant**

Adv. Proc. No. __24-50013 (BLS)_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Bank of America, N.A. _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/2/2025_____

CLERK OF COURT

OR

_____          ___/s/ Kate Scherling_____

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ____BYJU'S ALPHA, INC._____, who issues or requests this subpoena, are:

Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                                    _____
                                                                                    *Server's signature*

                                                                    _____
                                                                                   *Printed name and title*


                                                                    _____
                                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A**

**<u>DEFINITIONS</u>**

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7.     The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.     "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.     "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.     "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.     "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.     "**You**" and "**Your**" means Bank of America, N.A., and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.    The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.    The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

      a)      All Account-opening Documents and all signature cards associated with the Account;

      b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

      c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

      a)      All Documents evidencing the date the Account closure was initiated;

      b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

      c)      All Documents evidencing the balance of the Account at the time of the closure; and

      d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ██████████ 6959 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____   District of   DELAWARE _____

In re   BYJU'S ALPHA, INC. _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   24-10140 (BLS) _____

Chapter   11 _____

BYJU'S ALPHA, INC.,
_____
Plaintiff
v.
CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Adv. Proc. No.   24-50013 (BLS) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   _____ Barclays Bank of New York, _____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   4/2/2025 _____

CLERK OF COURT

OR

_____        ___/s/ Kate Scherling_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

 212-849-7368        **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                   _____
                                                            *Server's signature*

                                                   _____
                                                            *Printed name and title*

                                                   _____
                                                            *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned case.

2.    "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.    "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.    "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.    "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.    activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.    archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.      "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.      "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.      "**You**" and "**Your**" means Barclays Bank of New York, and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.      The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.      All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.      The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.      The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

   a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

   b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

      a)      All Account-opening Documents and all signature cards associated with the Account;

      b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

      c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

      a)      All Documents evidencing the date the Account closure was initiated;

      b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

      c)      All Documents evidencing the balance of the Account at the time of the closure; and

      d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ████████0337 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____    District of    DELAWARE _____

In re    BYJU'S ALPHA, INC. _____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No.    24-10140 (BLS) _____

Chapter    11 _____

BYJU'S ALPHA, INC., _____
                    Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al. _____
                    Defendant

Adv. Proc. No.    24-50013 (BLS) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Capital One Financial Corporation _____
*(Name of person to whom the subpoena is directed)*

■ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    4/2/2025 _____

CLERK OF COURT

OR

_____          ___/s/_ Kate Scherling_____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

Case 24-50013-BLS    Doc 413-8    Filed 04/23/25    Page 49 of 335

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## <u>DEFINITIONS</u>

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned case.

2.     "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.     "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.     "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.     "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.     "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.   internal or external websites and other shared spaces;

    c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7. The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8. "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9. "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10. "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11. "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    **Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.    "**You**" and "**Your**" means Capital One Financial Corporation, and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.      The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.      The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

        a)      All Account-opening Documents and all signature cards associated with the Account;

        b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

        c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

        a)      All Documents evidencing the date the Account closure was initiated;

        b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

        c)      All Documents evidencing the balance of the Account at the time of the closure; and

        d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.    Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.    Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.    Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|:---:|
| ████████3452 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of   DELAWARE _____

In re   BYJU'S ALPHA, INC. _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

BYJU'S ALPHA, INC.,
_____
Plaintiff
v.
CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No.  24-10140 (BLS) _____

Chapter  11 _____

Adv. Proc. No.  24-50013 (BLS) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ HSBC Bank USA, N.A. _____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/2/2025 _____

CLERK OF COURT

OR

_____            ___/s/ _Kate_ Scherling _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

 212-849-7368         **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.   internal or external websites and other shared spaces;

    c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.      "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.      "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.      "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.      "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     **Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.     "**You**" and "**Your**" means HSBC Bank USA, N.A., and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

    a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

6

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

       a)      All Account-opening Documents and all signature cards associated with the Account;

       b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

       c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

       a)      All Documents evidencing the date the Account closure was initiated;

       b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

       c)      All Documents evidencing the balance of the Account at the time of the closure; and

       d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ████8111 |
| ████████████████0100 (HSBC Bank – Middle East) |
| ██████████0179 |
| ██████████0180 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of __DELAWARE_____

In re _____BYJU'S ALPHA, INC._____
Debtor

*(Complete if issued in an adversary proceeding)*

_____BYJU'S ALPHA, INC.,_____
Plaintiff
v.
CAMSHAFT CAPITAL FUND, LP, et al.
Defendant

Case No. __24-10140 (BLS)_____

Chapter __11_____

Adv. Proc. No. __24-50013 (BLS)_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ IIFL Capital, Inc. _____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/2/2025_____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

___/s/_ Kate_Scherling _____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____BYJU'S ALPHA, INC._____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon
212-849-7368

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.  "**Action**" means the above-captioned case.

2.  "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.  "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.  "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.  "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.  "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7. The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8. "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9. "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10. "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11. "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.      "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.      **Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.      "**You**" and "**Your**" means IIFL Capital, Inc., and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.      The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.      All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to these discovery requests:

1.      The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.      The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

5

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.      The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.      The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14. Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15. If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016. If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16. In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17. Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18. All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19. In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

      a)      All Account-opening Documents and all signature cards associated with the Account;

      b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

      c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

      a)      All Documents evidencing the date the Account closure was initiated;

      b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

      c)      All Documents evidencing the balance of the Account at the time of the closure; and

      d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ███████ |
| ███████ |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____   District of   DELAWARE _____

In re   BYJU'S ALPHA, INC. _____
Debtor

Case No.   24-10140 (BLS) _____

*(Complete if issued in an adversary proceeding)*

Chapter   11 _____

BYJU'S ALPHA, INC., _____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.

Adv. Proc. No.   24-50013 (BLS) _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____   Interactive Brokers LLC   _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   4/2/2025 _____

CLERK OF COURT

OR

_____                    ____/s/ Kate  Scherling____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368            **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                        _____
                                                                    *Server's signature*


                                                        _____
                                                                    *Printed name and title*


                                                        _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned case.

2.    "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.    "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.    "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.    "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant Messenger™ (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.      "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.      **Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.      "**You**" and "**Your**" means  Interactive Brokers LLC, and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.      The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.      All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.      The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.      The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.    You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.    A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.    Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

6

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

7

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

   a)      All Account-opening Documents and all signature cards associated with the Account;

   b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

   c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

   a)      All Documents evidencing the date the Account closure was initiated;

   b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

   c)      All Documents evidencing the balance of the Account at the time of the closure; and

   d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ▇0608 |
| ▇5436 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of ___DELAWARE_____

In re _____BYJU'S ALPHA, INC._____
_____
Debtor

Case No. __24-10140 (BLS)_____

*(Complete if issued in an adversary proceeding)*

Chapter __11_____

_____BYJU'S ALPHA, INC.,_____
_____
Plaintiff

Adv. Proc. No. __24-50013 (BLS)_____

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____JPMorgan Chase, N.A._____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/2/2025_____

CLERK OF COURT

OR

_____          ___/s/ Kate  Scherling__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____BYJU'S ALPHA, INC._____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.　　"**Action**" means the above-captioned case.

2.　　"**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.　　"**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.　　"**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.　　"**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.　　"**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

　　　a.　information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

　　　b.　internal or external websites and other shared spaces;

　　　c.　output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.    activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.    archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     **Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.     "**You**" and "**Your**" means JPMorgan Chase Bank, N.A., and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.     Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.     Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.     All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.     Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.    The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.    The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

      20.      Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

      a)      All Account-opening Documents and all signature cards associated with the Account;

      b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

      c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

      a)      All Documents evidencing the date the Account closure was initiated;

      b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

      c)      All Documents evidencing the balance of the Account at the time of the closure; and

      d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.  Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.  Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.  Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ████6811 |
| ████6159 |
| ████6894 |
| ████1003 |
| ███0504 |
| ████0008 |
| █████0282 |
| ████0183 |
| ███2869 |
| ███3837 |

**APPENDIX 1**

| Account Number |
|---|
| ███████6811 |
| ███████6159 |
| ███████6894 |
| ███████1003 |
| ██████0504 |
| ██████0008 |
| ████████0282 |
| ██████0183 |
| █████2869 |
| ██████3837 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
                          **Debtor**

_(Complete if issued in an adversary proceeding)_

_____
                          **Plaintiff**
                              v.
_____
                          **Defendant**

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
_(Name of person to whom the subpoena is directed)_

☐ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                     CLERK OF COURT

                                        OR

_____                ___/s/ _Kate  Scherling___
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _____ , who issues or requests this subpoena, are:

212-849-7368                **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                    _____
                                                                *Server's signature*


                                                    _____
                                                                *Printed name and title*


                                                    _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned case.

2.    "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.    "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.    "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.    "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.    "**You**" and "**Your**" means Marcellus Investment Managers, and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

7

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

    a)      All Account-opening Documents and all signature cards associated with the Account;

    b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

    c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

    a)      All Documents evidencing the date the Account closure was initiated;

    b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

    c)      All Documents evidencing the balance of the Account at the time of the closure; and

    d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

9

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

## APPENDIX 1

| Account Number |
| --- |
| N/A |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of    DELAWARE _____

In re _____ BYJU'S ALPHA, INC. _____

Debtor

*(Complete if issued in an adversary proceeding)*

_____ BYJU'S ALPHA, INC., _____

Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.

Defendant

Case No.  24-10140 (BLS) _____

Chapter  11 _____

Adv. Proc. No.  24-50013 (BLS) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Northern Trust Securities, Inc. (Delaware) _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/2/2025 _____

                    CLERK OF COURT

                                    OR

_____          ___/s/_Kate_Scherling_

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:

Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                        _____
                                                                    *Server's signature*

                                                        _____
                                                                    *Printed name and title*

                                                        _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.  "**Action**" means the above-captioned case.

2.  "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.  "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.  "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.  "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.  "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.  internal or external websites and other shared spaces;

   c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.      "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.      "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.      "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.      "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    **Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.    "**You**" and "**Your**" means Northern Trust Securities, Inc. (Delaware), and your officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on your behalf.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    The use of the singular form of any word includes the plural and vice versa.

# **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.    Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.    For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.    ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.    File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.    Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.    If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.    In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.    The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.    The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

   a)      All Account-opening Documents and all signature cards associated with the Account;

   b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

   c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

   a)      All Documents evidencing the date the Account closure was initiated;

   b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

   c)      All Documents evidencing the balance of the Account at the time of the closure; and

   d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|:---:|
| ████████0010 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____    District of ___DELAWARE_____

In re ___BYJU'S ALPHA, INC._____
Debtor

*(Complete if issued in an adversary proceeding)*

___BYJU'S ALPHA, INC.,_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
Defendant

Case No. __24-10140 (BLS)_____

Chapter __11_____

Adv. Proc. No. __24-50013 (BLS)_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Silicon Valley Bank, a division of First-Citizens Bank and Trust Company_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/2/2025_____

CLERK OF COURT

OR

_____            ___/s/ Kate  Scherling_____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___BYJU'S ALPHA, INC._____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368        **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                            _____
                                                                            *Server's signature*

                                                            _____
                                                                            *Printed name and title*

                                                            _____
                                                                            *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A**

**<u>DEFINITIONS</u>**

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned case.

2.    "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.    "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.    "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.    "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.   archived data, legacy data, and back-up tapes.

7.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.      "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.      "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.     "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.     "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.     "**You**" and "**Your**" means Silicon Valley Bank, a division of First-Citizens Bank and Trust Company, and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.     Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.     Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.     All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.     Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.      The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.      The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

        a)      All Account-opening Documents and all signature cards associated with the Account;

        b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

        c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

        a)      All Documents evidencing the date the Account closure was initiated;

        b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

        c)      All Documents evidencing the balance of the Account at the time of the closure; and

        d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

9

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| █████████9993 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____    District of    DELAWARE _____

In re    BYJU'S ALPHA, INC. _____
_____
Debtor

Case No.    24-10140 (BLS) _____

*(Complete if issued in an adversary proceeding)*

Chapter    11 _____

BYJU'S ALPHA, INC., _____
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al. _____
Defendant

Adv. Proc. No.    24-50013 (BLS) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Stone X Financial Inc. _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    4/2/2025 _____

                CLERK OF COURT

                                OR

        _____          ___/s/  Kate  Scherling _
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____BYJU'S ALPHA, INC._____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

 212-849-7368        **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                    _____
                                                                *Server's signature*


                                                    _____
                                                                *Printed name and title*


                                                    _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## <u>DEFINITIONS</u>

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned case.

2.     "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.     "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.     "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.     "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.     "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.  The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.  "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.  "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.  "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.  "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.     "**You**" and "**Your**" means StoneX Financial Inc., and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks,

4

deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.    Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

     a.    The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

     b.    The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement

and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

      a)      All Account-opening Documents and all signature cards associated with the Account;

      b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

      c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

      a)      All Documents evidencing the date the Account closure was initiated;

      b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

      c)      All Documents evidencing the balance of the Account at the time of the closure; and

      d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ████0819 |
| ████0818 |
| ████0818 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____    District of    DELAWARE _____

In re _____
BYJU'S ALPHA, INC.
_____
Debtor

Case No.   24-10140 (BLS) _____

*(Complete if issued in an adversary proceeding)*

Chapter   11 _____

_____
BYJU'S ALPHA, INC.,
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Adv. Proc. No.   24-50013 (BLS) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____    TD Bank, N.A. _____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   4/2/2025 _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

___/s/ Kate Scherling___
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1. "**Action**" means the above-captioned case.

2. "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3. "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5. "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6. "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant Messenger™ (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.   archived data, legacy data, and back-up tapes.

7.     The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.     "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.     "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.     "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.     "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.      "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.      "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.      "**You**" and "**Your**" means TD Bank, N.A., and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

15.      The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.      All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.      The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.      The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.     You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.     A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.     Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical

to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting

the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged

material must be produced, redacting only the portion purportedly privileged.

15.　　If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.　　In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.　　Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.　　All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.　　In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

        a)      All Account-opening Documents and all signature cards associated with the Account;

        b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

        c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

        a)      All Documents evidencing the date the Account closure was initiated;

        b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

        c)      All Documents evidencing the balance of the Account at the time of the closure; and

        d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|:---:|
| █████████1567 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of ___DELAWARE_____

In re ___BYJU'S ALPHA, INC._____

Debtor

*(Complete if issued in an adversary proceeding)*

___BYJU'S ALPHA, INC.,_____

Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.

Defendant

Case No. __24-10140 (BLS)_____

Chapter __11_____

Adv. Proc. No. __24-50013 (BLS)_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ U.S. Bank, N.A. _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/2/2025_____

CLERK OF COURT

OR

_____              ___/s/ Kate Scherling___
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____BYJU'S ALPHA, INC._____ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned case.

2.     "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.     "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.     "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

5.     "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.     "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

      a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

      b.   internal or external websites and other shared spaces;

      c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management LLC, and Camshaft Capital Advisors LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran,  Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

14.    "**You**" and "**Your**" means U.S. Bank, N.A., and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical

4

to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting

the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

    a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.      Any purportedly privileged Document or other thing containing non-privileged

material must be produced, redacting only the portion purportedly privileged.

15.    If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.    In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.    All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.    In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Doc 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution including but not limited to those accounts listed on Appendix 1 that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.  For each such Account, provide the following:

   a)      All Account-opening Documents and all signature cards associated with the Account;

   b)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations; and

   c)      All transaction history and monthly account statements for all Accounts identified.

3.      Documents sufficient to show the current balance of all active Accounts.

4.      All Account-closure Documents for all closed accounts, including but not limited to:

   a)      All Documents evidencing the date the Account closure was initiated;

   b)      All Documents evidencing the identity of all Persons responsible for initiating and carrying out the Account closure;

   c)      All Documents evidencing the balance of the Account at the time of the closure; and

   d)      All Documents related to the transfer of the Account's balance at the time of the closure.

5.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by You with the

Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any transactions conducted by or on behalf of any of the Judgment Debtors, Byju, or Morton.

6.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

7.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

8.      Documents sufficient to identify any purchases of cryptocurrency or transfers of assets to a cryptocurrency exchange by any of the Judgment Debtors, Byju, or Morton.

**APPENDIX 1**

| Account Number |
|---|
| ██████████3706 |
| ██████████-7702 |
| ██████████-9440 |
| ████████0944 |
| ██████████-9457 |
| ████████0957 |
| ██████████-6176 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of ___DELAWARE___

In re ___BYJU'S ALPHA, INC.___
Debtor

*(Complete if issued in an adversary proceeding)*

___BYJU'S ALPHA, INC.,___
Plaintiff

v.

___CAMSHAFT CAPITAL FUND, LP, et al.___
Defendant

Case No. ___24-10140 (BLS)___

Chapter ___11___

Adv. Proc. No. ___24-50013 (BLS)___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Apple Inc. _____

*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 5/2/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___4/2/2025___

CLERK OF COURT

OR

_____          ___/s/ Kate Scherling___
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___BYJU'S ALPHA, INC.___ , who issues or requests this subpoena, are:
Kate Scherling, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, 212-849-7178, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned case.

2.     "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

3.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.     "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

5.     "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.     "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and

all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

10.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.    "**Relevant Time Period**" means the time period between January 1, 2020 and the date that You respond to these Requests.

12.    "**Riju**" means Riju Ravindran, a Judgment Debtor in this Action.

1.    "**You**" and "**Your**" means Apple Inc. including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or

controlled by Apple, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by Apple, as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

13.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

14.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.     You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody

3

or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.    A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so.  Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.    Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.        Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.        Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.        All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.        Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.        For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.        ESI should not be produced in a form that removes or significantly degrades or

alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

   a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

   b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the

6

specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.    In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.    All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.    In the event that any document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.  .

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the

request below.

## REQUESTS FOR PRODUCTION

1.      For each Apple ID or iCloud account associated with any of the identifiers listed in Appendix 1:

        a)      All Documents Concerning the account's purchase, download or update history from Apple Media Services, including but not limited to all detailed transaction receipts;

        b)      Documents sufficient to show the current active devices associated with the accounts; and

        c)      All Documents Concerning any credit or debit cards associated with the account's Apple Pay.

## **APPENDIX 1**

- ████████25@yahoo.com
- ████████████96@gmail.com
- ████████████96@gmail.com
- william@camshaftadvisors.com
- ████████████████████████████
- william@camshaftcapital.com
- ████████████-1383
- ████████████-3828
- ████████████ 2280
- ████████████dran@gmail.com
- ████████████dran@icloud.com
- ████████thinkandlearn.in
- ████████byjus.com
- ████████sureshandco.com
- ████████████3740
- ████████dran@gmail.com
- ████████████3135

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
                        Debtor

_(Complete if issued in an adversary proceeding)_

_____
                        Plaintiff
                           v.
_____
                        Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
               _(Name of person to whom the subpoena is directed)_

☐ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                CLERK OF COURT

                               OR

        _____                    ___/s/  Kate Scherling _
        _Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _____ ,  who issues or requests this subpoena, are:

212-849-7368                    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      **"Account"** means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.      "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

b.  internal or external websites and other shared spaces;

c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.      "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.      "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.     "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.     "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Relevant Time Period**" means the time period between April 1, 2021, and the

2

date that you respond to these Requests.

14.    "**You**" and "**Your**" means BAM Trading Services Inc. including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by BAM Trading Services Inc., and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by BAM Trading Services Inc., as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

    a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.      For each such Account, provide the following:

    a)      Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

    b)      All Account-opening Documents and signature cards;

    c)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

    d)      Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

    e)      All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

    f)      The transaction history and monthly Account statements for all accounts identified;

    g)      The login history for all Account users, including an IP data; and

    h)      The Device history for all Account users.

4.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
                        Debtor

*(Complete if issued in an adversary proceeding)*

_____
                        Plaintiff
                          v.
_____
                        Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                    ___/s/  Kate Scherling__
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

212-849-7368                    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

Case 24-50013-BLS   Doc 413-8   Filed 04/23/25   Page 229 of 335

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned case.

2.    "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.    "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.    "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.      "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.      "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.     "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.     "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Relevant Time Period**" means the time period between April 1, 2021, and the

2

date that you respond to these Requests.

14.    "**You**" and "**Your**" means Bitstamp USA, Inc., including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by Bitstamp USA, Inc., all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by Bitstamp USA, Inc., as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.     Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.     Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.     All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.     Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

   a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

   b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.      For each such Account, provide the following:

   a)      Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

   b)      All Account-opening Documents and signature cards;

   c)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

   d)      Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

   e)      All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

   f)      The transaction history and monthly Account statements for all accounts identified;

   g)      The login history for all Account users, including an IP data; and

   h)      The Device history for all Account users.

4.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          ___/s/  Kate Scherling__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____  ,  who issues or requests this subpoena, are:

212-849-7368                      **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## <u>DEFINITIONS</u>

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      **"Account"** means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.      "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

     d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

     e.   archived data, legacy data, and back-up tapes.

7.     The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.     "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.     "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.     "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.     "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Relevant Time Period**" means the time period between April 1, 2021, and the

date that you respond to these Requests.

14.     "**You**" and "**Your**" means Digital Currency Group, Inc., including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by Digital Currency Group, Inc., and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by Digital Currency Group, Inc., as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

   a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

   b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.      For each such Account, provide the following:

    a)      Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

    b)      All Account-opening Documents and signature cards;

    c)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

    d)      Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

    e)      All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

    f)      The transaction history and monthly Account statements for all accounts identified;

    g)      The login history for all Account users, including an IP data; and

    h)      The Device history for all Account users.

4.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
                        Debtor

*(Complete if issued in an adversary proceeding)*

_____
                        Plaintiff
                          v.
_____
                        Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                 CLERK OF COURT

                                    OR

_____            ___/s/ Kate Scherling__
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

212-849-7368            **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.      "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.      "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.      "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.     "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.     "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Relevant Time Period**" means the time period between April 1, 2021, and the

2

date that you respond to these Requests.

14.    "**You**" and "**Your**" means eToro USA LLC including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by eToro USA LLC, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by eToro USA LLC, as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

4

any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.    Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

    a.      The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.      The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

7

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.      For each such Account, provide the following:

    a)      Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

    b)      All Account-opening Documents and signature cards;

    c)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

    d)      Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

    e)      All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

    f)      The transaction history and monthly Account statements for all accounts identified;

    g)      The login history for all Account users, including an IP data; and

    h)      The Device history for all Account users.

4.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____              ___/s/  Kate Scherling__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

212-849-7368            **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


_____
                                   *Server's signature*

_____
                                   *Printed name and title*


_____
                                   *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.      "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a. information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b. internal or external websites and other shared spaces;

   c. output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7.       The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.       "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.       "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.       "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.       "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.       "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.       "**Relevant Time Period**" means the time period between April 1, 2021, and the

2

date that you respond to these Requests.

14.     "**You**" and "**Your**" means Foris DAX, Inc., including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by Doris DAX, Inc., and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by FORIS DAX, Inc., as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.     Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.     Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.     All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.     Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

     a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

     b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.    In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## <u>REQUESTS FOR PRODUCTION</u>

1.     Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.     All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.     For each such Account, provide the following:

    a)     Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

    b)     All Account-opening Documents and signature cards;

    c)     All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

    d)     Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

    e)     All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

    f)     The transaction history and monthly Account statements for all accounts identified;

    g)     The login history for all Account users, including an IP data; and

    h)     The Device history for all Account users.

4.     Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.     Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          ___/s/ Kate Scherling__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned case.

2.    **"Account"** means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.    "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.    "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

    e.   archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "**Relevant Time Period**" means the time period between April 1, 2021, and the

date that you respond to these Requests.

14.    "**You**" and "**Your**" means Gemini Trust Company, LLC, including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by Gemini Trust Company, LLC, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by Gemini Trust Company, LLC, as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.    The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

4

any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.    For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.    ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.    File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.    Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.    If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.    In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.    The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.    The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.    In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.    Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.      For each such Account, provide the following:

   a)      Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

   b)      All Account-opening Documents and signature cards;

   c)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

   d)      Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

   e)      All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

   f)      The transaction history and monthly Account statements for all accounts identified;

   g)      The login history for all Account users, including an IP data; and

   h)      The Device history for all Account users.

4.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          ___/s/ Kate Scherling__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      "**Alpha Funds**" means the approximately $533,000,000 in aggregate funds transferred from the BYJU's Alpha, Inc. to Camshaft Capital Fund, LP in April 2022 and July 2022.

3.      "**Camshaft Entity**" or "**Camshaft Entities**" means Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC, Camshaft CRE 1 LLC, Camshaft LLC, Camshaft Consulting, LLC, Red Vinyard Endeavors, LLC, Windmill Properties LLC, Serena Vista LLC, Hydra Enforcement, LP, and Camshaft, LP -- Activist I, Camelback Financial Corp, Sola Fide, Camshaft Capital Fund, LP, Camshaft Capital Credit, LP, Camshaft Credit, LP, Camshaft, LP Short Term Liquid Assets 1, Camshaft, LP SPV 1, Camshaft Credit, LP SPV 1, Camshaft Management, LLC, Camshaft Credit Management, LLC, and William Cameron Morton.  For any of the above that are not natural persons, the definition of includes:  (a) any of their parents (and their parents, continued up the chain of ownership until the level of ownership by non-corporate Persons); (b) subsidiaries (and their subsidiaries, continued until the end of the chain of subsidiary ownership); and (c) Affiliates.

4.      "**Camshaft LP Interest**" means any limited partnership interest (or the equivalent) that BYJU's Alpha, Inc. was issued by Camshaft Capital Fund, LP in consideration for the Alpha Funds.

5.      "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

6.      "**Communication**" or "**Communications**" means the transmittal of information (in

the form of facts, ideas, inquiries or otherwise).

7.     **"Document"** or **"Documents"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

8.     **"Electronically Stored Information"** (**"ESI"**) means, without limitation, the following:

   a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.  internal or external websites and other shared spaces;

   c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

   d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

   e.  archived data, legacy data, and back-up tapes.

9.     The words **"include"** and **"including"** mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

11.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12.     "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these requests.

13.     "**You**" and "**Your**" means Krypton Fund Services (USA) Inc. and any of its consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

14.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the FRCP, or any other applicable laws.

15.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

## <u>INSTRUCTIONS</u>

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody, or control, or in the possession, custody or control of Your attorneys, agents, employees, representatives, associates, partnerships, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible.  Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions,

modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.    ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.    File folders with tabs or labels or directories of files identifying Documents shall be produced intact with such Documents.

11.    Documents attached to each other shall not be separated.  All Documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.    If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.    In the event that any Document or other thing called for by the requests is withheld on the basis of a claim or privilege or immunity:

a.    The Person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.    The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.    Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.    If You have any good faith objections to any request or any part thereof, the specific

nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with FRCP 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all Persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the Persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned adversary proceeding, Case 24-50013, Doc 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the requests below.

## REQUESTS FOR PRODUCTION

1.      All agreements between You and any of the Camshaft Entities, and all other Documents and Communications Concerning such agreements.

2.      All books and records of any of the Camshaft Entities.

3.      All Documents and Communications Concerning any due diligence You conducted of or Concerning any of the Camshaft Entities.

4.      All audited and unaudited financial statements, monthly balance sheets, ledgers, tax returns, or financial, tax, or accounting documents of any kind Concerning any of the Camshaft Entities.

5.      All account records of any of the Camshaft Entities, and all other Documents and Communications Concerning such account records.

6.      All Documents and Communications Concerning the past and current beneficial ownership of any of the Camshaft Entities.

7.      All Documents and Communications Concerning investor contributions during the Relevant Time Period in any of the Camshaft Entities.

8.      All Documents and Communications Concerning each and every transfer or redemption of any interest in any of the Camshaft Entities, including the transferor, transferee, date, and the exact amount or value of the interests transferred.

9.      All Documents and Communications Concerning any payment, wire transfer, or other transmission of funds or value equivalent to US $5,000 or greater involving any of the Camshaft Entities.

10.      All Documents and Communications Concerning any of the Camshaft Entities' domestic or foreign banks and/or financial institutions in which any of the Camshaft Entities have

any account or interest, including but not limited to checking accounts, savings accounts, brokerage accounts, investment accounts, trusts, time deposits, and certificates of deposits.

11.     The registers of Camshaft Capital Fund, LP's investors, general or limited partners, or other equity holders at all times during the Relevant Time Period.

12.     All Documents and Communications, including account records, concerning the Alpha Funds or the Camshaft LP Interest.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          ___/s/  Kate Scherling__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

212-849-7368          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned case.

2.      "**Account**" means any instrument of any nature whereby You accepted and held

financial assets on behalf of a depositor or for the benefit of another.

3.      "**Concerning**" means relating to, referring to, describing, evidencing or

constituting.

4.      "**Communication**" or "**Communications**" means the transmittal of information

(in the form of facts, ideas, inquiries or otherwise).

5.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal

in scope to the usage of the term "documents or electronically stored information" in FRCP

34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069,

and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the

following:

      a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

      b.  internal or external websites and other shared spaces;

      c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.  The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.  "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.  "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.  "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.  "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.  "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.  **Relevant Time Period**" means the time period between April 1, 2021, and the

date that you respond to these Requests.

14.     "**You**" and "**Your**" means Payward Interactive, Inc., including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by Payward Interactive, Inc., and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by Payward Interactive, Inc., as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

3.    The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.    You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.    A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.    Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.    Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.      If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.      In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

   a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

   b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## <u>REQUESTS FOR PRODUCTION</u>

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.      For each such Account, provide the following:

    a)      Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

    b)      All Account-opening Documents and signature cards;

    c)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

    d)      Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

    e)      All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

    f)      The transaction history and monthly Account statements for all accounts identified;

    g)      The login history for all Account users, including an IP data; and

    h)      The Device history for all Account users.

4.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

___/s/ Kate Scherling__
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

212-849-7368
**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned case.

2.     "**Account**" means any instrument of any nature whereby You accepted and held financial assets on behalf of a depositor or for the benefit of another.

3.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

4.     "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.     "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

6.     "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

     a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

     b.  internal or external websites and other shared spaces;

     c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d.    activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.    archived data, legacy data, and back-up tapes.

7.    The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

8.    "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

9.    "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

10.    "**Byju**" means the individual known as Byju Raveendran, Byju Ravindran, or any other name or alias.

11.    "**Morton**" means the individual known as William Cameron Morton, William C. Morton, William Morton, Will Morton, W, Cameron Morton, Cameron Morton or any other name or alias, last known to reside at 950 Brickell Bay Drive, Apartment 5107. Miami, FL 33131.

12.    "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "**Relevant Time Period**" means the time period between April 1, 2021, and the

2

date that you respond to these Requests.

14.     "**You**" and "**Your**" means RobinHood Markets, Inc including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by RobinHood Markets, Inc, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by RobinHood Markets, Inc, as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

15.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

3

might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.    Documents in large or complex formats, such as large Excel-format spreadsheets

or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

a.   The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and,

6

where not apparent, the relationship of the author, addressees, and recipients to

each other;

14.    Any purportedly privileged Document or other thing containing non-privileged

material must be produced, redacting only the portion purportedly privileged.

15.    If You have any good faith objections to any request or any part thereof, the

specific nature of the objection and whether it applies to the entire request or to a part of the

request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable

by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of

the request, then the part objected to should be identified and Documents and other things

responsive to the remaining unobjectionable part should be timely produced.  Further, if You

object to part of the request, You must state the basis of Your objections in accordance with

Federal Rule of Civil Procedure 45.

16.    In the event that any Document or other thing responsive to a request has been

lost, discarded, or destroyed, that Document or other thing is to be identified by stating as

completely as possible: (a) the authors or creators of the material, (b) all persons who received

copies of the material, including any indicated and blind copy recipients, (c) the present custodian

of the material, (d) the date of the material, (e) the material's date of destruction or discard,

manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

17.    Each production shall be submitted with a transmittal letter or email that includes

the case caption, production volume name, encryption method/software used if applicable, and

passwords for any password protected files if applicable.

18.    All Documents produced pursuant to this subpoena may be used in the Action, or

any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any Document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUESTS FOR PRODUCTION

1.      Any Communications between You and any of the Judgment Debtors, Byju, or Morton during the Relevant Time Period.

2.      All Documents Concerning all Accounts at Your institution that are held by or for the benefit of any of the Judgment Debtors, Byju, or Morton.

3.      For each such Account, provide the following:

   a)      Documents sufficient to show the Account number of all Accounts with You associated with any of the Judgment Debtors, Byju or Morton;

   b)      All Account-opening Documents and signature cards;

   c)      All Documents generated in the course of compliance with "know your customer" ("KYC") obligations;

   d)      Documents sufficient to show current account balance, funding source and currency, for all Accounts identified;

   e)      All Documents related to the closure (including the party initiating the closure, the date of closure, the Account balance at the time of closure and documents related to the transfer of the Account's balance at the time of the closure) for all Accounts identified that have been closed;

   f)      The transaction history and monthly Account statements for all accounts identified;

   g)      The login history for all Account users, including an IP data; and

   h)      The Device history for all Account users.

4.      Any Documents concerning the assets, liabilities, or expenses of any of the Judgment Debtors, Byju, or Morton.

5.      Any Documents indicating the use of aliases, nominees, trustees, or any other Persons holding any assets on behalf of or for the benefit or use of any of the Judgment Debtors, Byju, or Morton.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
_____
Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
_(Name of person to whom the subpoena is directed)_

☐ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          ___/s/_Kate Scherling_____
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_____ , who issues or requests this subpoena, are:

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned case.

2.    "**Affiliate**" or "**Affiliates**" means with respect to any person or entity, any other person or entity that directly or indirectly, is controlled  or is under common control with, another entity, in each case where the term "control" means possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through ownership of voting interests, by contract interest, or otherwise. .

3.    "**Camshaft Entity**" or "**Camshaft Entities**" means Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC, Camshaft CRE 1 LLC, Camshaft LLC, Camshaft Consulting, LLC, Red Vinyard Endeavors, LLC, Windmill Properties LLC, Serena Vista LLC, Hydra Enforcement, LP, Hydra Global LLC, Camshaft LP -- Activist I, Camelback Financial Corp, Sola Fide, Camshaft Capital Fund, LP, Camshaft Capital Credit, LP, Camshaft Credit, LP, Camshaft, LP Short Term Liquid Assets 1, Camshaft, LP SPV 1, Camshaft Credit, LP SPV 1, Camshaft Management, LLC, and Camshaft Credit Management, LLC.  For any of the above that are not natural persons, the definition includes:  (a) any of their parents (and their parents, continued up the chain of ownership until the level of ownership by non-corporate Persons); (b) subsidiaries (and their subsidiaries, continued until the end of the chain of subsidiary ownership); and (c) Affiliates.

4.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

5.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.      "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable herein by Federal Rules of Bankruptcy Procedure 7034, 7069, and 9016.  A draft or non-identical copy is a separate document within the meaning of this term.

7.      "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

    a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.   internal or external websites and other shared spaces;

    c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs), or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on clouds, hosting services, computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, online platforms, and related media used to move and store data, such as, but not limited to, a personal digital assistant, *e.g.*, iPhone, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

    e.   archived data, legacy data, and back-up tapes.

8.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

9.      "**Judgment Creditor**" means the entity named as Debtor-Plaintiff in the Action.

10.     "**Judgment Debtors**" means Camshaft Capital Fund LP, Camshaft Capital Management, LLC, Camshaft Capital Advisors, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Ltd., including their agents or other persons acting (or purporting to act) on their behalf, any entity in which they are a partner, and any organization or entity that a Judgment Debtor manages or controls, or an affiliate thereof, and any of their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, branches, or affiliates.

11.     "**Own**" or "**Owned**" means to have ownership of an interest in something and shall include all types of ownership, including legal, beneficial, of record, direct, indirect, whole, partial, sole, and joint ownership, including without limitation as a general partner, limited partner, limited liability member, fiduciary, equity or debt holder, and demand deposit holder.

12.     "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "**Property**" means any and all things that may be Owned and the rights thereto, including but not limited to:  real property, personal property, intellectual property, intangible property, goods, financial and bank accounts, debts (whether or not due and owing), letters of credit, trade receivables, accounts receivable, contract rights, machinery, vehicles and transportation equipment, raw materials and inventory, manufacturing facilities, solar generation facilities, photovoltaic module inventory, financial assets, securities, equity in subsidiaries, commodities, digital assets, and environmental and energy credits.

14.     "**Relevant Time Period**" means the time period between April 1, 2021, and the date that you respond to these Requests.

15.     "**You**" and "**Your**" means William Cameron Morton and your employees,  agents, or other persons acting (or purporting to act) on your behalf.

16.     The terms defined above and each individual request for production are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable laws.

17.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the request for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

## RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.     You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.     A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody

of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3.      Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.   Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or

similar materials).

5.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files.  If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9.      ESI should not be produced in a form that removes or significantly degrades or alters the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

10.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

11.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

12.     If there are no Documents or other things responsive to the request, Your response shall state so in writing.

13.     In the event that any Document or other thing called for by the request is withheld on the basis of a claim or privilege or immunity:

 a.     The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

 b.     The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the purportedly privileged information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

14.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

15.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Federal Rule of Civil Procedure 45, as made applicable by Federal Rules of Bankruptcy Procedure 7069 and 9016.  If there is an objection to any part of the request, then the part objected to should be identified and Documents and other things

responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of the request, You must state the basis of Your objections in accordance with Federal Rule of Civil Procedure 45.

16.     In the event that any Document or other thing responsive to a request has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible:  (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     All Documents produced pursuant to this subpoena may be used in the Action, or any related actions regarding the enforcement of the judgment entered in the Action.

19.     In the event that any document responsive to these requests is deemed confidential, it may be produced subject to the terms of the Stipulated Confidentiality Agreement and Protective Order entered in the Action, Case 24-50013, Adv. D.I. 134.

20.     Upon request, counsel for Judgment Creditor will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## <u>REQUESTS FOR PRODUCTION</u>

1.     All tax returns, or financial, tax, or accounting Documents of any kind filed by You or any of the Camshaft Entities, or on Your behalf, or on behalf of any of the Camshaft Entities.

2.      Any Communications among or between You and any of the Camshaft Entities Concerning repudiation, payment, or non-payment of Your obligations, and vice versa.

3.      Documents sufficient to identify any financial obligation of any of the Camshaft Entities that was reviewed, approved, guaranteed, and/or paid by You, or vice versa.

4.      Documents sufficient to identify any agency relationship between You and any of the Camshaft Entities, including but not limited to any agency agreements, powers or attorney, or other formal or informal delegations of authority.

5.      Documents sufficient to identify any transactions, contract negotiations or executions, financing, or other business conducted by, through, or in conjunction with any of the Camshaft Entities.

6.      Documents sufficient to identify any Property of any kind Owned by You or any of the Camshaft Entities with a value of US $5,000 or greater.

7.      All Documents and Communications Concerning any transfer, including but not limited to payment, wire transfer, or other transmission, of funds or value equivalent to US $5,000 or greater involving You, any of the Camshaft Entities, or any of the Judgment Debtors.

8.      All Documents and Communications Concerning any domestic or foreign bank and/or financial institution in which You or any of the Camshaft Entities have any account or interest, including but not limited to checking accounts, savings accounts, brokerage accounts, investment accounts, trusts, time deposits, and certificates of deposits.

9.      All Documents and Communications Concerning (a) any money transfer software application where You or any of the Camshaft Entities Own an account, including but not limited to PayPal, Dwolla, Venmo, or Cash App; and (b) any virtual or digital currency in Your possession or held by someone else for Your benefit, including but not limited to bitcoin, airline miles, mileage points, or online game currency.

10.     All Documents with account transaction histories Concerning any account, virtual currency, or digital currency identified in response to Request No. 9, including any lists of transactions with any online exchanges or phone software.

11.     Any Documents You or any of the Camshaft Entities provided to the IRS or any other tax authority Concerning virtual currencies or digital currencies, including reporting of foreign accounts and reporting of capital gains.

12.     All Documents and Communications Concerning any insurance policies:  (i) Owned by You or any of the Camshaft Entities ; (ii) on which You or any of the Camshaft Entities are an additional insured; or (ii) which may provide coverage for the claims in this Action.

13.     All Documents and Communications Concerning any insurance claims asserted by or against You or any of the Camshaft Entities.

14.     All Documents and Communications Concerning any loans or accounts receivable held by You or any of the Camshaft Entities or on Your behalf, or on the behalf of any of the Camshaft Entities.

15.     All Documents and Communications Concerning any legal fees paid by You or any of the Camshaft Entities, or on Your behalf, or on the behalf of any of the Camshaft Entities.

16.     All Documents and Communications Concerning any safe deposit box which You or any of the Camshaft Entities Own, maintain, or have access to.

17.     All Documents and Communications Concerning any real estate used, Owned, or maintained by You or any of the Camshaft Entities.

18.     All Documents and Communications Concerning any vehicles and automobiles You or any of the Camshaft Entities have Owned or used.

19.     All Documents and Communications Concerning Your income from any source.