1

2          **IN THE UNITED STATES BANKRUPTCY COURT**
           **FOR THE DISTRICT OF DELAWARE**
3

4    In re:
     BYJU'S ALPHA, INC.,
5                                              Chapter 11
                        Debtor.
6                                              Case No. 24-10140 (BLS)

     BYJU'S ALPHA, INC.,                       Adv. Pro. Case No. 24-50013 (BLS)
7
                        Plaintiff,
8
                        v.
9
     CAMSHAFT CAPITAL FUND, LP,
10   CAMSHAFT CAPITAL ADVISORS, LLC,
     CAMSHAFT CAPITAL MANAGEMENT, LLC,
11   RIJU RAVINDRAN, INSPILEARN LLC, AND
     THINK & LEARN PRIVATE, LTD,
12
                        Defendants.
13

14       **NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY SUBPOENA**

15

16   TO: Kate Scherling, Attorney for BYJU'S ALPHA INC, 295 Fifth Ave., New York, NY

17   10016

18   Email: katescherling@quinnemanuel.com

19   Phone: 212-849-7178

20

21   PLEASE TAKE NOTICE that Blaise Pascal Barrelet, a non-party to the above-captioned

22   bankruptcy case or adversary proceeding, will move the Court, pursuant to Federal Rule of

23   Civil Procedure 45(d)(3), as made applicable by Federal Rule of Bankruptcy Procedure 9016,

24   for an order quashing or modifying the Subpoena to Produce Documents, Information, or

25   Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding.

26

27   The motion will be heard before the Honorable Brendan L. Shannon, United States

28   Bankruptcy Judge, in Courtroom #1, 6th Floor, 824 North Market Street, Wilmington, DE

                                        - 1 -

1  19801, on May 2, 2025, at 11:00 AM (Eastern Time). Any opposition to this motion must be

2  filed and served by close of business on April 30, 2025, in accordance with the Local Rules of

3  the United States Bankruptcy Court for the District of Delaware.

4

5  The grounds for the motion are set forth in the accompanying Motion to Quash or Modify

6  Subpoena and include, but are not limited to, lack of personal jurisdiction, undue burden on a

7  non-party, and overbreadth.

8

9  Dated: April 23, 2025

10                                                  LAW OFFICE OF JORGE I. HERNANDEZ

11                                                  /s/ Jorge I. Hernandez

12                                                  Jorge I. Hernandez, Esq.
                                                    823 Anchorage Place
13                                                  Chula Vista, CA 91914
                                                    Ph: (619) 985-0348
14                                                  E-Mail: Jorge@jihlaw.com

15                                                  Counsel for Blaise P. Barrelet

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **OBJECTION OF NON-PARTY BLAISE PASCAL BARRELET TO**

2  **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

3      TO: Kate Scherling, Esq. Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Ave.,

4  New York, NY 10016 katescherling@quinnemanuel.com

5      Non-party Blaise Pascal Barrelet ("Mr. Barrelet"), by and through his undersigned

6  counsel, hereby objects to the Subpoena to Produce Documents, Information, or Objects

7  served on him on April 8, 2025, by BYJU'S Alpha, Inc. (the "Judgment Creditor") in the

8  above-captioned adversary proceeding, pursuant to Federal Rule of Civil Procedure

9  45(d)(2)(B), as made applicable by Federal Rule of Bankruptcy Procedure 9016. The

10  subpoena, issued in connection with Adversary Proceeding No. 24-50013, commands

11  production of documents by May 8, 2025, at 5:30 p.m. at Transperfect, 1033 Demonbreun

12  Street, Nashville, TN 37203. Mr. Barrelet respectfully requests that the Court modify or quash

13  the subpoena for the reasons set forth below. Mr. Barrelet is not a party to this proceeding or

14  bankruptcy case. He is merely an investor in Camshaft Capital Fund, LP and thus has no

15  relevant information to this case. Additionally, Mr. Barrelet has significant health issues

16  stemming from cancer treatments and side effects of those treatments that also impair his

17  ability to respond to discovery.

18      **GENERAL OBJECTIONS**

19  1.  Undue Burden: The subpoena imposes an undue burden on Mr. Barrelet, a non-party,

20      by requesting an overly broad and voluminous set of documents spanning a four-year

21      period (April 1, 2021, to present) across 19 separate requests. The requests encompass

22      a wide range of financial, transactional, and personal records related to multiple

23      entities and individuals, many of which Mr. Barrelet does not possess or control.

24      Compliance would require extensive time, effort, and expense, disproportionate to Mr.

25      Barrelet's limited connection to the adversary proceeding.

26  2.  Overbreadth and Lack of Specificity: The subpoena's requests are overly broad and

27      lack the specificity required under Fed. R. Civ. P. 45(d)(1). Terms such as "all

28      Documents and Communications Concerning" and definitions like "Camshaft

1    Entities" (covering numerous entities, their affiliates, parents, and subsidiaries) are so

2    expansive that they fail to reasonably identify the documents sought. This vagueness

3    makes compliance impracticable and subjects Mr. Barrelet to unreasonable demands.

4    3.    Relevance: The subpoena seeks documents that appear irrelevant to the adversary

5    proceeding or the enforcement of the judgment against Camshaft Capital Fund, LP,

6    and other Judgment Debtors. Many requests (e.g., Request Nos. 6, 7, 11, 12) seek

7    information about insurance policies, real estate, or vehicles that have no apparent

8    nexus to the claims at issue, imposing an unnecessary burden on Mr. Barrelet.

9    4.    Privilege and Confidentiality: Several requests seek documents that may be protected

10    by attorney-client privilege, work-product doctrine, or other confidentiality protections

11    (e.g., Request No. 9 regarding legal fees, Request No. 14 regarding communications).

12    Mr. Barrelet reserves the right to withhold or redact such documents and will provide a

13    privilege log if necessary, as required by Fed. R. Civ. P. 45(e)(2).

14    5.    Reasonable Time for Compliance: The subpoena fails to provide a reasonable time for

15    compliance, as the broad scope of the requests cannot be adequately addressed by May

16    8, 2025, particularly given the need to review for privilege and confidentiality.

17

18    **SPECIFIC OBJECTIONS** Without waiving the general objections, Mr. Barrelet objects to

19    each request as follows:

20    Request No. 1: Objection on grounds of undue burden, overbreadth, and lack of specificity.

21    Identifying "any Property" valued at $5,000 or greater owned by numerous Judgment

22    Debtors, Camshaft Entities, or Morton is excessively broad and requires Mr. Barrelet to

23    speculate about assets he does not control or possess knowledge of.

24    Request No. 2: Objection on grounds of undue burden, overbreadth, and relevance. Producing

25    "all audited and unaudited financial statements" and other financial documents for multiple

26    entities and individuals is overly burdensome and seeks information not reasonably within Mr.

27    Barrelet's possession or relevant to the judgment enforcement.

28    Request No. 3: Objection on grounds of undue burden, overbreadth, and lack of specificity.

Documents concerning "any transfer" of $5,000 or greater by multiple parties are vague and overly inclusive, imposing an unreasonable search burden.

Request No. 4: Objection on grounds of undue burden, overbreadth, and privacy. Seeking information about all domestic or foreign bank accounts held by multiple parties intrudes on confidential financial information and is not narrowly tailored to the proceeding.

Request No. 5: Objection on grounds of undue burden and relevance. Documents concerning payment applications or digital currencies used by others are irrelevant to Mr. Barrelet's role as a non-party and impose an excessive burden.

Request No. 6: Objection on grounds of undue burden, relevance, and overbreadth. Information about insurance policies owned by or covering multiple parties is irrelevant and overly broad.

Request No. 7: Objection on grounds of undue burden and relevance. Insurance claims by or against multiple parties are not germane to the adversary proceeding.

Request No. 8: Objection on grounds of undue burden and overbreadth. Documents concerning loans or accounts receivable are overly broad and not within Mr. Barrelet's custody.

Request No. 9: Objection on grounds of privilege and undue burden. Documents concerning legal fees may be protected by attorney-client privilege or work-product doctrine and are overly burdensome to produce.

Request No. 10: Objection on grounds of undue burden and relevance. Information about safe deposit boxes is irrelevant and not reasonably accessible to Mr. Barrelet.

Request No. 11: Objection on grounds of undue burden, overbreadth, and relevance. Documents concerning real estate used or owned by multiple parties are overly broad and irrelevant.

Request No. 12: Objection on grounds of undue burden and relevance. Information about vehicles is not relevant to the proceeding.

Request No. 13: Objection on grounds of undue burden, overbreadth, and privacy. Documents concerning income from any source are overly intrusive and not narrowly tailored.

Request No. 14: Objection on grounds of privilege, undue burden, and overbreadth. Communications with Judgment Debtors or Camshaft Entities may include privileged or confidential information and are overly broad.

Request No. 15: Objection on grounds of undue burden and lack of specificity. Identifying obligations reviewed or paid by Mr. Barrelet is vague and overly burdensome.

Request No. 16: Objection on grounds of undue burden and relevance. Documents concerning agency relationships are not relevant and impose an excessive burden.

Request No. 17: Objection on grounds of undue burden, overbreadth, and lack of specificity. Documents concerning any transactions or business conducted with multiple parties are overly broad and vague.

Request No. 18: Objection on grounds of undue burden and relevance. Organizational documents for Camshaft Entities are not within Mr. Barrelet's possession and are irrelevant.

Request No. 19: Objection on grounds of undue burden, overbreadth, and lack of specificity. Documents identifying transfers or payments among multiple parties are overly broad and burdensome.

RESERVATION OF RIGHTS Mr. Barrelet reserves the right to supplement or amend this objection as additional information becomes available or if the Judgment Creditor clarifies or modifies the subpoena. Mr. Barrelet also reserves the right to seek sanctions, including reasonable attorney's fees and costs, under Fed. R. Civ. P. 45(d)(1) for any undue burden or expense caused by the subpoena.

REQUEST FOR RELIEF Mr. Barrelet respectfully requests that the Court quash the subpoena in its entirety pursuant to Fed. R. Civ. P. 45(d)(3)(A) due to its undue burden, overbreadth, lack of specificity, and non-compliance with geographical limits. Alternatively, Mr. Barrelet requests that the Court modify the subpoena to narrow its scope to specific, relevant documents within his possession, custody, or control.

Dated: April 23, 2025, Los Angeles, California

Respectfully submitted,                                    LAW OFFICE OF JORGE I. HERNANDEZ

/s/ Jorge I. Hernandez

Jorge I. Hernandez, Esq.
823 Anchorage Place
Chula Vista, CA 91914
Ph: (619) 985-0348
E-Mail: Jorge@jihlaw.com

Counsel for Non-Party Blaise P. Barrelet

CERTIFICATE OF SERVICE I hereby certify that on April 23, 2025, a true and correct copy of the foregoing Objection was served via email on Kate Scherling, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, and on all parties entitled to notice via the Court's CM/ECF system or as otherwise required by Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9016.